

**OFFICE OF THE DEPUTY COMMISSIONER - LEGAL MATTERS**

# LEGAL BUREAU BULLETIN

Vol. 51, No. 2 — August 2022

## New York State Restrictions on Carrying Concealed Firearms

### Key Points

- Possessing a firearm in New York City requires a special license issued by the New York City Police Department.
- Carrying a firearm in New York City requires a concealed carry license issued by the New York City Police Department.
- Anyone carrying a firearm is presumed to be carrying unlawfully until proven otherwise.
- License holders are required to carry their license when carrying a firearm and must provide their license to law enforcement upon request.
- Recent changes in law do not impact the way officers conducts investigative encounters. Officers may stop an individual when the officer has reasonable suspicion that an individual is carrying a firearm (Level 3) and may frisk that individual since the officer has reasonable suspicion that the individual is armed and dangerous.

### Overview

It is a crime in New York State (NYS) to possess a firearm without a firearms license. Since the early 1900s, NYS required people who wanted a license to carry a firearm to demonstrate a particular need to carry a gun – such as threats, attacks, or other extraordinary danger to personal safety. On June 23, 2022, the United States Supreme Court (SCOTUS) ruled that New York State cannot require people to demonstrate a particular need for a carry license, but may still require a license.[1]

Specifically, the Court stated that: (1) state and local governments are still authorized to require people to obtain licenses in order to lawfully carry guns, and (2) state and local governments may continue to have criteria that must be met before a license will be issued. For these reasons, the SCOTUS decision does not affect the legal requirement that those who want to carry a firearm in New York City must still obtain a license from the New York City Police Department's License Division, with some exceptions.[2]

---

[1] *New York State Rifle & Pistol Assn., Inc. v Bruen*, 142 S.Ct. 2111 (2022).

[2] See Penal Law Section 400.00(6) which says that a handgun license issued in New York State is valid throughout the state, except in New York City, where a special permit is granted by the Police Commissioner. Exceptions to this rule apply to those who: (1) have a lawfully-issued firearms license from another state, (2) are traveling through New York City in a continuous and

1   Exhibit "6"

After the SCOTUS ruling, New York State passed new laws that prohibit people who are licensed to carry firearms from bringing their firearms to certain locations. This bulletin outlines the new laws which take effect on September 1, 2022.

It is important to note that possessing a firearm *without* a license continues to be a crime in New York State. Also, the SCOTUS decision does not change the Department's training or guidance on investigative encounters. Officers may stop an individual when the officer has reasonable suspicion that an individual is carrying a firearm (Level 3) and may frisk that individual since the officer has reasonable suspicion that the individual is armed and dangerous.

## Sensitive vs. Restricted Locations

The new law designated certain locations as "sensitive" and others as "restricted."

- **Sensitive Locations**: Even though a person may be licensed to carry a firearm, they *may not* bring a firearm to a "sensitive" location. The list of sensitive locations is outlined below. However, there are exceptions:
    - **Active and Retired Law Enforcement**: May bring firearms to sensitive locations, as long as they are lawfully carrying the firearm.
    - Additional exceptions are outlined below.

- **Restricted Locations**: All private property (residential and commercial) that is not on the sensitive location list is considered "restricted." People who are licensed to possess firearms *may not* bring firearms to a restricted location unless they get permission from the property owner. However, there are exceptions:
    - **Off-Duty Active Law Enforcement and Retired Law Enforcement**: May bring firearms to restricted locations without getting permission from the property owner, so long as they are lawfully carrying the firearm. However, if the owner expressly prohibits all firearms on the property, they *may not* bring firearms onto the property.
    - Additional exceptions are outlined below.

- **On-Duty Law Enforcement**: There are *no* restrictions at either sensitive or restricted locations for on-duty law enforcement. Owners *may not* prohibit on-duty law enforcement from carrying firearms on their property.

## Sensitive Locations

Under new Penal Law § 265.01-e, it is a class E felony for a person, even if they have a license, to possess a firearm, rifle or shotgun in a "sensitive location." However, there are some exceptions to this rule as outlined below.

---

uninterrupted fashion, and (3) the firearm is stored in a locked container. Exceptions also exist for retired police officers and federal law enforcement officers, licensed New York State peace officers, and others.

**The following are sensitive locations:**

- Government buildings or property used for government administration (i.e., courts, City Hall, city agencies)
- Hospitals, doctor's offices, health clinics, urgent care facilities, substance abuse or mental health screening and treatment centers, or other behavior health services
- Places of worship
- Public libraries, parks, playgrounds, and zoos
- Facilities where child care, daycare, after-school programs or foster care are administered
- All public and private schools, including college and university buildings and campuses, as well as preschools, nursery schools, and summer camps
- All shelters for homeless, youth or domestic violence victims, or areas where domestic violence services are provided
- Adult care, nursing homes or assisted living facilities, veteran homes or school-based health centers
- On public transportation and in public transportation facilities including buses, bus terminals, subways, subway stations, trains, train stations, ferries, ferry terminals, airports, etc.
- Any establishment where on-premises consumption of alcohol or cannabis is authorized, such as a bar, restaurant or cannabis lounge
- In or on the grounds of performing arts centers, theaters, stadiums, arenas, racetracks, museums, art galleries, amusement parks, banquet and catering halls, and casinos
- Any location being used as a polling location
- Any public sidewalk or public area that is restricted from general public access by a government entity for a limited time or for an authorized event such as a parade or outdoor concert (signs **must** be posted alerting the public that the area is temporarily a sensitive location)
- Protests, demonstrations, marches, or any assembly where individuals are gathered to collectively express their constitutional rights of free speech
- Times Square, as the area will be designated by signage[3]

**Exceptions:** The following individuals *are allowed* to possess a firearm in sensitive locations:[4]

- Off-duty active police officers
- Retired police officers who are lawfully carrying
- Active peace officers employed in NYS

---

[3] For the purposes of section 265.01-e of the Penal Law, Times Square means and includes the following two tracts: (i) the tract in Manhattan including and bounded on the west by the west side of Eighth Avenue, on the south by the south side of West Fortieth Street, on the east by the east side of Sixth Avenue, and on the north by the north side of West Fifty-third Street; and (ii) the tract in Manhattan including and bounded on the west by the west side of Ninth Avenue, on the south by the south side of West Fortieth Street, on the east by the east side of Eighth Avenue, and on the north by the north side of West Forty-eighth Street.

[4] See Penal Law Section 265.01-e(3) for full list of exceptions. If a person operates a licensed or certified program, such as a daycare or health services, in their home, they may possess a firearm in their home so long as the possession is lawful and does not violate the terms of the program's license or certificate. This exception only applies to the operator of the program.

3

- Licensed security guards while on duty
- Armored truck guards while on duty
- Judges, licensed to possess a firearm, while in the course of their official duties
- Corrections officers in the course of their official duties
- Active-duty military personnel

## Restricted Locations

Under new Penal Law § 265.01-d, it is a class E felony for a person, even if they have a license, to possess a firearm, rifle or shotgun at a "restricted location" unless permission is granted by the owner or lessee of the property. However, retired law enforcement and off-duty law enforcement may bring firearms to restricted locations without getting express permission from the property owner, but if the owner expressly prohibits all firearms on the property, they may not bring firearms onto the property. Note that owners *may not* prohibit on-duty law enforcement from carrying firearms on their property. Additional exceptions are outlined below.

Property owners and lessees who want to authorize lawful firearms holders to bring firearms onto the property may post clear and conspicuous signs granting permission. Owners may also give express permission to individual people.

**The following are restricted locations**:

- All residential property
- All commercial property including stores and businesses which are not on the sensitive location list noted above[5]

**Exceptions: The following individuals *are allowed* to possess firearms at restricted locations without express permission from the owner:** [6]

- Off-duty active police officers
- Retired police officers who are lawfully carrying
- Active peace officers employed in NYS
- Licensed security guards while on duty
- Armored truck guards while on duty
- Judges, licensed to possess a firearm, while in the course of their official duties
- Corrections officers in the course of their official duties
- Active-duty military personnel

However, if a property owner expressly prohibits firearms on their property, the individuals listed above must comply. If they do not, they may be committing trespass.[7] Remember, owners *may not* prohibit on-duty law enforcement from carrying firearms on their property.

---

[5] For example, since a bar that is licensed by the NYS Liquor Authority is a "sensitive" location under Penal Law Section 265.01-e, the owner may not give customers permission to bring licensed firearms onto the premises.
[6] See Penal Law 265.01-d(2) for full list of exceptions.
[7] If any such individuals bring a firearm onto private property against the owner's articulated wishes, they may be committing a trespass. However, they are not violating § 265.01-d, because they are not required to get an owner's permission before bringing a firearm onto their property.

## Storage of Licensed Firearms

As of September 1, 2022, individuals who are licensed to possess or carry a firearm are prohibited from *storing*[8] a rifle, shotgun, or firearm in a vehicle unless the ammunition has been removed and locked in a safe storage box that is not visible from outside of the vehicle. A glove compartment *does not* qualify as a safe storage box. This law applies to all people who are licensed to carry firearms. A violation of this law is a class A misdemeanor.

## Investigative Encounters

This Supreme Court decision does not change the way the Department conducts investigative encounters. **People who are carrying firearms in New York State are presumed to be doing so unlawfully, until proven otherwise**. Officers may stop an individual when the officer has reasonable suspicion that such individual is carrying a firearm (Level 3) and may frisk that individual since the officer has reasonable suspicion that the individual is armed and dangerous. Officers may conduct a common law right of inquiry (Level 2) if they have founded suspicion that the individual is carrying a firearm. Officers may effect an arrest of an individual when the officer has probable cause that the individual is carrying a firearm without being licensed to do so. Officers are reminded that under New York State law, all firearms license holders are required to carry their license while carrying a firearm and must produce their license to law enforcement upon request.

## Pending Legislation

At this time, the New York City Council is drafting proposed legislation that may impact the guidance provided in this bulletin. If the draft legislation becomes law, this bulletin will be amended.

## Summary

- Unlicensed firearm possession in New York State is still a crime under the Penal Law.
- New laws place restrictions on where firearm license holders may carry firearms.
- None of the changes in law impact an officer's ability to carry a firearm in the course of their duties at any location.
- No changes are being made to the way the Department conducts investigative encounters.
- License holders are required by law to provide their firearm license to law enforcement upon request.
- Officers should carefully review and understand the above concepts as a result of these new laws. Questions regarding the contents of this Bulletin may be directed at the Legal Bureau by contacting 646-610-5400. The Legal Bureau will update this bulletin as the laws on this subject continue to develop.

---

[8] This prohibition applies when the firearm is left in a vehicle that is not attended by the firearm license holder.