IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IVAN ANTONYUK, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 1:22-cv-00986 (GTS/CFH) |
| v. ) | |
| ) | |
| KATHLEEN HOCHUL, in her Official ) | |
| Capacity as Governor of the State of New ) | |
| York, et al. ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## ORDER TO SHOW CAUSE

JUDGE GLENN T. SUDDABY, United States District Judge

**THIS MATTER** before the Court upon the Motion of Plaintiffs for a Temporary Restraining Order ("TRO") and Preliminary Injunction and/or Permanent Injunction ("PI") and Order to Show Cause why a TRO and PI should not issue.

**THE COURT NOTING** that, Plaintiffs, which include four individuals with unrestricted carry permits, one individual with an "employment" restricted permit, and one individual who has not been allowed to even apply yet, allege that their constitutional rights have been violated by New York's Concealed Carry Improvement Act ("CCIA"). The five Plaintiffs with permits allege that the CCIA violates their Second Amendment rights to public carry by essentially making their permits useless and not allowing carry in a plethora of places that prior to the CCIA, Plaintiffs could carry. The sixth Plaintiff, without a permit, alleges that the CCIA violates his First, Second

and Fifth Amendment rights in that the CCIA unconstitutionally requires him to surrender his First and Fifth Amendment rights simply to apply for a permit, thus violating his Second Amendment rights because he cannot apply for a permit without surrendering his other constitutional rights. Additionally, this Plaintiff alleges Defendant Sheriff Conway will not even accept his application because he does not accept "incomplete applications" and does not have an appointment to even allow this Plaintiff to apply for a permit until October 2023.

**THE COURT NOTING** that Plaintiffs have requested that Defendants be temporarily restrained and preliminarily and permanently enjoined from enforcing the challenged requirements of the CCIA.

**THE COURT NOTING** that Plaintiffs seek the aforementioned relief immediately, or otherwise they will be subject to arrest, prosecution for felony crimes, loss of their Second Amendment rights for life, and other irreparable injuries for their stated "intent" to violate numerous provisions of the CCIA.

**THE COURT FINDING** that Plaintiffs have provided sufficient reasons why the Court should employ an expedited procedure under Local Rule 7.1(e) given the immediacy of Plaintiffs' application and alleged harms.

**IT IS HEREBY ORDERED THAT**:

1) Defendants SHOW CAUSE why a temporary restraining order and preliminary and permanent injunction should not be issued under Federal Rule of Civil Procedure 65 granting Plaintiffs the following relief:

    a. Enjoining Defendants from enforcing the challenged provisions of the Concealed Carry Improvement Act, including the "sensitive locations" and "restricted locations," and the provisions requiring applicants to prove "good moral character," providing the licensing officials three years of social media, attending an in person interview without the benefit of constitutional protections, the requirement to list the applicant's family members on a carry license application, providing "character references," "such other information" as required by the licensing official, and the requirement that applicants for carry licenses obtain 4.5 times the amount of training previously required in New York.

2) Defendants shall submit a brief on this issue of no more than ___ pages on or before _____.

3) The Court shall hold a temporary restraining order hearing at _____.

4) If either party wishes to introduce testimony at the hearing, it must provide reasonable advance notice to the Court and the other party prior to the _____, 2022 hearing.

5) Plaintiffs must serve a copy of this Order and the papers on which it is based on Defendants on or before _____, 2022.

DATED:

                                        _____
                                        United States District Judge