

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

**LETITIA JAMES**
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

October 12, 2022

**By ECF**

The Honorable Glenn T. Suddaby
United States District Court
Northern District of New York
Federal Building and U.S. Courthouse
P.O. Box 7367
Syracuse, NY 13261-7367

Re:     *Antonyuk, et al. v. Hochul, et al.*, No. 1:22-CV-986 (N.D.N.Y) (GTS/CFH)

Dear Judge Suddaby,

This Office represents Defendants Kathy Hochul, in her official capacity as Governor of the State of New York, Kevin P. Bruen, in his official capacity as Superintendent of the New York State Police, and Matthew J. Doran, in his official capacity as Judge of the Onondaga County Court and Licensing Official for Onondaga County (collectively, the "State Defendants"), in the above-referenced action.

I write to ask leave to file a 95-page memorandum of law in opposition to Plaintiff's motion for a preliminary injunction, ECF No. 6. Plaintiffs consent to the request, as do Defendants Fitzpatrick, Conway, Cecile, Oakes, and Hilton. (Counsel for Defendant Stanzione did not respond to the request, and Defendant Soares has not appeared in the case.) Plaintiffs have asked that the length of their reply be extended to 50 pages and that their deadline to file be extended to Saturday, October 22, and the State Defendants consent to both of those extensions.

The additional space is necessary to address the many prongs of the Plaintiffs' challenge to the Concealed Carry Improvement Act, to which they have added multiple additional arguments since the first litigation between the parties. Plaintiffs' papers include a 73-page, 265-paragraph Complaint, ECF No. 1, supported by 104 pages of declarations and exhibits, ECF Nos. 1-1 through 1-10, and 57 pages of moving papers, ECF No. 6. In addition, the State Defendants must respond to the 53-page opinion issued by the Court on Thursday. Given that opinion's holding, the State Defendants are required to address each of the categories of sensitive places understood to be protected in American history and tradition, and each of the specific sensitive places that the Court

Hon. Glenn T. Suddaby
October 12, 2022
Page 2 of 2

indicated that it was inclined to enjoin.  This requires a significantly larger memorandum than the 65-page brief filed in the <u>Antonyuk I</u> matter.

Enlarging the briefing will assist the Court by ensuring a full presentation of the history and precedent supporting each of the challenged measures. Justice Brandeis once wrote that reaching a fair resolution involves making sure "the case before [the Court] is adequately presented," Brandeis, "The Living Law," 10 Ill. L.Rev. 461, 470 (1916), and that only occurs when there are "comprehensive briefs and powerful arguments on both sides." <u>Adamson v. California</u>, 332 U.S. 46, 59 (1946) (Frankfurter, J., concurring). New York asks for sufficient space to fully and fairly address each of the multiple challenges Plaintiffs raise, and to effectively provide the historical analysis called for in the <u>Bruen</u> opinion.

We thank the Court for its time and consideration of this matter.

Respectfully submitted,

LETITIA JAMES
Attorney General
State of New York
Attorney for the State Defendants

By: _____
James M. Thompson
Special Counsel
Bar Roll No. 703513
28 Liberty Street
New York, NY 10005
(212) 416-6556
james.thompson@ag.ny.gov

*s/ Michael McCartin*

Michael G. McCartin
Assistant Attorney General | Special Counsel
Bar Roll No. 511158
(518) 776-2620
Michael.McCartin@ag.ny.gov

cc: All Counsel of Record (by ECF)