IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

IVAN ANTONYUK, COREY JOHNSON, ALFRED )
TERRILLE, JOSPEH MANN, LESLIE LEMAN, )
and LAWRENCE SLOANE, )
          )
          ) Civil Action No.
          )   1:22-cv-986(GTS/CFH)
                      Plaintiffs, )
          )
-against- )   **ANSWER**
          )
KATHLEEN HOCHUL, in her Official Capacity as )
Governor of the State of New York, KEVIN P. BRUEN, )
in his Official Capacity as Superintendent of the New York )
State Police, Judge MATTHEW J. DORAN, in his Official )
Capacity as the Licensing-official of Onondaga County, )
WILLIAM FITZPATRICK, in his Official Capacity as )
the Onondaga County District Attorney, EUGENE )
CONWAY, in his Official Capacity as the Sheriff of )
Onondaga County, JOSEPH CECILE, in his Official )
Capacity as the Chief of Police of Syracuse, P. DAVID )
SOARES in his Official Capacity as the District Attorney )
of Albany County, GREGORY OAKES, In his Official )
Capacity as the District Attorney of Oswego County, )
DON HILTON, in his Official Capacity as the )
Sheriff of Oswego County and JOSEPH STANZIONE, in )
His Official Capacity as the District Attorney of Greene )
County, )
                      Defendants.
-----------------------------------------------------------------------X

Joseph Stanzione, in his official capacity as the District Attorney in and for the County of Greene (Defendant), as and for an answer to the complaint of Ivan Antonyuk, et al, by and through counsel, answers as follows:

    1.  Defendant admits the allegations contained in Paragraph Nos.:

         a.  (9) to the extent that Kathleen Hochull is governor of the State of New York;

         b.  (18), to the extent that Defendant is the duly elected District Attorney in and for the County of Greene, State of New York;

    c.  (25) to the extent that Defendant agrees that the language of the United States Constitution, 2nd Amendment, speaks for itself;

    d.  (48) to the extent that there are statutory requirements necessary to purchase and possess a handgun in the State of New York;

    e.  (50) to the extent that that the New York Safe Act was enacted in 2013;

    f.  (51) to the extent that certain ammunition magazines are prohibited under the New York State Penal Law;

    g.  (52) to the extent that the State of New York requires a background check for firearm transfers;

    h.  (66) to the extent that Exhibit I of the Complaint is a copy of text from the Concealed Carry Improvement Act ("CCIA"), which speaks for itself;

    i.  (84) to the extent that it contains text from New York State Penal Law section 265.01-e, which speaks for itself.

2. Defendant lacks knowledge and information sufficient to form an opinion as the truth of the allegations contained in Paragraphs Nos. 1-265, except for the admissions set forth in Defendant's Answer Paragraph No.: 1 above.

3. Defendant is not required to respond to any of the legal and non-legal conclusions alleged throughout the Complaint.

AS AND FOR A FIRST AFFIRMATIVE DEFENSE

4. The complaint fails to state a cause of action upon which relief can be granted.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE

5. Defendant has qualified immunity from any claim of the Plaintiffs arising out of any good faith act or omission in the performance of his governmental duties.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

6. Plaintiffs herein are not aggrieved parties to any action(s) on the part of the Defendant herein.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

7. Plaintiffs have not suffered any damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

8. District Attorneys in the State of New York are vested with prosecutorial discretion relative to alleged violations of New York State Law.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

9. Greene County nor the Office of the Greene County District Attorney have any policy(ies) and/or custom(s) which deprive citizens of their Constitutional rights.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

10. The instant Complaint is violative of the General Rules of Pleading pursuant to Federal Rules of Civil Procedure:

    a. Rule 8( a) (1) in that the Complaint fails to contain a short and plain statement of the grounds for the Court's Jurisdiction;

    b. Rule 8(a)(2);  in that the Complaint fails to contain a short and plain statement showing that the pleader is entitled to the relief requested;

    c. Rule 8(d)(1) in that the allegations contained within the Complaint are not simple, concise and direct.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

11. Defendant herein has taken no steps nor made any statement(s) relative to the enforcement of the CCIA as against the Plaintiffs herein; thus he is not a properly named

3

party.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

12. Defendant herein has sworn to uphold the Constitution of the United States of America

and the Constitution of the State of New York and has taken no action(s) violative of that

oath.

**WHEREFORE**, Defendant herein demands judgment dismissing the Complaint in its entirety

together with costs and disbursements of this action and such other and further relief as this

Court may deem just and proper.

Dated:    October 13, 2022

 

EDWARD I. KAPLAN, Esq.
Greene County Attorney
Attorney for Defendant, Joseph Stanzione,
in his Official Capacity as District Attorney
of Greene County
411 Main Street, Suite 443
Catskill, NY 12414
518-719-3540
countyattorney@greenecountyny.gov
NDNY Bar Roll #520650

TO:    STEPHEN S. STAMOULIEH, Esq.
Stamboulieh Law, PLLC.
PO Box 428
Olive Branch, MS  38654
(601)852-3440
stephen@sdslaw.us
NDNY Bar Roll #520383

4

ROBERT J. OLSON, Esq.
William J. Olson, P.C.
370 Maple Avenue West, Suite 4
Vienna, VA   22180-5615
703-356-5070 (T)
703-356-5085 (F)
wjo@mindspring.com
NDNY Bar Roll #703779