# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IVAN ANTONYUK; COREY JOHNSON; ALFRED TERRILLE; JOSEPH MANN; LESLIE LEMAN; and LAWRENCE SLOANE,<br><br>   Plaintiffs,<br> v.<br><br>KATHLEEN HOCHUL, in her Official Capacity as Governor of the State of New York; KEVIN P. BRUEN, in his Official Capacity as Superintendent of the New York State Police; JUDGE MATTHEW J. DORAN, in his Official Capacity as Licensing-Official of Onondaga County; WILLIAM FITZPATRICK, in his Official Capacity as the Onondaga County District Attorney; EUGENE CONWAY, in his Official Capacity as the Sheriff of Onondaga County; JOSEPH CECILE, in his Official Capacity as the Chief of Police of Syracuse; P. DAVID SOARES, in his Official Capacity as the District Attorney of Albany County; GREGORY OAKES, in his Official Capacity as the District Attorney of Oswego County; DON HILTON, in his Official Capacity as the Sheriff of Oswego County; and JOSEPH STANZIONE, in his Official Capacity as the District Attorney of Greene County,<br><br>   Defendants. | Civil Action No. 1:22-CV-986 (GTS/CFH) |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS PLAINTIFF JOSEPH MANN'S COMPLAINT

                  **BARCLAY DAMON LLP**
                  Edward G. Melvin II
                  J.J. Pelligra
                  *Attorneys for Co-Defendants*
                  *Oakes and Hilton*
                  125 East Jefferson Street
                  Syracuse, New York 13202
                  Telephone: (315) 425-2700

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ................................................................................................. 1

**STATEMENT OF FACTS** ....................................................................................................... 3

**LEGAL STANDARD UNDER RULE 12(b)(1)** ..................................................................... 3

**ARGUMENT** ............................................................................................................................. 4

    **PLAINTIFF MANN HAS FAILED TO ALLEGE THAT HE HAS SUFFERED, OR IS AT SUBSTANTIAL RISK OF SUFFERING, AN INJURY IN FACT BY VIRTUE OF A CREDIBLE THREAT OF PROSECUTION UNDER THE CCIA; AS A RESULT, PLAINTIFF MANN LACKS STANDING** ................................................................ 4

**CONCLUSION** ......................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**                                                                                                     **Page(s)**

*Antonyuk v. Bruen,* No. 1:22-CV-0734 (GTS/CFH), 2022 U.S. Dist. LEXIS 157874 (N.D.N.Y. Aug. 31, 2022) .................................................................................................. 5, 7, 8

*Carter v. HealthPort Techs., LLC*, 822 F.3d 47 (2d Cir. 2016) ...................................................... 3

*Cayuga Nation v. Tanner*, 824 F.3d 321 (2d Cir. 2016) ................................................................ 5

*Davis v. FEC*, 554 U.S. 724 (2008) ............................................................................................... 4

*Does 1-10 v. Suffolk Cty.*, 2022 U.S. App. LEXIS 19094 (2d Cir. July 12, 2022) ..................... 6, 8

*Frey v. Bruen,* 2022 U.S. Dist. LEXIS 31053 (S.D.N.Y. Feb. 22 2022) ........................................ 9

*Knife Rights., Inc. v. Vance*, 802 F.3d 377 (2d Cir. 2015) ............................................................. 6

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) .................................................................... 4

*Makarova v. United States*, 201 F.3d 110 (2d Cir. 2000) .............................................................. 3

*Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422 (2007) ...................................... 3

*Wang v. Bethlehem Cent. Sch. Dist*., 2022 U.S. Dist. LEXIS 140153 (N.D.N.Y. Aug. 8, 2022) .. 4

**PRELIMINARY STATEMENT**

This Memorandum of Law is respectfully submitted on behalf of Defendant Gregory Oakes, in his Official Capacity as the District Attorney of Oswego County, and Defendant Don Hilton, in his Official Capacity as the Sheriff of Oswego County (collectively "Co-Defendants Oakes and Hilton") in support of their motion brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P." or "Rule") to dismiss the claims and requested relief of Plaintiff Joseph Mann as against Co-Defendants Oakes and Hilton. In short, the Court lacks subject matter jurisdiction over Co-Defendants Oakes and Hilton.

As the Court is well aware, this is the second pre-enforcement challenge to the Concealed Carry Improvement Act ("CCIA") made by Plaintiff Ivan Antonyuk. *See Antonyuk et al. v. Bruen et al*, 22-CV-0734 (N.D.N.Y. Aug. 31, 2022) ("*Antonyuk I*"). On July 11, 2022, Plaintiffs Ivan Antonyuk, Gun Owners of America, Inc., Gun Owners Foundation, and Gun Owners of America New York, Inc. filed a complaint against Defendant Kevin P. Bruen, in his Official Capacity as Superintendent of the New York State Police, which challenged the constitutionality of the CCIA. *See id.* at Dkt. No. 1. In *Antonyuk I,* the plaintiffs asserted four constitutional claims under the First, Second, and Fourteenth Amendment (pursuant to 42 U.S.C. § 1983) which disputed various aspects of the CCIA. *See id.* However, on August 31, 2022, on a motion for a temporary restraining order and preliminary injunction, the Court *sua sponte* dismissed *Antonyuk I* in its entirety without prejudice because, among other reasons, Plaintiff Antonyuk lacked standing. *See id.* at Dkt. No. 48 ("Decision I").

Thereafter, on September 20, 2022, Plaintiffs Ivan Antonyuk; Corey Johnson; Alfred Terrille, Joseph Mann; Leslie Leman; and Lawrence Sloane (collectively "Plaintiffs") filed a second complaint (the "Complaint") against a number of defendants, including Co-Defendants

Oakes and Hilton, who are sued in their official capacities as Oswego County District Attorney and Oswego County Sheriff, respectively. *See* Dkt. No. 1.

In their second Complaint, Plaintiffs generally assert three similar constitutional claims against Defendants under the First Second, Fifth, and Fourteenth Amendments (pursuant to 42 U.S.C. § 1983), all of which challenge nine different aspects of the CCIA. Also similar to *Antonyuk I*, on September 22, 2022, Plaintiffs filed an emergency motion for a temporary restraining order and preliminary injunction pursuant to Rule 65 against Defendants to prevent enforcement of the CCIA before it goes into effect. *See* Dkt. No. 6. After briefing and oral argument concluded on the motion, the Court issued its Decision and Order but, this time, granted the motion in part. *See* Dkt. No. 27. As part of its Decision and Order, and in contrast to his prior holdings in Decision I, the Court determined that, "Plaintiffs have sufficiently shown that they each have standing and that each Defendant is a proper party for the reasons stated in their Complaint, declarations, motion papers, and oral argument." *See id.*

Subsequently, on October 6 and 10, 2022, Defendants Hochul, Bruen, Doran, and Cecile filed Notices of Appeal to the Second Circuit concerning Decision II. *See* Dkt. No. 28, 31. On October 6, 2022, Defendants-Appellants Hochul, Bruen, and Doran requested a stay of the Court's Decision and Order that granted Plaintiffs' motion in part pending the appeal. *See Antonyuk et al v. Hochul et al,* 22-2379 at Dkt. No. 40. On October 12, 2022, the Second Circuit issued an Order, which referred said motion for a stay pending appeal to a three-judge motions panel, and stayed Judge Suddaby's Decision and Order temporarily pending a decision by said motion panel. *See id.*

On October 13, 2022, Co-Defendants Oakes and Hilton filed the present motion to dismiss for lack of standing pursuant to Rule 12(b)(1) against Plaintiff Joseph Mann. In short, Plaintiff

Mann's claims and requested relief in the Complaint should be dismissed in their entirety for those very same reasons that *Antonyuk I* was *sua sponte* dismissed for lack of subject matter jurisdiction in Decision I – because Plaintiff Mann fails to allege facts demonstrating any credible threat of prosecution by Co-Defendants Oakes and Hilton. In this regard, rather than allege facts stating that he has been threatened with arrest or prosecution, Plaintiff Mann engages in speculation.

For these reasons and those stated more fully herein, Co-Defendants Oakes and Hilton request that this Court issue an Order granting their motion.

## STATEMENT OF FACTS

Because this is a motion to dismiss pursuant to Rule 12(b)(1), the operative statement of facts are the facts alleged in Plaintiffs' Complaint. *See* Dkt. No. 1 ("Complaint").

## LEGAL STANDARD UNDER RULE 12(b)(1)

Pre-answer motions to dismiss for lack of standing are governed by Rule 12(b)(1). *See* Fed R. Civ. P. 12(b)(1) (permitting dismissal for "lack of subject-matter jurisdiction"); *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016) (noting that a plaintiff must have standing under Article III of the Constitution to invoke a federal court's subject-matter jurisdiction). "[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit ([i.e.,] subject-matter jurisdiction). . . ." *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

# ARGUMENT

**PLAINTIFF MANN HAS FAILED TO ALLEGE THAT HE HAS SUFFERED, OR IS AT SUBSTANTIAL RISK OF SUFFERING, AN INJURY IN FACT BY VIRTUE OF A CREDIBLE THREAT OF PROSECUTION UNDER THE CCIA; AS A RESULT, PLAINTIFF MANN LACKS STANDING.**

<u>Standing</u>

The requirement that a claimant have "standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "Standing is ***not*** dispensed in gross. Rather, [each] plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought. *Davis v. FEC*, 554 U.S. 724, 734 (2008) (emphasis added) (internal marks omitted) (quoting *Lewis v. Casey*, 518 U.S. 343, 358, n.6 (1996); *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 185 (2000))); *see also Wang v. Bethlehem Cent. Sch. Dist.*, 2022 U.S. Dist. LEXIS 140153, *12 (N.D.N.Y. Aug. 8, 2022) (Kahn, S.J.) ("[S]tanding is ***not*** dispensed in gross, and, accordingly, a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." (emphasis added)).[1]

"To establish Article III standing, a plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *Antonyuk v. Bruen, No.* 1:22-CV-0734

---

[1] Co-Defendants Oakes and Hilton note that, in its Decision and Order on Plaintiffs' motion for a temporary restraining order and preliminary injunction in the present action, the Court held that, "[w]ith regard to all Plaintiffs, the Court observes that only 'one plaintiff [need] have standing to seek each form of relief requested in the complaint." *See* Dkt. No. 27 at 15 (citing *Davis v. Federal Election Comm'n,* 554 U.S. 724, 734 (2008)). Thereafter, the Court concluded that all of the Plaintiffs had standing for all causes of action asserted in the Complaint because, "with regard to each form of relief requested in the complaint, at least one Plaintiff has standing for the reasons stated by Plaintiffs." *See id.* However, Defendants respectfully disagree with this analysis. In fact, Defendants assert that the opposite was found by the U.S. Supreme Court in *Davis*. In *Davis*, the Supreme Court explicitly held that "standing is ***not*** dispensed in gross. Rather, a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought. *See Davis,* 554 U.S. at 734 (emphasis added) (citations and internal marks omitted). In other words, the Supreme Court held that, simply because one plaintiff has shown standing for one claim, does not necessarily mean that the other plaintiffs will also have standing for that claim as a result. *See id.*

(GTS/CFH), 2022 U.S. Dist. LEXIS 157874, *44 (N.D.N.Y. Aug. 31, 2022) (internal marks omitted) (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157-58 (2014) (quoting *Lujan*, 504 U.S. at 560)). "The injury-in-fact requirement helps to ensure that the plaintiff has a personal stake in the outcome of the controversy." *Id.* (internal marks omitted) (quoting *Susan B. Anthony List*, 573 U.S. at 158 (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). "Accordingly, plain injury sufficient to satisfy Article III must be 'concrete and particularized' and 'actual or imminent,' not 'conjectural' or 'hypothetical.'" *Id*. (quoting *Susan B. Anthony List*, 573 U.S. at 158 (quoting *Lujan*, 504 U.S. at 560)).

Pre-enforcement challenges are "cognizable under Article III." *Cayuga Nation v. Tanner*, 824 F.3d 321, 331 (2d Cir. 2016). Where, as here, the plaintiff brings a "pre-enforcement challenge," the plaintiff "satisfies the injury-in-fact requirement where he alleges an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, ***and*** there exists a credible threat of prosecution thereunder." *Antonyuk,* 2022 U.S. Dist. LEXIS 157874 at *45 (emphasis added) (quoting *Susan B. Anthony List,* 573 U.S. at 158 (quoting *Babbitt v. Farm Workers*, 442 U.S. 289, 298 (1979))).[2] "[J]udicial precedent permits pre-enforcement review under circumstances that render the threatened enforcement sufficiently

---

[2] With respect to "intention," to show that the plaintiff "inten[ds] to engage in a course of conduct arguably affected with a constitutional interest," the plaintiff is not required "to confess that [they] will in fact violate the law." *Susan B. Anthony List,* 573 U.S. at 163 (citing *Babbitt*, 442 U.S. at 301). However, "'some day' intentions – without any description of concrete plans, or indeed even any specification of *when* the some day will be – do not support a finding of the 'actual or imminent' injury that our cases require." *Lujan*, 504 U.S. at 564 (emphasis in original); *see Frey v. Bruen*, 21-CV-5334, 2022 U.S. Dist. LEXIS 31053, *13 (S.D.N.Y. Feb. 22, 2022); *see also Antonyuk,* 2022 U.S. Dist. LEXIS 157874, at *45-46 (same). In Decision II, the Court stated that, at this stage, Plaintiff Mann has alleged facts demonstrating he has a "concrete intention to carry his firearm in his church (which is adjacent to his residence, where he possesses his firearm." *Atonyuk v. Hochul*, 2022 U.S. Dist. LEXIS 182965, *16 (N.D.N.Y. October 6, 2022). For purposes of this motion only, Co-Defendants Oakes and Hilton will assume arguendo that Plaintiff Mann has a concrete intention. As demonstrated below, however, this is not dispositive of standing, as Plaintiff Mann fails to demonstrate any credible threat of prosecution under the CCIA.

5

imminent." *Antonyuk,* 2022 U.S. Dist. LEXIS 157874 at *45 (quoting *Susan B. Anthony List,* 573 U.S. at 159).

Determining whether a plaintiff has alleged a "credible threat sufficient to satisfy the imminence requirement of injury in fact necessarily depends on the particular circumstances at issue." *Knife Rights., Inc. v. Vance*, 802 F.3d 377, 384 (2d Cir. 2015). To establish standing for a pre-enforcement challenge, an "allegation of future injury will be sufficient only if 'the threatened injury is certainly impending, or there is a substantial risk that the harm will occur.'" *Does 1-10 v. Suffolk Cty.*, 2022 U.S. App. LEXIS 19094, *7 (2d Cir. July 12, 2022) (quoting *Dorce v. City of New York*, 2 F.4th 82, 95 (2d Cir. 2021) (quoting *Susan B. Anthony List*, 573 U.S. at 158)). Fears of prosecution may not, for instance, be "imaginary or speculative." *Id.* (quoting *Vance*, 802 F.3d at 384 (quoting *Babbitt*, 442 U.S. at 298)). Further, the imminence requirement is not "evident where plaintiffs 'do not claim that they have ever been threatened with prosecution, that a prosecution is likely, or even that a prosecution is remotely possible.'" *Id*. (citations omitted); *see also Picard v. Magliano,* 42 F.4th 89, 98 (2d Cir. 2022) (quoting *Cayuga Nation,* 824 F.3d at 331) (holding that "'[t]he identification of a credible threat sufficient to satisfy the imminence requirement . . . necessarily depends on the particular circumstances at issue," and "will not be found where plaintiffs do not claim that they have ever been threatened with prosecution, that prosecution is likely, or even that a prosecution is remotely possible.'").

<u>Plaintiff Mann Does Not Have Standing Because He Has Never Been Threatened with Arrest or Prosecution for Violating the CCIA</u>

Even assuming arguendo that Plaintiff Mann has a sufficient "concrete intention," and assuming arguendo that Co-Defendants Oakes and Hilton are "proper defendants,"[3] Plaintiff

---

[3] In Decision II, the Court stated that Co-Defendants Oakes and Hilton argued that "Defendant Hilton is not a proper Defendant." *Antonyuk*, 2022 U.S. Dist. LEXIS 182965, at *17. Co-Defendants Oakes and Hilton note that they did <u>not</u> make this argument in their underlying submission (Dkt. No. 17) or at oral argument. In Decision I, the Court

6

Mann fails to allege facts demonstrating a "credible threat of prosecution." *See Antonyuk,* 2022 U.S. Dist. LEXIS 157874, at *45 (quoting *Susan B. Anthony List,* 573 U.S. at 158 (quoting *Babbitt v. Farm Workers*, 442 U.S. 289, 298 (1979))).

In Decision I, the Court correctly applied the law of standing (and its "credible threat" requirement) and held that Plaintiff Antonyuk lacked standing in part because the "Plaintiffs have adduced no factual allegations or admissible evidence that Plaintiff Antonyuk has ever been threatened with arrest and prosecution by law enforcement." *Antonyuk*, 2022 U.S. Dist. LEXIS 157874, *51.

In Decision II, however, the Court determined that Plaintiff Mann had standing in part based on generalized statements made by Co-Defendant Hilton, having no connection with any kind of threat of arrest to Plaintiff Mann. In his Declaration attached to the Complaint (Dkt. No. 1 (Attachment 9)), Plaintiff Mann alleges with respect to Co-Defendant Hilton as follows:

> Additionally, Sheriff Don Hilton of Oswego County, although pro-gun, highly critical of CCIA, expressing support of Second Amendment rights, and who states his belief the CCIA to be unconstitutional and that much will be struck down, nevertheless has also made statements about enforcement of the CCIA. For example, in a July 13, 2022 Facebook post, Sheriff Hilton stated that "I'll be clear, as long as I'm Sheriff in this county . . . we're going to be very conservative in enforcement of this law." However, even conservative enforcement is still enforcement. Likewise, in a July 20, 2022 Facebook post, the Sheriff explained how, "Under the new law, taking a legally licensed firearm into any sensitive area – such as a . . . church . . . is a felony punishable by up to 1 1/3 to 4 years in prison." In other words, the Sheriff specifically articulated how my intended conduct is a felony. Finally, in an August 31, 2022 Facebook post, the Sheriff warned that "If you own a firearm please be aware of these new laws as they will effect [sic] all gun owners <u>whether we agree with them or not</u>." (emphasis added by Plaintiff Mann.).

---

already stated (in dicta) that "authority exists for the point of law that the relevant local county district attorney and/or the relevant local county sheriff . . . might be a proper defendant (in his or her official capacity)." *Atonyuk*, 2022 U.S. Dist. LEXIS 157874, *42. Therefore for purposes of this motion (as well as at the temporary restraining order stage), Co-Defendants Oakes and Hilton assume arguendo that in the proper case, a district attorney and sheriff could possibly be proper defendants. In short, the argument is that even assuming arguendo that a district attorney and sheriff are proper defendants, Plaintiff Mann nevertheless fails to alleges facts demonstrating any threat of arrest or prosecution from Co-Defendants Oakes and Hilton.

*Id.*

Co-Defendant Hilton's generalized statements hardly suggest an imminent and credible threat of prosecution as against **Plaintiff Mann**. *See Atonyuk*, 2022 U.S. Dist. LEXIS 157874, at *51 ("Plaintiffs have adduced no factual allegations or admissible evidence that **Plaintiff Atonyuk** has ever been threatened with arrest and prosecution by law enforcement.") (emphasis added).

In similar case decided by the Second Circuit in July 2022, *Does 1-10 v. Suffolk County.,* 2022 U.S. App. LEXIS 19094, 2022 WL 2678876, at *3 (2d Cir. 2022), the Second Circuit held that the plaintiffs failed to establish standing where they did not allege a "credible threat sufficient to satisfy the imminence requirement . . . ." 2022 U.S. App. LEXIS 19094, *6-9. In *Does 1-10*, the plaintiffs brought a pre-enforcement "challenge to Suffolk County's alleged policy criminalizing possession of the Delta Level Defense CT4-2A[.]" *Id.* The Second Circuit found that the plaintiffs failed to show a credible threat of prosecution, despite the fact that they had received a notification from the Suffolk County Police Department that "the Delta Level Defense CT4-2A [was] 'not in compliance with the New York State Penal Law' and that Does 'may be subject to arrest and criminal charges' if they 'fail[ed] to present the weapon to the Suffolk County Police Department' upon receipt of the letter. *Id.* Because the plaintiffs did not allege that "any individual ha[d] been arrested or had their firearm forcibly confiscated for failing to comply with the Suffolk County Police Department's request . . . , or even that any purchaser of the [firearm] ha[d] been arrested or had their firearms forcibly confiscated by the Suffolk County Police Department," they failed to allege "that the threatened injury [wa]s certainly impending or that there [wa]s a substantial risk that they w[ould] be harmed[.]" *Id.* at *7-8.

Here, unlike the plaintiffs in *Does 1-10*, Plaintiff did not even receive a letter to him specifically threatening arrest and prosecution. If a specific letter and threat were insufficient to

demonstrate an imminent threat of arrest or prosecution, then generalized statements made by Co-Defendant Hilton (with absolutely no reference to Plaintiff Mann) clearly do not rise to the level of imminent and credible threats of prosecution necessary confer standing on Plaintiff Mann.

In *Frey v. Bruen*, a pistol license case, the Southern District of New York held that the plaintiffs did not have standing because they failed to allege facts demonstrating a "credible threat of prosecution." 2022 U.S. Dist. LEXIS 31053, *13-16 (S.D.N.Y. Feb. 22 2022) (finding no standing at preliminary injunction stage) and 2022 U.S. Dist. LEXIS 158282, *2-3 (S.D.N.Y. Sept. 1, 2022) (case dismissed against defendant under Rule 12(b)(1) for lack of standing for reasons set forth in the court's February 22 decision). In *Frey*, the court stated that the plaintiffs "have not alleged any facts showing that they have been prosecuted in the past or have been threatened with enforcement of any of the statutes they are challenging." 2022 U.S. Dist. LEXIS 31053, at *14. "Instead, Plaintiffs infer that because the Penal Laws exist, they will be prosecuted once they carry their firearms outside the confines of their licenses." *Id.* at *13. This was insufficient in *Frey*. *Id.* And it is insufficient here as well, where Plaintiff Mann relies on generalized statements of generalized enforcement by Co-Defendant Hilton, with no specific threat to Plaintiff Mann.

## CONCLUSION

For the foregoing reasons, Co-Defendants Oakes and Hilton respectfully request that the Court grant the present motion to dismiss Plaintiff Mann's Complaint in its entirety as to Co-Defendants Oakes and Hilton, together with such other and further relief as the Court deems just and proper.

**DATED**:  October 13, 2022				**BARCLAY DAMON, LLP**

By:   /s/ Edward G. Melvin II

Edward G. Melvin, II
Bar Roll No. 509037)
J.J. Pelligra
(Bar Roll No. 701404)

Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
Telephone:   (315) 425-2700
Facsimile:   (315) 425-2701
Email:       emelvin@barclaydamon.com
             jpelligra@barclaydamon.com

*Attorneys for Co-Defendants Oakes and Hilton*