# Ⓢ Stamboulieh Law, PLLC

P.O. Box 428, Olive Branch, MS  38654 | (601) 852-3440 | stephen@sdslaw.us

October 26, 2022

Hon. Glenn T. Suddaby                                                            *via ECF*
United States District Court
Northern District of New York
Federal Building and U.S. Courthouse
P.O. Box 7367
Syracuse, NY 13261-7367

      **Re:** *Antonyuk, et al. v. Hochul, et al.,* No. 1:22-CV-986 (N.D.N.Y) (GTS/CFH)

Dear Judge Suddaby:

      Please accept this letter as clarifying a restriction in the Concealed Carry Improvement Act that I believe the Court may have misunderstood me as conceding yesterday.[1]  During yesterday's hearing, during Plaintiffs' opening argument, I had attempted to make a distinction for Plaintiffs' challenge to subsection (o), restaurant carry.  While I do not have a transcript available, my intention was to make clear that, although asking the Court to strike subsection (o), we were not asking the Court to "approve" carrying while intoxicated.  However, this was not meant as a statement that Plaintiffs concede carrying a firearm in a restaurant that also serves alcohol is constitutional, or that the Plaintiffs were abandoning that challenge.

      Plaintiffs Terrille and Johnson announced their intent to carry in "restaurants that serve alcohol" in their Complaint (ECF 1 at ¶154, 176) and in their Declarations, Exhibit "2" at ¶¶11 and Exhibit "9" at ¶19.  Plaintiffs likewise summarized the "intent" to carry in "restaurants that serve alcohol (subsection o)."  Memorandum in Support of TRO/PI (ECF 6-1 at 3.)  Finally, Plaintiffs addressed with specificity "Places that Serve Alcohol" in their Reply Brief (ECF 69 at 35) (stating that "[n]o

---

[1] I base my conclusion that there may have been a misunderstanding speaking with other counsel after the hearing, who referenced the Court's comments to the State's Attorney, Mr. Thompson, when he began to address subsection (o), to the effect of "they are not challenging that, you can move on" or words similar to that effect.

Plaintiff asks this Court to authorize drunk carry, nor is that what the CCIA targets...").

Plaintiffs have not challenged places for cannabis consumption contained in subsection (o), but are challenging the ban on carrying in a restaurant that also happens to serve alcohol.

We thank the Court in advance for its consideration and I apologize for any confusion I may have caused.

Yours very truly,

Stephen D. Stamboulieh

cc: By ECF to all counsel of record.