# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IVAN ANTONYUK, *et. al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action No. 22-cv-00986 (GTS-CFH) |
| v. | ) |
| | ) |
| KATHLEEN HOCHUL, in her Official Capacity as Governor of the State of New York, *et. al.*, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS GREGORY OAKES AND DON HILTON'S MOTION TO DISMISS

# TABLE OF CONTENTS

PRELIMINARY STATEMENT..................................................................................1

RULE 12(b)(1) STANDARD.....................................................................................1

ARGUMENT..............................................................................................................2

I. Defendants Have Failed to Undermine Plaintiff Mann's Standing................................2

    A. Injury-In-Fact – Pastor Mann Has Alleged Clear Threats of Enforcement.............3

    B. Causal Connection Between the Injury and the Complained of Conduct.................7

    C. Likelihood that the Injury Will Be Redressed by a Favorable Decision...................9

    CONCLUSION........................................................................................................9

**PRELIMINARY STATEMENT**

On October 13, 2022 Defendants Gregory Oakes, the District Attorney of Oswego County, and Don Hilton, the Sheriff of Oswego County ("Defendants"), filed a Motion to Dismiss pursuant to F.R.Civ.P. Rule 12(b)(1), challenging the standing of Plaintiff Pastor Joseph Mann ("Pastor Mann") (ECF # 46, 46-2). The gist of Defendants' argument is that Pastor Mann has not credibly "been threatened with arrest or prosecution" by them, but rather "engages in speculation" about their intended enforcement of the Concealed Carry Improvement Act ("CCIA"). *See* Memorandum of Law in Support of Motion to Dismiss Plaintiff Joseph Mann's Complaint ("Mot."). at 3. Specifically, Defendants claim that Pastor Mann's allegations against them involve "generalized statements of generalized enforcement," rather than any "specific threat to" him. Mot. at 7, 9. On the contrary, the allegations in Pastor Mann's Declaration easily demonstrate that he faces a credible threat of arrest or prosecution, particularly in view of the facts that neither Defendant has disavowed enforcement of the CCIA and, in fact, Defendant Hilton made specific comments about his planned enforcement of the CCIA, including enforcement in specific relation to a church, the central focus of Pastor Mann's allegations.

**RULE 12(b)(1) STANDARD**

To survive a "Rule 12(b)(1) motion to dismiss," a plaintiff "must allege facts that affirmatively and plausibly suggest that it has standing to sue." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011). "In reviewing a facial attack to the court's jurisdiction, we draw all facts — which we assume to be true unless contradicted by more specific allegations or documentary evidence —from the complaint and from the exhibits attached thereto." *Id*. "To establish standing 'a plaintiff is constitutionally required to have suffered (1) a concrete, particularized, and actual or imminent injury-in-fact (2) that is traceable to defendant's conduct

1

and (3) likely to be redressed by a favorable decision.'" *Id.* (citing *Woods v. Empire Health Choice, Inc.*, 574 F.3d 92, 96 (2d Cir. 2009) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). These factors are met here.

## ARGUMENT

### I. Defendants Have Failed to Undermine Pastor Mann's Standing.

Defendants do not dispute, but "assume arguendo," that Pastor Mann has a "concrete intention" to violate the CCIA in the ways alleged in his Declaration.[1] Mot. at 5 n.2. Further, Defendants "assume arguendo" that persons in their positions otherwise would be proper parties in a case such as this. *See* Mot. at 6-7 n.3. Defendants claim only that "Plaintiff Mann fails to demonstrate any credible threat of prosecution [by them] under the CCIA." *Id.* Essentially, Defendants argue that, because they have not yet shown up to Pastor Mann's church to arrest him or threaten him with arrest, there is "no connection with any kind of threat of arrest to Plaintiff Mann." Mot. at 7. But such a requirement essentially would require a person be caught in violation of the law, hoping that law enforcement officers sworn to enforce the law will choose not to do so, and instead merely threaten *future* arrest and prosecution.

This is not the standard. Rather, for pre-enforcement challenges, "[a] party facing prospective injury has standing to sue where the threatened injury is real, immediate, and direct." *Davis v. FEC*, 554 U.S. 724, 734 (2008). Importantly, the Supreme Court has established that "an actual arrest, prosecution, or other enforcement action is not a prerequisite to challenging the law." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014). Pastor Mann's allegations clear this threshold.

---

[1] The Declaration of Pastor Mann is Complaint Ex. "8."

### A.	Injury-In-Fact – Pastor Mann Has Alleged Clear Threats of Enforcement.

The Second Circuit has established that: "[w]hen a plaintiff 'has alleged an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder, he should not be required to await and undergo a criminal prosecution as the sole means of seeking relief.'" *Cayuga Nation v. Tanner*, 824 F.3d 321, 331 (2d Cir. 2016) (citations omitted). A sufficient injury-in-fact exists for pre-enforcement review when plaintiffs demonstrate fear of criminal prosecution under an allegedly unconstitutional statute that "is not imaginary or wholly speculative" and, to do so, a plaintiff need not "first expose himself to actual arrest or prosecution to be entitled to challenge [the] statute." *Babbitt v. UFW Nat'l Union*, 442 U.S. 289, 302 (citation omitted).² This Circuit has explained that "the *Babbitt* standard sets a 'low threshold' and is 'quite forgiving' to plaintiffs seeking such preenforcement review." *Hedges v. Obama*, 724 F.3d 170, 196, 197 (2d. Cir. 2013).³

---

² In *Babbit*, although the challenged statute applied broadly to "any person … who violates any provision," nevertheless the court found appellees were "not without some reason in fearing prosecution" and thus had standing. *Id.* at 302. Indeed, the Second Circuit has applied this permissive standard in a number of cases challenging criminal statutes — finding standing where the plaintiff "will have to take significant and costly compliance measures or risk criminal prosecution." *Hedges v. Obama*, 724 F.3d 170, 196 (2d. Cir. 2013). In order to comply with the CCIA, Pastor Mann would be required literally to give up his Second Amendment rights entirely, including dispossessing himself of firearms kept in his home to provide self-defense for him, his family, and his parishioners – clearly a "significant" burden to avoid arrest and felony prosecution under the CCIA.

³ Although Plaintiffs have not conducted an exhaustive search, other circuits appear to take a similar (or sometimes more permissive) approach to standing. *See Speech First, Inc. v. Fenves*, 979 F.3d 319, 329–30 (5th Cir. 2020) ("when dealing with pre-enforcement challenges to recently enacted (or, at least, non-moribund) statutes that facially restrict expressive activity by the class to which the plaintiff belongs, courts will assume a credible threat of prosecution in the absence of compelling contrary evidence," and alternatively a plaintiff establishes standing when "either presently or prospectively subject to the regulations, proscriptions, or compulsions he was challenging."); *New Hampshire Right to Life PAC v. Gardner*, 99 F.3d 8, 15 (1st Cir. 1996); *Majors v. Abell*, 317 F.3d 719, 721 (7th Cir. 2003) ("A plaintiff who mounts a pre-enforcement challenge to a statute that he claims violates his freedom of speech need not show that the authorities have threatened to prosecute him … the threat is latent in the existence of the statute.").

The Court further explained that courts should presume the government will enforce the law so long as the relevant statute is "recent and not moribund." *Id*. Pastor Mann demonstrated a credible threat of enforcement under this Circuit's standards, in his Complaint, and Declaration, which are taken as true for purposes of Defendants' Motion. *See Amidax*, at 145.

Specifically, Defendant Hilton has stated that his office *will* enforce the CCIA because it is the law whether he likes it or not, and specifically described the significant penalties for possessing a firearm in a church – the very conduct in which Plaintiff Mann, within Defendant Hilton's jurisdiction, alleged that he intends to engage. Compl. at ¶¶ 17, 183. *See Silva v. Farrish*, No. 21-0616, 2022 U.S. App. LEXIS 23841, at *19-20 (2d Cir. Aug. 25, 2022) ("[t]he state … does not dispute that it would apply those regulations to the plaintiffs" and "'nowhere in the record' have the defendants 'disavowed that they would criminally charge [the plaintiffs] again in the same circumstances.'").[4] Indeed both Defendants, being law-enforcement officials within Oswego County, have access to licensing records (*i.e.*, evidence) showing that Pastor Mann (i) has a New York carry license and (ii) possesses at least one handgun in his home.

Next, Pastor Mann already has made clear his intentions (which Defendants accept "arguendo," Mot. at 5, 6) to continue keeping and bearing firearms both within his church (a "sensitive location" under many of the provisions of the CCIA[5]) and within his own home (a

---

[4] Likewise, within this district, a plaintiff was found to have asserted a credible threat of enforcement by announcing a "desire" to engage in conduct that "would be likely to result in his prosecution," even though "there is no indication that the District Attorney has articulated any specific policy positions regarding enforcement [or] made any specific statements that might be construed as targeting [the plaintiff's] conduct in particular." *Avitabile v. Beach*, 277 F. Supp. 3d 326, 331-32 (N.D.N.Y. 2017).

[5] *See id*. at ¶¶ 26, 28, 29; Compl. at ¶¶ 189-91 (counseling and addiction recovery services); *id*. at ¶ 30. Compl. at ¶ 192. (Sunday nursey, Sunday School, and Junior Church); *id*. at ¶ 31. Compl. at ¶ 193 (teaching school classes (subsections f, m)); Ex. "8" ¶¶ 32-34; Compl. ¶¶ 194-196 (subsection (s) (collectively exercising constitutional rights), (n) (church van and bus), or (p) (banquet hall)).

4

"sensitive location" because it is part of his church).  Compl. Ex. "8," ¶¶ 5, 12, 13, 14, 16; Compl. at ¶¶ 181, 183-84.  *See Hardaway v. Nigrelli*, 22-CV-771 (W.D.N.Y.), ECF #35 (finding standing, based on lesser allegations, with respect to the CCIA's ban on firearms in churches).  Here, it would be difficult to envision a more credible threat of enforcement, short of an actual arrest and prosecution.

Defendants cite generally to *Cayuga Nation* (Mot. at 6), but do not grapple with its holding that, "[w]here … there is reason to believe that the plaintiffs will be targets of criminal prosecution, and there has been no disavowal of an intention to prosecute those individuals, the plaintiffs have adequately alleged a credible threat of prosecution."  *Cayuga Nation v. Tanner*, 824 F.3d 321, 331-332 (2d. Cir. 2016).  Here, Defendants have not disavowed enforcement of the CCIA, and do not claim that Pastor Mann's prosecution is unlikely or not remotely possible.  *See Virginia v. Am. Booksellers Ass'n*, 484 U.S. 383, 393 (1988) ("We are not troubled by the pre-enforcement nature of this suit" where state did not disavow enforcement, and court concluding "that plaintiffs have alleged an actual and well-founded fear that the law will be enforced against them.").  *See also Stagg, P.C. v. United States Dep't of State*, 983 F.3d 589, 605 (2d Cir. 2020) ("credible threat … by DOS's public statements interpreting the ITAR as covering Stagg's intended speech."); *Berg v. Vill. of Scarsdake*, 2018 U.S. Dist. LEXIS 20180, *4 (S.D.N.Y. Feb. 6, 2018) ("confirmation of the Village's position that it is entitled to … commence criminal proceedings against residents.…").

Defendants rely on the *Does* case (Mot. at 8), but that case is inapposite.  In that case, the Second Circuit appears to have relied on an established non-enforcement track record and a letter sent to various plaintiffs to demonstrate that the plaintiffs did not suffer "an injury in fact."  *Does 1-10 v. Suffolk Cty.*, No. 21-1658, 2022 U.S. App. LEXIS 19094, at *6 (2d Cir. July 12, 2022).

5

There, "[b]ased on Does' factual pleadings and the subsequent developments (or lack thereof) in this case, Does have not established that their prosecution is likely ... or otherwise that the threatened injury is certainly impending or that there is a substantial risk that they will be harmed..." *Id*. at \*7-8.  The Second Circuit also stated that the plaintiffs did not demonstrate that "any purchaser of the Delta Level Defense CT4-2A has been arrested or had their firearm forcibly confiscated by Suffolk County." *Id*. at \*7.  Here, the CCIA was in effect only for approximately 20 days when Plaintiffs filed this lawsuit and, in addition to this litigation, various other challenges to the CCIA have been filed.

Defendants rely heavily on *Frey v. Bruen*, 2022 WL 522478, at \*4 (S.D.N.Y. Feb. 22, 2022), but that case is nothing like this one.  Unlike in *Frey*, Pastor Mann does not simply "infer that because the [CCIA's restrictions] exist, [he] will be prosecuted." *Frey*, at \*13.  *See* Compl. Ex. "8," ¶ 22-24 (alleging specific threats from now-Acting Superintendent Nigrelli and Defendant Hilton regarding enforcement).  Additionally unlike here, in *Frey* the court explained that the plaintiffs "have not alleged concrete plans to violate the New York Penal Laws," or "any specification of *when* the some day will be." *Frey*, at \*13.  *Cf., e.g.,* Mann Declaration, Compl. Ex. "8," ¶¶ 11, 16, 20, 28, 29.  Finally in *Frey*, there was some dispute over whether certain of the planned actions were even covered by the statute, and "Plaintiffs have failed to proffer any evidence indicating that they may be prosecuted specifically under Section 265 for openly carrying their weapons." *Frey*, at \* 16.  Of course, none of these factors exist here, where carrying in any of the places listed in the CCIA is clearly punishable as a *felony*.

6

Finally, a credible threat of enforcement is established by the long history of New York prosecutions for prohibited possession of a firearm in other prohibited locations.[6] *See Thoms v. Heffernan*, 473 F.2d 478, 484-85 (2d. Cir. 1973) (finding that "appellee faced a 'credible threat of enforcement'" when a "law enforcement official[]" said 'if you're in violation of the statute we'll lock you up,' and "there had been a series of prosecutions" in similar contexts); *Doe v. United States Immigration & Customs Enf't*, 490 F. Supp. 3d 672, 683 (S.D.N.Y. 2020) ("In light of the enforcement discretion accorded ICE and the dramatic increase in enforcement activity …. the fact that Doe has not alleged any of the personal factors specified in the Directive does not diminish the credibility of the threat of enforcement alleged.").

**B. Causal Connection Between the Injury and the Complained of Conduct.**

As Plaintiffs' Complaint recounts, Defendant Hilton is the Sheriff of Oswego County, New York, the law-enforcement entity that provides "county-wide coverage" within Oswego County, and thus responsible for enforcing the CCIA. Compl. ¶ 17. Moreover, although having criticized the CCIA, Defendant Hilton (1) has stated that the CCIA is the law in New York *whether he agrees with it or not*; (2) has explained that his office will enforce the CCIA; and (3) has explicitly called

---

[6] *See* https://www.news10.com/news/crime/man-arrested-for-illegal-firearm-in-adirondacks/ (man arrested in Adirondack Park with "an illegal shotgun"; https://www.wcax.com/2022/10/19/tupper-lake-man-charged-with-illegal-gun-stash/ (man arrested for unlawfully possessing pistol, then having additional firearms seized); https://cnycentral.com/news/local/man-arrested-after-syracuse-police-find-him-in-possession-of-handgun-left-lying-on-a-road (man arrested for "criminal possession of a firearm after Syracuse Police say he picked up a handgun that was found lying in the middle of a road"); *People v. Ferguson*, 2008 NY Slip Op 52112(U), ¶ 1, 21 Misc. 3d 1120(A), 1120A, 873 N.Y.S.2d 513, 513 (Crim Ct.) (defendant "declared he was in possession of a firearm" in an attempt to check the firearm. That person was arrested, because he was "not licensed to possess said firearm in the City of New York" and the court, without analysis, held that "an airport falls with the scope of a 'sensitive place.'").

7

out the one place – a church – around which the majority of Pastor Mann's allegations center, expressly articulating that the Pastor's conduct is illegal, and warning that such a violation "is a felony punishable by up to 1 1/3 to 4 years in prison." *See* Compl. Exhibit "8," at ¶ 24, Declaration of Pastor Mann. Defendant Hilton's jurisdiction includes the places where Plaintiff Mann alleged he intends to be in violation of the CCIA. Compl. ¶ 17. Far from a disavowal of enforcement of the law, the Sheriff's statements amount to communication of an intent to enforce CCIA against Pastor Mann. It is this credible threat of enforcement, directly traceable to Defendant Hilton, from which Pastor Mann seeks this Court's protection.

Defendant Oakes is the Oswego County District Attorney, with a duty "to conduct all prosecutions for crimes and offenses cognizable by the courts" of Oswego County, including all crimes under N.Y. Penal Law § 265.00 *et seq*. *See* County Law § 700(1). In other words, Defendant Oakes would bear the legal responsibility to prosecute Pastor Mann in response to an arrest for violation of the CCIA made by Defendant Hilton's office, the New York State Police, or any other law enforcement entity operating within Oswego County: "It is well established in New York that the district attorney, and the district attorney alone, should decide when and in what manner to prosecute a suspected offender." *Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir. 1988). "When a plaintiff mounts a constitutional challenge against a particular state statute, the proper defendant is typically the state official charged with enforcing the statute." *Aron v. Becker*, 48 F. Supp. 3d 347, 379 (N.D.N.Y. 2014) (citing *Diamond v. Charles*, 476 U.S. 54 (1986)). *See also Avitabile v. Beach*, 277 F. Supp. 3d 326, 331-32 (N.D.N.Y. 2017) (district attorney properly sued even though "there is no indication that the District Attorney has articulated any specific policy positions regarding enforcement [or] made any specific statements that might be construed as

8

targeting [the plaintiff's] conduct in particular."). It is such prosecution from which Pastor Mann seeks this Court's protection.

### C. Likelihood that the Injury Will Be Redressed by a Favorable Decision.

Defendants' motion lists, but does not discuss, redressability, as a factor in the standing analysis. *See* Mot. at 4. This is likely because a favorable ruling from this Court, that the complained of portions of the CCIA are unconstitutional and cannot be enforced, obviously will provide Pastor Mann the relief he seeks. First, he no longer will be at risk of arrest and prosecution for merely having a firearm in his home (which is connected to his Church), which carry felony penalties and loss of Second Amendment rights for life. Second, he no longer will be at risk for carrying his firearm during church services and other ministry activities. Third, his constitutional right to "keep and bear Arms," which New York has stripped from him in a fit of post-*Bruen* rage, will be vindicated. Defendants' Motion to Dismiss does not claim otherwise.

### CONCLUSION

Plaintiffs ask this Court to deny Defendants' Motion to Dismiss (ECF #46) and order Defendants file their Answer to Plaintiffs' Complaint forthwith.

Respectfully submitted, this the 1st of November, 2022.

| | |
|---|---|
| */s/ Stephen D. Stamboulieh*<br>Stephen D. Stamboulieh<br>Stamboulieh Law, PLLC<br>P.O. Box 428<br>Olive Branch, MS  38654<br>(601) 852-3440<br>stephen@sdslaw.us<br>NDNY Bar Roll# 520383 | Robert J. Olson (VA # 82488)<br>William J. Olson, PC<br>370 Maple Ave. West, Suite 4<br>Vienna, VA 22180-5615<br>703-356-5070 (T)<br>703-356-5085 (F)<br>wjo@mindspring.com<br>NDNY Bar Roll# 703779 |

## **CERTIFICATE OF SERVICE**

    I, Stephen D. Stamboulieh, hereby certify that on November 1, 2022, I filed a true and correct copy of the foregoing document or pleading utilizing the Court's ECF system, which generated a Notice and provided a copy of this document or pleading to all counsel of record.

                                                                /s/ *Stephen D. Stamboulieh*