# ⓢ Stambouleih Law, PLLC

P.O. Box 428, Olive Branch, MS 38654 | (601) 852-3440 | stephen@sdslaw.us

November 4, 2022

Hon. Glenn T. Suddaby                                                                          *via ECF*
United States District Court
Northern District of New York
Federal Building and U.S. Courthouse
P.O. Box 7367
Syracuse, NY 13261-7367

**Re:** *Antonyuk, et al. v. Hochul, et al.,* No. 1:22-CV-986 (N.D.N.Y) (GTS/CFH)

Dear Judge Suddaby:

Please accept this Notice of Supplemental Authority in the above-styled case.

Yesterday, District Judge Sinatra of the Western District of New York granted a Preliminary Injunction ("Op.") of the CCIA's ban on possessing firearms at places of worship or religious observation. *See Hardaway v. Nigrelli*, No. 22-CV-771 (JLS), 2022 U.S. Dist. LEXIS 200813 (W.D.N.Y. Nov. 3, 2022) (attached).

Judge Sinatra found the "places of worship" ban "inconsistent with the Nation's historical traditions, impermissibly infringing on the right to keep and bear arms in public for self-defense." Op. at 2.

Responding to similar "credible threat" issues raised by Defendants in this matter, Judge Sinatra found that the *Hardaway* plaintiffs had standing. Op. at 8-10 (listing, among other things, Governor Hochul's statements about criminal penalties attaching to those "who carry concealed weapons in sensitive locations," and Acting Superintendent Nigrelli's statement that "if you violate this law, you will be arrested. Simple as that.").

Judge Sinatra held that "1870-1890 enactments by four states (Texas, Georgia, Missouri, and Virginia) and the territories of Arizona and Oklahoma ... does not carry the State's burden..." Op. at 28. Judge Sinatra discussed a similar argument raised by Plaintiffs' counsel in this matter, regarding the correct time period to scrutinize (1791 v. 1868). *Cf.* Op. at 33 (relying on *Bruen* to "'assum[e] that the scope of the protection … is pegged to … 1791,'" otherwise "the Second Amendment could mean one thing *vis a vis* federal laws, and entirely something else *vis a vis* state and local laws") *with* PI

Tr. 9:4-13 ("...if the Second Amendment applies to the federal government under a 1791 standard, it can't then apply to the states under an 1868 standard...").

Additionally, Judge Sinatra held that the *Hardaway* plaintiffs have "shown, at a minimum, that the places of worship restriction lacks a 'plainly legitimate sweep,'" and refused to limit the injunction to the plaintiffs. Op. at 41-42. Finally, Judge Sinatra declined to grant a "three-day stay pending appeal" because "Legislative enactments may not eviscerate the Bill of Rights. Every day they do is one too many." Op. at 42-43.

Yours very truly,

Stephen D. Stamboulieh

cc:   By ECF to all counsel of record.