**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IVAN ANTONYUK; COREY JOHNSON; ALFRED TERRILLE; JOSEPH MANN; LESLIE LEMAN; and LAWRENCE SLOANE,<br><br>        Plaintiffs,<br><br>   v.<br><br>KATHLEEN HOCHUL, in her Official Capacity as Governor of the State of New York; KEVIN P. BRUEN, in his Official Capacity as Superintendent of the New York State Police; JUDGE MATTHEW J. DORAN, in his Official Capacity as Licensing-Official of Onondaga County; WILLIAM FITZPATRICK, in his Official Capacity as the Onondaga County District Attorney; EUGENE CONWAY, in his Official Capacity as the Sheriff of Onondaga County; JOSEPH CECILE, in his Official Capacity as the Chief of Police of Syracuse; P. DAVID SOARES, in his Official Capacity as the District Attorney of Albany County; GREGORY OAKES, in his Official Capacity as the District Attorney of Oswego County; DON HILTON, in his Official Capacity as the Sheriff of Oswego County; and JOSEPH STANZIONE, in his Official Capacity as the District Attorney of Greene County,<br><br>        Defendants. | Civil Action No. 1:22-CV-986 (GTS/CFH) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**MOTION TO DISMISS PLAINTIFFS' COMPLAINT AS AGAINST**
**CO-DEFENDANTS GREGORY OAKES AND DON HILTON**

**BARCLAY DAMON LLP**
Edward G. Melvin, II
J.J. Pelligra
*Attorneys for Co-Defendants*
*Oakes and Hilton*
125 East Jefferson Street
Syracuse, New York 13202
Telephone: (315) 425-2700

## PRELIMINARY STATEMENT

This Reply Memorandum of Law is respectfully submitted on behalf of Defendant Gregory Oakes, in his Official Capacity as the District Attorney of Oswego County, and Defendant Don Hilton, in his Official Capacity as the Sheriff of Oswego County (collectively "Co-Defendants Oakes and Hilton") in further support of their motion brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P." or "Rule") to dismiss the Plaintiffs' Complaint as against Co-Defendants Oakes and Hilton.  As stated previously, the Court lacks subject matter jurisdiction over Co-Defendants Oakes and Hilton.

Specifically, as argued in Co-Defendants' previous submission, Plaintiff Joseph Mann (or "Pastor Mann"), the only plaintiff with ties to Oswego County, has failed to allege that he has suffered, or is at substantial risk of suffering, an injury-in-fact by virtue of a credible threat of prosecution under the Concealed Carry Improvement Act ("CCIA").  In the Complaint, Pastor Mann exclusively relies on one generalized statement of broad enforcement by Co-Defendant Hilton in order to demonstrate the imminence requirement for standing.  Even assuming arguendo that Pastor Mann has alleged a sufficient "concrete intention" to violate the CCIA, a generalized statement by Co-Defendant Hilton, with nothing more, does not satisfy the separate and distinct requirement of imminence to demonstrate an injury-in-fact for standing.  Rather than attempt to resolve this lone question-at-issue for purposes of this motion (whether there is a "credible" and "direct" threat to Pastor Mann to demonstrate the imminence requirement for an injury-in-fact to establish standing), Plaintiffs choose to (1) focus on other requirements of standing (which Co-Defendants Oakes and Hilton have explicitly stated they are not challenging within this motion); (2) misinterpret the relevant case law to loosen the legal standard for pre-enforcement challenges; and (3) cite to old, irrelevant, or non-authoritative cases to support their position.

The short and simple truth is that Co-Defendant Hilton's general statement of enforcement does not establish standing specifically to Pastor Mann because there is no credible or sufficiently imminent threat that is directed at Pastor Mann and, as a result, Pastor Mann is unable to establish standing.

## ARGUMENT

### PLAINTIFFS' RESPONSE IN OPPOSITION DOES NOT ADDRESS THE ISSUES RAISED CONCERNING THE IMMINENCE REQUIREMENT FOR PURPOSES OF AN INJURY-IN-FACT AND, THEREFORE, PASTOR MANN LACKS STANDING TO MAKE A PRE-ENFORCEMENT CHALLENGE

Throughout their response, Plaintiffs misinterpret both Co-Defendants Oakes and Hilton's arguments and the case law they cite to. First, Plaintiffs pick and choose dicta from relevant cases in hopes of recreating the legal standard for standing in a pre-enforcement challenge.

In their argument, initially, Plaintiffs correctly assert that, for pre-enforcement challenges, "[a] party facing prospective injury has standing to sue *where the threatened injury is real, immediate, and direct." See* Dkt. No. 75 ("Response") at p. 2 (quoting *Davis v. FEC,* 554 U.S. 724, 734 (2008)) (emphasis added). However, Plaintiffs then strategically leave out the following sentence from that quotation, which states that, "[a] plaintiff may challenge the prospective operation of a statute that presents a *realistic and impending threat of direct injury*." *Davis,* 554 U.S. at 734 (quoting *Babbitt v. Farm Workers,* 442 U.S. 289, 298 (1979)) (emphasis added). Thereafter, in the following sentence of their Response, Plaintiffs assert that, "[i]mportantly, the Supreme Court has established that 'an actual arrest, prosecution, or other enforcement action is not a prerequisite to challenging the law." *See* Response at p. 2 (citing *Susan B. Anthony List v Driehause,* 573 U.S. 149, 158 (2014)). Similarly, this quotation is inaccurate because Plaintiffs (once again) purposely omit the following sentence that clarifies this holding and hurts their position. *See id.* The Supreme Court continues on in this quotation by holding that, "[i]nstead,

we have permitted pre-enforcement review under circumstances ***that render the   threatened***

***enforcement sufficiently imminent.*** Specifically, we have held that a plaintiff satisfies the injury-

in-fact requirement where he alleges "an intention to engage in a course of conduct arguably

affected with a constitutional interest, but proscribed by a statute, ***and there exists a credible threat***

***of prosecution thereunder***." *Susan B. Anthony List,* 573 U.S. at 158 (citing *Babbitt*, 442 U. S. at

298) (emphasis added).

Later, in their Response, Plaintiffs (again) correctly assert that "[a] sufficient injury-in-fact

exists for pre-enforcement review when plaintiffs demonstrate fear of criminal prosecution under

an allegedly unconstitutional statute that 'is not imaginary or wholly speculative' and, to do so, a

plaintiff need not 'first expose himself to actual arrest or prosecution to be entitled to challenge

[the statute].'" *See* Response at p. 3 (citing *Babbitt,* 442 U.S. at 289).   However, once again,

Plaintiffs ignore the subsequent sentence of this case that clarifies the holding: "[w]hen the plaintiff

has alleged an intention to engage in a course of conduct arguably affected with a constitutional

interest, but proscribed by a statute, ***and there exists a credible threat of prosecution thereunder***,

he 'should not be required to await and undergo a criminal prosecution as the sole means of seeking

relief.'"   *Babbit,* 442 U.S. at 298 (citing *Doe v. Bolton,* 410 U.S. 179, 188 (1973)) (emphasis

added).  Plaintiffs then state that "the *Babbit* standard sets a 'low threshold' and is 'quite forgiving'

to plaintiffs seeking such preenforcement review'"  while citing to the Second Circuit case entitled

*Hedges v. Obama* (724 F.3d 170, 196-97 (2d Cir. 2013)) as if this was a determination by the

Second Circuit.  *See* Response at p. 3.  But this quote was simply an "observation" that the ***First***

***Circuit*** came to this conclusion (not the Second Circuit).  *See Hedges,* 724 F.3d at 197 (stating that

"[t]he First Circuit has observed that the *Babbit* standard sets a 'low threshold' and is 'quite

forgiving' to plaintiffs seeking such preenforcement review.").

In contrast to Plaintiffs' plainly incorrect assertions, and as stated throughout Co-Defendants Oakes and Hilton's original submissions to the Court, the issue is not whether Pastor Mann has been arrested or prosecuted but whether there is "threatened enforcement sufficiently imminent" or an "impending threat of direct injury" to Pastor Mann specifically. *See Davis,* 554 U.S. at 734; *Susan B. Anthony List,* 573 U.S. at 158; *Babbitt*, 442 U. S. at 298. In their Response, Plaintiffs go on to falsely claim that Co-Defendant Oakes and Hilton have "argue[d] that, because they have not yet shown up to Pastor Mann's church to arrest or threaten him with arrest, there is 'no connection with any kind of threat of arrest to Plaintiff Mann.'" *See* Response at p. 2. In contrast to Plaintiffs' mischaracterization, Co-Defendants Oakes and Hilton are exclusively arguing that the Complaint lacks a credible threat of prosecution as to Pastor Mann. *See* Dkt. 46-2 at pp. 7-8. As stated above, this is because the only relevant allegation within the Complaint is that Co-Defendant Hilton has made a statement that he plans to enforce the CCIA generally. *See id.;* Complaint. This alone is insufficient to establish Pastor Mann's burden of demonstrating an injury-in-fact. In their Response, rather than demonstrating or pointing to allegations within the Complaint that establishes a credible and sufficiently imminent threat directed at Pastor Mann, Plaintiffs instead focus on the fact that Pastor Mann is under no obligation to show that he has been arrested, which is not at issue herein. *See generally* Response. As stated previously, to satisfy the injury-in-fact requirement for standing in a pre-enforcement challenge, it is not whether Pastor Mann has been arrested or prosecuted but, rather, whether there is a "threatened injury [that] is ***certainly impending***, or [that] there is a ***substantial risk that the harm will occur***." *Does 1-10 v. Suffolk Cnty.*, 2022 U.S. App. LEXIS 19094 at *7 (2d Cir. July 12, 2022) (citations omitted) (emphasis added).

In fact, as raised previously, this very issue was analyzed and clarified less than four months ago by the Second Circuit in *Does 1-10 v. Suffolk Cnty*.  In *Does 1-10,* the Second Circuit specifically determined when a "threatened injury is certainly impending or there is substantial risk that [the plaintiff] will be harmed" for purposes of standing in a analogous pre-enforcement challenge.  *See id.* at *7-8.  Specifically*,* the Second Circuit determined that the plaintiffs lacked standing because they failed to allege that they "suffered, or are at substantial risk of suffering, an injury in fact" for purposes of a pre-enforcement challenge based on the following factual circumstances:

> Importantly, Does do not allege (and have not notified this Court or the district court) that any individual Doe has been arrested or had their firearm forcibly confiscated for failing to comply with the Suffolk County Police Department's request in the year since it was made, or even that any purchaser of the Delta Level Defense CT4-2A has been arrested or had their firearm forcibly confiscated by Suffolk County. Indeed, at oral argument, Does acknowledged that Suffolk County has not so much as contacted any individual Doe about the firearms since sending the May 20, 2021 letter. Based on Does' factual pleadings and the subsequent developments (or lack thereof) in this case, Does have not established that their prosecution is likely, or otherwise that the threatened injury is certainly impending or that there is a substantial risk that they will be harmed,. As such, Does have not alleged that they are at an imminent risk of suffering an injury in fact. They thus lack standing to obtain their requested relief.

*Id.* at *7-9 (internal citations omitted).  Moreover, the plaintiffs in *Does 1-10* received a specific letter from the defendant that stated that their "Delta Level Defense CT4-2A [was] not in compliance with the New York State Penal Law and . . . may be subject to arrest and criminal charges if they fail to present the weapon to the Suffolk County Police Department within . . . fifteen days from receipt of the letter."  *See id.* at *6-7.  Regardless, the Second Circuit determined that these facts were not sufficient to establish a "threatened injury [that] is ***certainly impending***,

or [that] there is a ***substantial risk that the harm will occur***" as to the plaintiffs.  *See Does 1-10*, 2022 U.S. App. LEXIS 19094 at *7 (citations omitted) (emphasis added).

Here, Pastor Mann has not been arrested, has not been prosecuted, has not been threatened with prosecution individually or directly, has not received a letter from Co-Defendants Oakes and Hilton stating that Pastor Mann must present his weapons to the Oswego County Sheriff's Department or face arrest and criminal charges, has not received any contact whatsoever from Co-Defendants Oakes and Hilton, and has received zero threat of any prosecution specifically directed at him.  *See generally* Dkt. No. 1 ("Complaint").  Therefore, how can there be a "threatened injury" that is "certainly impending" or a "substantial risk" that Pastor Mann "will be harmed" by Co-Defendants Oakes and Hilton when the Co-Defendants have never even heard of Pastor Mann before this lawsuit, let alone had zero contact with him whatsoever?  Accordingly, any determination that Pastor Mann has standing based on these facts would be directly in opposition to the Second Circuit's holding in *Does 1-10.*

Interestingly, in the lone paragraph where Plaintiffs attempt to distinguish *Does 1-10* from the present lawsuit, it appears that they actually support Co-Defendants Oakes and Hilton's position.  *See* Response at pp. 5-6.  In this one short paragraph on *Does 1-10* (the most recent and authoritative case on the present issue), Plaintiffs claim that the holding is "inapposite" because "the Second Circuit appears to have relied on an established non-enforcement track record and a letter sent to various plaintiffs to demonstrate that the plaintiffs did not suffer 'an injury in fact.'" *See id.* (citing *Does 1-10,* 2022 U.S. App. LEXIS 19094).  Plaintiffs then go on to quote *Does 1-10's* ultimate conclusion that, based on the factual circumstances (including that the plaintiffs in *Does 1-10* failed to demonstrate that any purchaser of the Delta Level Defense CT4-2A has been arrested or had their firearm forcibly confiscated), the plaintiffs failed to establish standing. *See*

*id.* Co-Defendants Oakes and Hilton struggle to see how this paragraph distinguishes the present matter from *Does 1-10,* or how this would help Plaintiffs' position. As admitted by Plaintiffs, the plaintiffs in *Does 1-10* alleged much more specific threats of prosecution than Pastor Mann, yet the Second Circuit still determined that this was insufficient to establish an injury-in-fact for standing.

Subsequently, Plaintiffs attempt to distinguish another case raised in Co-Defendants Oakes and Hilton's original submissions, *Frey v. Bruen* (both 2022 U.S. Dist. LEXIS 31053 (S.D.N.Y. Feb. 22, 2022); and 2022 U.S. Dist. LEXIS 158382 (S.D.N.Y. Sep. 1, 2022)), from the present action but, again, fall well short of doing so. As Plaintiffs admit, in *Frey,* the plaintiffs simply "infer[red] that because the Penal Laws exist, they will be prosecuted once they carry their firearms outside the confines of their licenses." *See id.* The Southern District of New York concluded that this was insufficient to establish a "credible threat of prosecution" as the plaintiffs "have not alleged any facts showing that they have been prosecuted in the past or have been threatened with enforcement of any of the statutes they are challenging." *See Frey,* 2022 U.S. Dist. LEXIS 31053 at *2; *Frey,* 2022 U.S. Dist. LEXIS 31053 at *10-15. Similarly, as Plaintiffs acknowledge, their one allegation in support of a credible threat of prosecution is that Co-Defendant Hilton made a generalized statement of generalized enforcement of the CCIA. *See generally* Complaint. As held in *Frey,* this is insufficient to establish an injury-in-fact. *See Frey,* 2022 U.S. Dist. LEXIS 31053, at *13-14. It appears from this paragraph that Plaintiffs have chosen to focus on other irrelevant sections of the decision in *Frey* as a Hail Mary attempt to create differences between two very similar factual circumstances. *See* Response at p. 6 (citing *Frey,* 2022 U.S. Dist. LEXIS 31053).

Instead of pointing to allegations within the Complaint that demonstrate a credible and imminent threat that directly impacts Pastor Mann, Plaintiffs focus on other irrelevant aspects of

standing for purposes of this motion (which were not raised in Co-Defendants' Oakes and Hilton's prior submissions).   For example, Plaintiffs repeat their one assertion that Pastor Mann has standing simply because Co-Defendant Hilton "has stated that his office will enforce the CCIA" generally.  *See* Response at pp. 2, 7-9.  Plaintiffs also choose to focus on and cite to much older, irrelevant, and non-authoritative cases to support their position.[1]  *See id.* at pp. 4, 7-9.  In their submissions, Plaintiffs assert zero allegations of a direct or imminent threat of prosecution directed toward Pastor Mann from either Co-Defendants Oakes or Hilton other than a single general statement of broad enforcement.  *See id*. at pp. 8-9.  Pursuant to *Does 1-10,* this is plainly deficient for purposes of an injury-in-fact of a pre-enforcement challenge.   As Plaintiffs admit in their papers, for pre-enforcement challenges, "[a] party facing prospective injury has standing to sue ***where the threatened injury is real, immediate, and direct.***"  *See* Response at p. 2 (quoting *Davis,* 554 U.S. at 734).  A plaintiff may only challenge the prospective operation of a statute when it presents a realistic and impending threat of ***direct injury*** to that individual.  *See Davis,* 554 U.S. at 734 (quoting *Babbitt*, 442 U.S. at 298).   Plaintiffs have failed to demonstrate such a threat of direct injury to Pastor Mann or any other Plaintiff.  Therefore, Plaintiffs' Complaint must be dismissed in its entirety as against Co-Defendants Oakes and Hilton.

## CONCLUSION

For the foregoing reasons, and those raised in their prior submissions in support of the present motion, Co-Defendants Oakes and Hilton respectfully request that the Court grant the present motion to dismiss Plaintiffs' Complaint in its entirety as against Co-Defendants Oakes and Hilton, together with such other and further relief as the Court deems just and proper.

---

[1] In their Response, Plaintiffs cite to cases from the First Circuit, Fifth Circuit, Seventh Circuit, and certain U.S. District Courts in support of their position.  *See, e.g.,* Response at pp. 3-4. However, none of these cases are as authoritative or relevant as *Does 1-10 v. Suffolk Cnty.,* 2022 U.S. App. LEXIS 19094 (2d Cir. July 12, 2022), and should therefore be ignored in comparison.

**DATED**:  November 10, 2022                    **BARCLAY DAMON, LLP**


By:     */s/ Edward G. Melvin, II*
                    Edward G. Melvin, II
                    (Bar Roll No. 509037)
                    J.J. Pelligra
                    (Bar Roll No. 701404)

Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
Telephone:   (315) 425-2700
Facsimile:   (315) 425-2701
Email:       emelvin@barclaydamon.com
                 jpelligra@barclaydamon.com

*Attorneys for Co-Defendants Oakes and Hilton*