UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

IVAN ANTONYUK, COREY JOHNSON, ALFRED
TERRILLE, JOSEPH MANN, LESLIE LEMAN, and
LAWRENCE SLOANE,

                              Plaintiffs,

                -against-                               Case No. 22 Civ. 986 (GTS) (CFH)

STEPHEN A. NIGRELLI, in his official capacity as          **STATE DEFENDANTS'**
Acting Superintendent of the New York State Police,    **ANSWER**
Judge MATTHEW J. DORAN, in his official capacity
as Licensing-official of Onondaga County, WILLIAM
FITZPATRICK, in his official capacity as Onondaga
County District Attorney, EUGENE CONWAY, in his
official capacity as Sheriff of Onondaga County,
JOSEPH CECILE, in his official capacity as Chief of
Police of Syracuse, P. DAVID SOARES, in his official
capacity as District Attorney of Albany County,
GREGORY OAKES, in his official capacity as District
Attorney of Oswego County, DON HILTON, in his
official capacity as Sheriff of Oswego County, and
JOSEPH STANZIONE, in his official capacity as
District Attorney of Greene County

                              Defendants.
-------------------------------------------------------------------X

        Defendants Stephen A. Nigrelli, sued in his official capacity as Acting Superintendent of

the New York State Police, and Judge Matthew J. Doran, sued in his official capacity as Judge of

the Onondaga County Court and licensing official for Onondaga County (collectively, the "State

Defendants"), by their attorney, Letitia James, Attorney General of the State of New York,

answer the Complaint, ECF No. 1, filed by Plaintiffs Ivan Antonyuk, Corey Johnson, Alfred

Terrille, Joseph Mann, Leslie Leman, and Lawrence Stone (collectively, the "Plaintiffs") as

follows:

1.    Deny the allegations of Paragraph 1, except admit that the CCIA took effect on September 1, 2022.  Admit that the Plaintiffs seek the relief discussed but deny that they are entitled to such relief.

2.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, except Superintendent Nigrelli admits that Plaintiff Antonyuk holds a New York carry license.

3.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3, except Superintendent Nigrelli admits that Plaintiff Johnson holds an unrestricted New York carry license.

4.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4, except Superintendent Nigrelli admits that Plaintiff Terrille holds an unrestricted New York carry license.

5.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5, except Superintendent Nigrelli admits that Plaintiff Mann holds an employment, sportsman, and dwelling New York carry license.

6.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6, except Superintendent Nigrelli admits that Plaintiff Leman holds an unrestricted New York carry license.

7.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7.

8.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8.

9.     States that no response is required to the allegations of Paragraph 9 because Governor Hochul has been dismissed from the case.  To the extent that a response is deemed required, admit the allegations of the first and last sentences of Paragraph 9, admit that the Superintendent of the State Police works for the Governor, admit that Governor Hochul advocated for and signed the CCIA legislation, deny knowledge or information sufficient to form a belief as to the truth of the sixth sentence of Paragraph 9, and deny the remaining allegations.

10.    States that no response is required to the allegations of Paragraph 10 because former Superintendent Bruen is no longer party to the case.  To the extent that a response is deemed required, Superintendent Nigrelli admits the first and second sentences of Paragraph 10, admits that the final sentence of Paragraph 10 correctly states the address of the New York State Police, and denies the remaining allegations of Paragraph 10. Judge Doran denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10.

11.    Admit that Judge Doran is a County Court Judge of Onondaga County, New York, that Judge Doran is a licensing officer for Onondaga County, and that Judge Doran's address and fax number is correct.  Neither admit nor deny the remaining allegations, as they are legal conclusions to which no response is required.   To the extent a response is deemed required, Judge Doran admits that he is responsible for determining whether to grant or deny carry license applications and denies the remaining allegations of Paragraph 11. Superintendent Nigrelli denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12, except admit that William J. Fitzpatrick is the Onondaga County District Attorney.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13, except admit that Eugene Conway is the Sheriff of Onondaga County.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14, except admit that Joseph Cecile is the Chief of Police of the Syracuse Police Department.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15, except admit that P. David Soares is the District Attorney of Albany County.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16, except admit that Gregory Oakes is the District Attorney of Oswego County.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17, except admit that Don Hilton is the Sheriff of Oswego County.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18, except admit that Joseph Stanzione is the District Attorney of Greene County.

19.     Neither admit nor deny the allegations of Paragraph 19, as they state legal conclusions to which no response is required. To the extent that a response is deemed required, deny the

allegations contained in Paragraph 19, except admit that Plaintiffs rely upon the cited statutes for jurisdiction.

20.   Neither admit nor deny the allegations of Paragraph 20, as they state legal conclusions to which no response is required.  To the extent a response is deemed required, admit that venue is proper in this District.

21.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21, except admit that Plaintiff Antonyuk brought a previous challenge to the CCIA within this district along with the indicated organizations.

22.   Neither admit nor deny the allegations of Paragraph 22, as they state legal conclusions to which no response is required.  To the extent a response is deemed required, deny the allegations and respectfully refer the Court to the order itself as the best evidence of its content.

23.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23.

24.   Deny the allegations of Paragraph 24.

25.   Admit the allegations of Paragraph 25.

26.   Neither admit nor deny the allegations of Paragraph 26, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, deny the allegations and respectfully refer the Court to the case for the best evidence of its content.

27.   Neither admit nor deny the allegations of Paragraph 27, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, deny the allegations and respectfully refer the Court to the case for the best evidence of its content.

28.    Neither admit nor deny the allegations of Paragraph 28, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, deny the allegations and respectfully refer the Court to the case for the best evidence of its content.

29.    Neither admit nor deny the allegations of Paragraph 29, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, deny the allegations and respectfully refer the Court to the case for the best evidence of its content.

30.    Neither admit nor deny the allegations of Paragraph 30, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, deny the allegations and respectfully refer the Court to the case for the best evidence of its content.

31.    Neither admit nor deny the allegations of Paragraph 31, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, deny the allegations and respectfully refer the Court to the case for the best evidence of its content.

32.    Neither admit nor deny the allegations of Paragraph 32, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, deny the allegations and respectfully refer the Court to the case for the best evidence of its content.

33.    Neither admit nor deny the allegations of Paragraph 33, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, admit that the quotation is accurate and respectfully refer the Court to the case for the best evidence of its content.

34.    Neither admit nor deny the allegations of Paragraph 34, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, admit that the quotation is accurate and respectfully refer the Court to the case for the best evidence of its content.

6

35.     Neither admit nor deny the allegations of Paragraph 35, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, deny the allegations and respectfully refer the Court to the case for the best evidence of its content.

36.     Neither admit nor deny the allegations of Paragraph 36, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, deny the allegations and respectfully refer the Court to the case for the best evidence of its content.

37.     Neither admit nor deny the allegations of Paragraph 37, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, deny the allegations and respectfully refer the Court to the case for the best evidence of its content.

38.     Neither admit nor deny the allegations of Paragraph 38, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, admit that the quotation is accurate and respectfully refer the Court to the case for the best evidence of its content.

39.     Neither admit nor deny the allegations of Paragraph 39, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, admit that the quotation is accurate and respectfully refer the Court to the case for the best evidence of its content.

40.     Neither admit nor deny the allegations of Paragraph 40, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, admit that the quotation is accurate and respectfully refer the Court to the case for the best evidence of its content.

41.    Neither admit nor deny the allegations of Paragraph 41, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, deny the allegations and respectfully refer the Court to the case for the best evidence of its content.

42.    Neither admit nor deny the allegations of Paragraph 42, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, deny the allegations and respectfully refer the Court to the case for the best evidence of its content.

43.    Neither admit nor deny the allegations of Paragraph 43, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, deny the allegations and respectfully refer the Court to the case for the best evidence of its content.

44.    Neither admit nor deny the allegations of Paragraph 44, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, admit that the quotation is accurate and respectfully refer the Court to the case for the best evidence of its content.

45.    Deny the allegations of Paragraph 45.

46.    Deny the allegations of Paragraph 46.

47.    Deny the allegations of Paragraph 47.

48.    Neither admit nor deny the allegations of Paragraph 48, as it states legal conclusions to which no response is required.   To the extent a response is deemed required, admit that a license is required to legally possess a handgun and that the license specifies the weapon or weapons covered, and respectfully refer the Court to the statute for the best evidence of its content.

49.    Deny the allegations of Paragraph 49.

50.     Neither admit nor deny the allegations of Paragraph 50, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, admit the allegations and respectfully refer the Court to the statute for the best evidence of its content.

51.     Deny the allegations of Paragraph 51 and respectfully refer the Court to the cited statutes as the best evidence of their contents.

52.     Neither admit nor deny the allegations of Paragraph 52, as it states legal conclusions to which no response is required, and respectfully refer the Court to the cited statutes for the best evidence of their contents.  To the extent a response is deemed required, deny the allegations and respectfully refer the Court to the statute for the best evidence of its content.

53.     Neither admit nor deny the allegations of Paragraph 53, as it states legal conclusions to which no response is required, and respectfully refer the Court to the cited statute for the best evidence of its content.  To the extent a response is deemed required, deny the allegations and respectfully refer the Court to the statute for the best evidence of its content.

54.     Neither admit nor deny the allegations of Paragraph 54, as it states legal conclusions to which no response is required, and respectfully refer the Court to the cited statute for the best evidence of its content.  To the extent a response is deemed required, deny the allegations and respectfully refer the Court to the statute for the best evidence of its content.

55.     Neither admit nor deny the allegations of Paragraph 55, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, admit that

out-of-state permits are not valid in New York and deny the remainder of the allegations of Paragraph 55.

56.     Neither admit nor deny the allegations of Paragraph 56, as it states legal conclusions to which no response is required, and respectfully refer the Court to the cited case for the best evidence of its content.  To the extent a response is deemed required, deny the allegations and respectfully refer the Court to the case for the best evidence of its content.

57.     Neither admit nor deny the allegations of Paragraph 57, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, deny the allegations and respectfully refer the Court to the statute for the best evidence of its content.

58.     Neither admit nor deny the allegations of Paragraph 58, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, admit the allegations of the first sentence of Paragraph 58, admit that the quotation in the second sentence of Paragraph 58 is accurate, and respectfully refer the Court to the case for the best evidence of its content.

59.     Deny the allegations of Paragraph 59.

60.     Deny the allegations of Paragraph 60.

61.     Deny the allegations of Paragraph 61.

62.     Deny the allegations of Paragraph 62.

63.     Deny the allegations of Paragraph 63 and respectfully refer the Court to the cited statements for the best evidence of their contents.

64.     Deny the allegations of Paragraph 64.

65.     Deny the allegations of Paragraph 65.

66.   Neither admit nor deny the allegations of Paragraph 66, as it merely identifies an attached document, and no response is required.

67.   Neither admit nor deny the allegations of Paragraph 67, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, deny the allegations and respectfully refer the Court to the statute for the best evidence of its content.

68.   Neither admit nor deny the allegations of Paragraph 68, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, deny the allegations and respectfully refer the Court to the statute for the best evidence of its content.

69.   Deny the allegations of Paragraph 69.

70.   Neither admit nor deny the allegations of Paragraph 70, as it states legal conclusions to which no response is required, and respectfully refer the Court to the case for the best evidence of its content.  To the extent a response is deemed required, admit that the quotation from the cited case is accurate.

71.   Neither admit nor deny the allegations of Paragraph 71, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, deny the allegations and respectfully refer the Court to the statute and cases for the best evidence of their content.

72.   Neither admit nor deny the allegations of Paragraph 72, as it states legal conclusions to which no response is required, and respectfully refer the Court to the case for the best evidence of its content.  To the extent a response is deemed required, admit that the quotation from the cited case is accurate and otherwise deny the allegations.

73.     Deny the allegations of Paragraph 73.

74.     Deny the allegations of Paragraph 74.

75.     Neither admit nor deny the allegations of Paragraph 75, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, deny the allegations and respectfully refer the Court to the statute for the best evidence of its content.

76.     Deny the allegations of Paragraph 76.

77.     Deny the allegations of Paragraph 77.

78.     Deny the allegations of Paragraph 78.

79.     Deny the allegations of Paragraph 79.

80.     Deny the allegations of Paragraph 80.

81.     Neither admit nor deny the allegations of Paragraph 81, as it states legal conclusions to which no response is required.   To the extent a response is deemed required, admit that the CCIA requires the submission of character references, deny the remaining allegations, and respectfully refer the Court to the statute for the best evidence of its content.

82.     Deny the allegations of Paragraph 82.

83.     Neither admit nor deny the allegations of Paragraph 83, as it states legal conclusions to which no response is required, and respectfully refer the Court to the cases for the best evidence of their content.  To the extent a response is deemed required, admit that the quotations are accurate, deny the remaining allegations, and respectfully refer the Court to the statute and cases for the best evidence of their content.

84.     Admit the allegations of Paragraph 84.

85.     Deny the allegations of Paragraph 85.

86.    Neither admit nor deny the allegations of Paragraph 86, as it states legal conclusions to which no response is required, and respectfully refer the Court to the statute for the best evidence of its content.

87.    Deny the allegations of Paragraph 87.

88.    Neither admit nor deny the allegations of Paragraph 88, as it states legal conclusions to which no response is required, and respectfully refer the Court to the statute for the best evidence of its content.

89.    Neither admit nor deny the allegations of Paragraph 89, as it states legal conclusions to which no response is required, and respectfully refer the Court to the statute for the best evidence of its content.

90.    Neither admit nor deny the allegations of Paragraph 90, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, admit that the quotation from the CCIA is accurate, deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs Terrille and Jonson, deny the remaining allegations, and respectfully refer the Court to the statute for the best evidence of its content.

91.    Neither admit nor deny the allegations of Paragraph 91, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, admit that the quotation from the CCIA is accurate, deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Mann, deny the remaining allegations, and respectfully refer the Court to the statute for the best evidence of its content.

92.     Deny knowledge or information sufficient to form a belief as to the truth of the
        allegations of Paragraph 92.

93.     Neither admit nor deny the allegations of Paragraph 93, as it states legal conclusions to
        which no response is required.   To the extent a response is deemed required, deny
        knowledge or information sufficient to form a belief as to the allegations concerning
        Plaintiff Mann, admit that the CCIA prohibits guns in locations "providing health,
        behavioral health, or chemical dependance care or services" and at "any gathering of
        individuals to collectively express their constitutional rights to protest or assemble,"
        subject to certain exceptions, deny the remaining allegations, and respectfully refer the
        Court to the statute for the best evidence of its content.

94.     Neither admit nor deny the allegations of Paragraph 94, as it states legal conclusions to
        which no response is required.  To the extent a response is deemed required, deny the
        allegations and respectfully refer the Court to the statute for the best evidence of its
        content.

95.     Neither admit nor deny the allegations of Paragraph 95, as it states legal conclusions to
        which no response is required.   To the extent a response is deemed required, deny
        knowledge or information sufficient to form a belief as to the truth of the allegations
        regarding Plaintiffs Terrille and Mann, admit that the quotation from the CCIA is
        accurate, deny the remaining allegations, and respectfully refer the Court to the statute for
        the best evidence of its content.

96.     Neither admit nor deny the allegations of the first sentence of Paragraph 96, as it states
        legal conclusions to which no response is required.  To the extent a response is deemed
        required, admit that the CCIA bans firearms in certain residential locations providing

services for those communities, otherwise deny the allegations of the first sentence, and respectfully refer the Court to the statute for the best evidence of its content.  Deny knowledge or information sufficient to form a belief as to the truth of the second sentence of Paragraph 96.

97.     Neither admit nor deny the allegations of Paragraph 97, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, deny the allegations, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff Mann, and respectfully refer the Court to the statute for the best evidence of its content.

98.     Neither admit nor deny the allegations of Paragraph 98, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, deny the allegations, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs Terrille and Mann, and respectfully refer the Court to the statutes for the best evidence of their content.

99.     Neither admit nor deny the allegations of Paragraph 99, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, deny the allegations, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs Johnson and Terrille, and respectfully refer the Court to the statute for the best evidence of its content.

100.    Neither admit nor deny the allegations of Paragraph 100, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, deny the allegations, except deny knowledge or information sufficient to form a belief as to the

truth of the allegations concerning Plaintiffs Terrille and Mann, and respectfully refer the Court to the statute for the best evidence of its content.

101. Neither admit nor deny the allegations of Paragraph 101, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, deny the allegations, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs Johnson and Terrille, and respectfully refer the Court to the statute for the best evidence of its content.

102. Neither admit nor deny the allegations of Paragraph 102, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, deny the allegations, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs Johnson, Terrille, and Mann, and respectfully refer the Court to the statute for the best evidence of its content.

103. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103.

104. Neither admit nor deny the allegations of Paragraph 104, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, deny the allegations and respectfully refer the Court to the statute for the best evidence of its content.

105. Deny the allegations of Paragraph 105 and respectfully refer the Court to the cited statement for the best evidence of its content.

106. Deny the allegations of the first sentence of Paragraph 106.  Deny knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 106.

107. Neither admit nor deny the allegations of Paragraph 107, as it states legal conclusions to which no response is required. To the extent a response is deemed required, admit that the quotation is accurate and respectfully refer the Court to the statute for the best evidence of its content.

108. Neither admit nor deny the allegations of Paragraph 108, as it states legal conclusions to which no response is required. To the extent a response is deemed required, admit that a violation is a class E felony and respectfully refer the Court to the statute for the best evidence of its content.

109. Neither admit nor deny the allegations of Paragraph 109, as it states legal conclusions to which no response is required. To the extent a response is deemed required, deny the allegations, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs Leman and Antonyuk, and respectfully refer the Court to the statute for the best evidence of its content.

110. Deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 110.

111. Neither admit nor deny the allegations of Paragraph 111, as it states legal conclusions to which no response is required. To the extent a response is deemed required, admit that the quotation from Bruen is accurate, deny the remaining allegations, and respectfully refer the Court to the case for the best evidence of its content.

112. Deny the allegations of Paragraph 112.

113. Neither admit nor deny the allegations of Paragraph 113, as it states legal conclusions to which no response is required. To the extent a response is deemed required, admit that

the quotations are accurate, deny the remaining allegations, and respectfully refer the Court to the statute and cases for the best evidence of their content.

114.   Deny the allegations of Paragraph 114.

115.   Deny the allegations of Paragraph 115.

116.   Deny the allegations of Paragraph 116.

117.   Deny the allegations of Paragraph 117.

118.   Deny the allegations of Paragraph 118.

119.   Neither admit nor deny the allegations of Paragraph 119, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, deny the allegations, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Leman, and respectfully refer the Court to the statute for the best evidence of its content.

120.   Neither admit nor deny the allegations of Paragraph 120, as it states legal conclusions and merely paraphrases a case, and no response is therefore required.  To the extent a response is deemed required, admit that the quotations are accurate, otherwise deny all allegations, and respectfully refer the Court to the case for the best evidence of its content.

121.   Deny the allegations of Paragraph 121.

122.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 regarding Plaintiff Leman.  Neither admit nor deny the remaining allegations of Paragraph 122, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, deny the allegations and respectfully refer the Court to the statute for the best evidence of its content.

123.   Deny the allegations of Paragraph 123.

124.   Neither admit nor deny the allegations of Paragraph 124, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, admit that the CCIA requires a minimum of sixteen hours of in person live curriculum and two hours of live fire training for new applicants or first renewals, deny the remaining allegations, and respectfully refer the Court to the statute for the best evidence of its content.

125.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 125.

126.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 126.

127.   Admit that the quoted language in the first sentence of Paragraph 127 appeared in Superintendent Bruen's briefing in the earlier case.  Deny the last sentence of Paragraph 127, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

128.   Deny the allegations of Paragraph 128 and respectfully refer the Court to the statement for the best evidence of its content.

129.   Deny the allegations of the first sentence of Paragraph 129.  Neither admit nor deny the allegations of the second sentence of Paragraph 129, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, deny the allegations of the second sentence of Paragraph 129 and respectfully refer the Court to the relevant statues for the best evidence of their content.

130. Deny the allegations of Paragraph 130, and respectfully refer the Court to the case for the best evidence of its content.

131. Deny the allegations of Paragraph 131.

132. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 132.

133. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 133.

134. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 134.

135. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 135.

136. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 136.

137. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 137.

138. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 138.

139. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 139.

140. Deny knowledge or information sufficient to form a belief as to whether Plaintiff Antonyuk is a property owner.  Neither admit nor deny the remaining allegations of Paragraph 140, as they state legal conclusions to which no response is required.  To the

extent a response is deemed required, deny the allegations and respectfully refer the Court to the statute for the best evidence of its content.

141. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 141.

142. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 142.

143. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 143.

144. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 144.

145. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 145.

146. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 146.

147. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 147.

148. Neither admit nor deny the allegations of Paragraph 148, as it states legal conclusions to which no response is required, and respectfully refer the Court to the cases for the best evidence of their content.

149. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 149.

150. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 150.

151.    Deny knowledge or information sufficient to form a belief as to the truth of the
         allegations of Paragraph 151.

152.    Deny knowledge or information sufficient to form a belief as to the truth of the
         allegations of Paragraph 152, except denies the assertion that parks are not sensitive
         locations.

153.    Deny knowledge or information sufficient to form a belief as to the truth of the
         allegations of Paragraph 153.

154.    Deny knowledge or information sufficient to form a belief as to whether Plaintiff Johnson
         eats at restaurants or intends to carry his firearm into one.  Neither admit nor deny the
         remaining allegations of Paragraph 154, as they state legal conclusions to which no
         response is required.  To the extent a response is deemed required, deny the allegations
         and respectfully refer the Court to the statute for the best evidence of its content.

155.    Deny knowledge or information sufficient to form a belief as to the truth of the
         allegations of Paragraph 155.

156.    Deny knowledge or information sufficient to form a belief as to the truth of the
         allegations of Paragraph 156.

157.    Deny knowledge or information sufficient to form a belief as to the truth of the
         allegations of the first and third sentences of Paragraph 157.  Deny the allegations of the
         second sentence of Paragraph 157.

158.    Deny knowledge or information sufficient to form a belief as to the truth of the
         allegations of Paragraph 158.

159.    Deny knowledge or information sufficient to form a belief as to the truth of the
         allegations of Paragraph 159, except neither admit nor deny the allegations of the third

sentence of Paragraph 159, as it states legal conclusions to which no response is required. To the extent a response is deemed required, deny the allegations and respectfully refer the Court to the statute for the best evidence of its content.

160.   Deny the allegations of the first two sentences of Paragraph 160.  Deny knowledge or information sufficient to form a belief as to the third sentence of Paragraph 160.

161.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 161, except neither admit nor deny the allegations of the second sentence of Paragraph 161, as it states legal conclusions to which no response is required.

162.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 162.

163.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 163.

164.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 164.

165.   Deny the allegations of Paragraph 165.

166.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 166.

167.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 167.

168.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first, second, third, and sixth sentences of Paragraph 168.  Neither admit nor deny the remaining allegations of Paragraph 168, as they state legal conclusions to which no response is required.  To the extent a response is deemed

required, deny the allegations and respectfully refer the Court to the statute for the best evidence of its content.

169. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 169.  Deny the remaining allegations of Paragraph 169.

170. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 170.

171. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 171.

172. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 172, except neither admit nor deny the allegations of the fourth sentence of Paragraph 172, as it states legal conclusions to which no response is required. To the extent a response is deemed required, deny the allegations and respectfully refer the Court to the statute for the best evidence of its content.

173. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 173, except neither admit nor deny the allegations of the third sentence of Paragraph 173, as it states legal conclusions to which no response is required. To the extent a response is deemed required, admit that the CCIA prohibits carrying weapons in conference centers or banquet halls, subject to certain exceptions, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and respectfully refer the Court to the statute for the best evidence of its content.

174.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 174.

175.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 175.

176.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 176.

177.     Deny the allegations of the first sentence of Paragraph 177, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 177.

178.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 178.

179.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 179.

180.     Deny the allegations of Paragraph 180.

181.     Neither admit nor deny the allegations of the first sentence of Paragraph 181, as it states legal conclusions to which no response is required, and respectfully refer the Court to the statute for the best evidence of its content.  To the extent a response is deemed required, admit that the CCIA defines places of worship or religious observation as sensitive locations, deny the remaining allegations, and respectfully refer the Court to the statute for the best evidence of its content.  Deny knowledge or information sufficient to form a belief as to the truth of the second sentence of Paragraph 181.

182.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 182.

183.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 183.

184.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 184, except neither admit nor deny the allegations of the third sentence of Paragraph 184, as it states legal conclusions to which no response is required. To the extent a response is deemed required, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the third sentence of Paragraph 184 and respectfully refer the Court to the statute for the best evidence of its content.

185.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 185.

186.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 186.

187.    Deny the first sentence of Paragraph 187 and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 187.

188.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 188.

189.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 189, except neither admit nor deny the allegations of the second sentence of Paragraph 184, as it states legal conclusions to which no response is required. To the extent a response is deemed required, deny knowledge or information sufficient to form a belief as to the truth of the allegations and respectfully refer the Court to the statute for the best evidence of its content.

190. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 190, except deny the allegations of the third sentence of Paragraph 190.

191. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 191.

192. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 192, except neither admit nor deny the allegations of the second sentence of Paragraph 192, as it states legal conclusions to which no response is required. To the extent a response is deemed required, deny knowledge or information sufficient to form a belief as to the truth of the allegations and respectfully refer the Court to the statute for the best evidence of its content.

193. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 193, except neither admit nor deny the allegations of the second sentence of Paragraph 193, as it states legal conclusions to which no response is required. To the extent a response is deemed required, deny knowledge or information sufficient to form a belief as to the truth of the allegations and respectfully refer the Court to the statute for the best evidence of its content.

194. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 194.

195. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 195.

196. Neither admit nor deny the allegations of Paragraph 196, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, deny

knowledge or information sufficient to form a belief as to the truth of the allegations and respectfully refer the Court to the statute for the best evidence of its content.

197. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 197.

198. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 198.

199. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 199.

200. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 200.

201. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 201.  Deny the allegations of the second sentence of Paragraph 201.

202. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 202.

203. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 203.

204. Deny the allegations of Paragraph 204.

205. Deny the allegations of the first sentence of Paragraph 205.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of Paragraph 205.

206. Deny the allegations of Paragraph 206.

207.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 207.

208.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 208.

209.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 209.

210.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 210.

211.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 211.

212.    Deny the allegations of Paragraph 212.

213.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 213.  Deny the second sentence of Paragraph 213.

214.    Deny the allegations of Paragraph 214.

215.    Deny the allegations of Paragraph 215.

216.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 216.

217.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 217.

218.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 218.

219.    Neither admit nor deny the allegations of Paragraph 219, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, admit that Plaintiff Sloane challenges the provisions described but deny that his challenge is meritorious.  Refer the Court to the statute for the best evidence of its content.

220.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first and third sentences of Paragraph 220.  Deny the allegations of the second sentence of Paragraph 220.

221.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 221.

222.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 222.

223.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 223.

224.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 224.

225.    Neither admit nor deny the allegations of Paragraph 225, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 225 and deny the allegations of the second sentence of Paragraph 225.

226.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 226.

227.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations of Paragraph 227.

228.    Neither admit nor deny the allegations of Paragraph 228, as it states legal conclusions to
which no response is required.  To the extent a response is deemed required, deny
knowledge or information sufficient to form a belief as to the truth of the allegations and
respectfully refer the Court to the statute for the best evidence of its content.

229.    Neither admit nor deny the allegations of Paragraph 229, as it states legal conclusions to
which no response is required.  To the extent a response is deemed required, deny the
allegations and respectfully refer the Court to the statute for the best evidence of its
content.

230.    Neither admit nor deny the allegations of Paragraph 230, as it states legal conclusions to
which no response is required.  To the extent a response is deemed required, admit that
the quoted passages appear in the cited opinion and respectfully refer the Court to the
case for the best evidence of its content.

231.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations of Paragraph 231.

232.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations of Paragraph 232.

233.    Repeat and reallege the responses in the paragraphs above as though fully set forth
herein.

234.    Deny the allegations of Paragraph 234.

235.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations of Paragraph 235.

236.   Neither admit nor deny the allegations of Paragraph 236, as it states legal conclusions to which no response is required. To the extent a response is deemed required, admit that the quotation is accurate and respectfully refer the Court to the case for the best evidence of its content..

237.   Neither admit nor deny the allegations of Paragraph 237, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, deny the allegations.

238.   Neither admit nor deny the allegations of Paragraph 238, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, deny the allegations.

239.   Deny the allegations of Paragraph 239.

240.   Neither admit nor deny the allegations of Paragraph 240, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, deny the allegations and respectfully refer the Court to the case and statute for the best evidence of their content.

241.   Deny the allegations of Paragraph 241.

242.   Deny the allegations of Paragraph 242.

243.   Deny the allegations of Paragraph 243

244.   Deny the allegations of Paragraph 244.

245.   Deny the allegations of Paragraph 245.

246.   Repeat and reallege the responses in the paragraphs above as though fully set forth herein.

247.   Deny the allegations of Pragraph 247.

248.   Deny the allegations of Paragraph 248.

249.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 249.

250.   Deny the allegations of Paragraph 250.

251.   Neither admit nor deny the allegations of Paragraph 251, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, deny the allegations and respectfully refer the Court to the statute and cases for the best evidence of their content.

252.   Neither admit nor deny the allegations of Paragraph 252, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, deny the allegations and respectfully refer the Court to the statute and cases for the best evidence of their content.

253.   Deny the allegations of Paragraph 253.

254.   Deny the allegations of Paragraph 254.

255.   Deny the allegations of Paragraph 255.

256.   Neither admit nor deny the allegations of Paragraph 256, as it states legal conclusions to which no response is required, and respectfully refer the Court to the cited provision for the best evidence of its content.

257.   Deny the allegations of Paragraph 257.

258.   Deny the allegations of Paragraph 258.

259.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 259.

260.   Deny the allegations of Paragraph 260.

261.    Neither admit nor deny the allegations of Paragraph 261, as it states legal conclusions to which no response is required, and respectfully refer the Court to the statute for the best evidence of its content.

262.    Deny the allegations of Paragraph 262, except admit that the quotation from the <u>Kastigar</u> case is correct.

263.    Neither admit nor deny the allegations of Paragraph 263, as it states legal conclusions to which no response is required, and respectfully refer the Court to the statute for the best evidence of its content.

264.    Deny the allegations of Paragraph 264.

265.    Deny the allegations of Paragraph 265

266.    Admit that the Plaintiffs seek the relief described in the "Prayer for Relief" section of the Complaint, but deny that Plaintiffs are entitled to the relief requested.

<b><u>AS AND FOR A FIRST DEFENSE</u></b>

267.    The Complaint fails to state a claim for which relief can be granted.

<b><u>AS AND FOR A SECOND DEFENSE</u></b>

268.    The State Defendants have not violated or deprived Plaintiffs of any rights, privileges, or immunities under the Constitution or laws of the United States, the State of New York, or any political subdivisions thereof.

<b><u>AS AND FOR A THIRD DEFENSE</u></b>

269.    The Court lacks subject-matter jurisdiction over this case.

<b><u>AS AND FOR A FOURTH DEFENSE</u></b>

270.    One or more plaintiffs lack standing to sue.

<b><u>AS AND FOR A FIFTH DEFENSE</u></b>

271. The acts or omissions of the State Defendants did not proximately cause any of the alleged deprivations, losses, or injuries of which Plaintiffs complain.

## AS AND FOR A SIXTH DEFENSE

272. Plaintiffs' claims are barred, in whole or in part, by sovereign or Eleventh Amendment immunity.

## AS AND FOR A SEVENTH DEFENSE

273. Judge Doran is protected by judicial immunity.

## AS AND FOR A EIGHTH DEFENSE

274. Each of the challenged statutes can be constitutionally applied in at least some circumstances, and has a plainly legitimate sweep.

## AS AND FOR A NINTH DEFENSE

275. The challenged statutes do not burden conduct protected by the text of the Second Amendment.

## AS AND FOR A TENTH DEFENSE

276. The challenged statutes are fully supported by law, history, and tradition.

## AS AND FOR A ELEVENTH DEFENSE

277. The State Defendants may rely upon any other and/or additional applicable defense raised by another defendant to this action

## AS AND FOR A TWELFTH DEFENSE

278. The State Defendants intend to rely upon any other and/or additional applicable defense that is now or may become available during the proceedings in this action, and reserve the right to amend this Answer to assert such defense or defenses.

WHEREFORE, the State Defendants respectfully request that the Court enter judgment dismissing the Complaint in its entirety and with prejudice, and awarding such other and further relief as the Court deems just and proper.

Dated: Albany, New York
December 8, 2022

LETITIA JAMES
Attorney General
State of New York

By

James M. Thompson
Special Counsel
Bar Roll No. 703513
28 Liberty Street
New York, NY 10005
(212) 416-6556
james.thompson@ag.ny.gov

Michael G. McCartin
Special Counsel
Bar Roll No. 511158
Alexandria Twinem
Assistant Solicitor General
Bar Roll No. 703907
The Capitol
Albany, NY 12224
Tel.: (518) 776-2620
Michael.McCartin@ag.ny.gov
Alexandria.Twinem@ag.ny.gov

*Attorney for the State Defendants*