**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**HONORABLE GLENN T. SUDDABY**

<u>**UNIFORM PRETRIAL SCHEDULING ORDER**</u>

**Ivan Antonyuk, et al.**

Civil No. **22-CV-986**

vs.                                                                          **GTS/PJE**

**Steven A. Nigrelli, et al.**

Counsel for all parties having reported on the status of this action as directed by the Court, and the Court having considered the positions of the respective counsel regarding a schedule for the progression of the case,

**IT IS ORDERED** that:

**(1)    THE DEADLINES SET IN THIS SCHEDULING ORDER SUPERSEDE THE DEADLINES SET FORTH IN FED. R. CIV. P.26(a)(3) AND ARE FIRM AND WILL NOT BE EXTENDED, EVEN BY STIPULATION OF THE PARTIES, ABSENT GOOD CAUSE.  *See* Fed. R. Civ. P. 16(b).**

**(2)    <u>VENUE MOTIONS</u>** are to be filed **within sixty (60) days of the date of this Order** following the procedures set forth in Local Rule 7.1 (a)(2) and are to be made returnable before the assigned Magistrate Judge.

**(3)    <u>JURISDICTION MOTIONS</u>** are to be <u>filed</u> **within sixty (60) days of the date of this Order** following the procedures set forth in Local Rule 7.1 (a)(1) (unless a party who is not an attorney is appearing pro se, in which case L.R. 7.1 (b)(2) should be followed) and are to be made returnable before Judge Suddaby.

**(4)    <u>JOINDER OF PARTIES:</u>** Any motion to join any person as a party to this action shall be made on or before <u>**July 15, 2025**</u>.

**(5)    <u>AMENDMENT OF PLEADINGS:</u>** Any motion to amend any pleading in this action shall be made on or before <u>**July 31, 2025**</u>.

**(6)    <u>STATUS REPORT:</u>** The parties are directed to file a status report on or before **to be set as a conference**.

**(7)    <u>DISCOVERY:</u>**

Rule 26(a)(1) Mandatory Disclosures are to be exchanged by .

1

Initial Written Discovery Demands must be served by .

All discovery in this matter is to be **completed** on or before **January 2, 2026**. Service of discovery requests must be made a sufficient number of days before this deadline to allow responses to be served before the cut-off. Please refer to Local Rule 16.2 (Discovery Cut-Off).

**Special procedures for management of expert witnesses:**

There shall be binding disclosure of the identity of expert witnesses (including a curriculum vitae) as set forth below.

**(A)** **Expert Reports**:  With regard to experts who are retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony:

> **(i)** No later than **October 31, 2025, 90 days prior to the discovery deadline** set in Paragraph (7) above, **plaintiff(s)** shall identify any expert(s) and, unless waived, shall serve on the other parties the expert's written report pursuant to Fed. R. Civ. P. 26(a)(2)(B).

> **Note**:  When a treating physician is expected to be called as a witness, he or she must also be identified in accordance with this rule.  The production of written reports prepared by a treating physician, pursuant to Fed. R. Civ. P. 26(a)(2)(B), is encouraged as an aid to settlement, but not required.  In the case of any treating professional or other expert witness not required by the court's rules to provide a written report, the party anticipating calling the witness must also disclose at least 90 days prior to the close of discovery, the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705 and a summary of the facts and opinions to which the witness is expected to testify, pursuant to Fed. R. Civ. P. 26(a)(2)(C).

> **(ii)** No later than **December 15, 2025, 45 days prior to the discovery deadline** set in Paragraph (7) above, **defendant(s)** shall identify any expert(s) and, unless waived, shall serve on the other parties the expert's written report pursuant to Fed. R. Civ. P. 26(a)(2)(B).

> **(iii)** No later than **December 31, 2025, 30 days prior to the discovery deadline** set in Paragraph (7) above, **all parties** must identify all experts who will contradict or rebut evidence on the same subject matter identified by another party under Subparagraphs 7(A)(i) and (ii) above, and unless waived, shall serve on the other

parties such expert's written report pursuant to Fed. R. Civ. P. 26(a)(2)(B).

**(iv)**    No **deposition of experts** shall be taken until **after** the exchange of the expert reports, **UNLESS THE PARTIES AGREE.**

**(v)**    Motions to preclude expert witness testimony must be filed and served on or before the motion deadline as set forth in Paragraph (8) below.

**(B)    Failure to comply**:  The failure to comply with the deadlines set forth in Subparagraph (A) above may result in the imposition of sanctions, including the preclusion of testimony, pursuant to Fed. R. Civ. P. 16(f).

**(C)    Unavailability of Expert Witness**:  In order to avoid the possibility of the unavailability of an expert witness at the time set for trial, counsel may preserve the testimony of such witness as outlined in Paragraph (13)(D)(ii) below for use at trial. In the absence of same, the trial will proceed without such testimony.

**(8)    MOTIONS**:  Other than those made under Paragraphs (2) and (3) above, motions are to be **filed on or before February 20, 2026**.

**(A)    Non-Dispositive Motions**:  Non-dispositive motions (except venue motions-paragraph (2) above-and motions for injunctive relief) shall **NOT** be filed until after a conference with the Magistrate Judge, which is to be arranged through the Courtroom Deputy Clerk assigned to the Magistrate Judge. Before requesting such a conference to resolve discovery disputes, the parties must have complied with Local Rule 37.1.

Non-dispositive motions, including discovery motions, shall be filed in accordance with Local Rule 7.1 (a)(2) and, except for motions for injunctive relief, shall be made returnable before the assigned Magistrate Judge. Motions for injunctive relief shall be made returnable before Judge Suddaby, unless the case has been referred to a Magistrate Judge pursuant to 28 U.S.C. § 636(c) ("consent" jurisdiction).

**(B)    Dispositive Motions:**    Dispositive motions shall be filed in accordance with Local Rule 7.1(a) and shall be made returnable before Judge Suddaby, unless the case has been assigned to a Magistrate Judge on consent of the parties pursuant to 28 U.S.C. § 636(c).

**(9)    TRIAL DATES:**

**(A)    TRIAL READY DATE**

**(i)    When no dispositive motion is filed**, the motion filing deadline becomes the trial ready date.  The Court will issue a notice scheduling a Final Pretrial Conference and Trial Date.  Counsel may contact Judge Suddaby's Courtroom Clerk, at any time, to request that a settlement conference or trial date be scheduled.

**(ii)    When a dispositive motion is filed and the motion filing deadline has expired**, the case is marked trial ready upon issuance of the motion.  Judge Suddaby's Courtroom Clerk will contact counsel after issuance of the Court's decision on the motion to schedule a pretrial conference.  Any request for an extension of the Rule 16 Uniform Pretrial Order deadline(s) will be addressed by Judge Suddaby at the time of the conference.

**(iii)    When a dispositive motion is filed and the motion filing deadline HAS NOT expired**, the case will continue on the pretrial schedule previously set in the Rule 16 Uniform Pretrial Scheduling Order.  Any request for an extension of the Rule 16 Uniform Pretrial Order deadline(s) should be addressed by the assigned Magistrate Judge.

**(B)    TRIAL DATE**:  It is anticipated that the trial will take approximately **2-3** days to complete.  This is a **non-jury** trial.

**Note**:  The unavailability of any witness, expert or otherwise, will not be grounds for a continuance.  To avoid a trial going forward without the testimony of an unavailable witness, counsel shall preserve the appropriate testimony, for trial, by written or video-taped deposition.

**(10)    Consent to Magistrate Judge**:  In accordance with the provisions of 28 U.S.C. §636(c) and Fed. R. Civ. P. 73, you are notified that a United States Magistrate Judge of this District Court is available to conduct any or all proceedings in this case including a jury or non-jury trial, and to order the entry of a final judgment.  Exercise of this jurisdiction by a Magistrate Judge is only permitted if all parties voluntarily consent.  An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for the judicial circuit in the same manner as an appeal from any other judgment of this District Court.  A consent form to the Magistrate Judge is attached to this order.

**(11)    Settlement Conference**:  A settlement conference may be scheduled at the Court's direction or by the request of counsel AT ANY TIME.  In addition to counsel, a representative of each party with **settlement authority must** personally attend the settlement conference, unless prior permission is granted by the Court to attend via telephone or video conference.  **A pretrial/settlement conference statement form is attached and must be submitted to the Courtroom Clerk's attention *one week* prior to the scheduled conference** by email at MFT.  Counsel are directed **NOT** to serve the settlement statement on opposing counsel.

**(12)  Assessment of Juror Costs**:  The parties are advised that pursuant to Local Rule 47.3, whenever any civil action scheduled for a jury trial is postponed, settled, or otherwise disposed of in advance of the actual trial, then, except for good cause shown, all juror costs, including Marshal's fees, mileage, and per diem, shall be assessed against the parties and/or their counsel as directed by the Court, unless the Court and the Clerk's Office are notified at least one full business day prior to the day on which the action is scheduled for trial in time to advise the jurors that it will be unnecessary for them to attend.

**(13)  Pretrial Submissions**:

**(A)  Non-Jury Trials**:  One week before the Final Pretrial Conference date or on any other date set by the Court, counsel shall electronically file the following documents with the Clerk's Office, *with a copy served upon opposing counsel*:

- Joint Pretrial Stipulation (*see* Subparagraph (C) below);
- Prepared Findings of Fact and Conclusions of Law;
- Witness List (*see* Subparagraph (D)(i) below);
- Exhibit Lists (*see* Subparagraph (E)(i) below);
- Trial Brief concerning evidentiary issues (*see* Subparagraph (H) below);
- All deposition transcripts in dispute (including video-taped depositions) to be used at trial (*see* Subparagraph (G) below); and
- Motions in Limine (*see* Subparagraph (F) below).

**(B)  Jury Trials**:  One week before the Final Pretrial Conference Date or on any other date set by the Court, counsel shall electronically file the following documents with the Clerk's Office, *with a copy served upon opposing counsel*:

- Joint Pretrial Stipulation (*see* Subparagraph (C) below);
- Court Ordered Voir Dire (*see* Attachment #1);
- Proposed Voir Dire;
- Witness Lists (*see* Subparagraph (D)(i) below);
- Exhibit Lists (*see* Subparagraph (E)(i) below);
- Trial Brief (*see* Subparagraph (H) below);
- Requests to Charge, including proposed Special Verdict Form (*see* Subparagraph (I) below);
- All deposition transcripts in dispute (including video-taped depositions) to be used at trial (*see* Subparagraph (G) below); and
- Motions in Limine (*see* Subparagraph (F) below).

**(C)**    <u>**Joint Pretrial Stipulations**</u>:  A joint pretrial stipulation subscribed by counsel for all parties shall be electronically filed with the Clerk's Office and shall contain:

    **(i)**    The basis of federal jurisdiction;

    **(ii)**    A list of all exhibits which can be stipulated into evidence or that will be offered without objection as to foundation; and

    **(iii)**    Relevant (1) facts not in dispute, (2) facts in dispute, and (3) issues of law to be considered and applied by the Court.

**(D)**    <u>**Witnesses**</u>:

    **(i)**    One week before the Final Pretrial Conference date, or on any other date set by the Court, counsel shall electronically file with the Clerk's Office, with a copy to opposing counsel, the following information regarding the witnesses that may be called to testify at trial other than solely for impeachment purposes.

        **(a)**    The name and address (city and state) of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises, as well as a brief summary of the testimony to be offered by each witness.

        **(b)**    The designation of those witnesses whose testimony is expected to be presented by means of a deposition (including video-taped deposition), specifically identifying the pertinent portions of the deposition testimony to be offered.

    **(ii)    The unavailability of any witness, expert, or otherwise, will not be grounds for a continuance.**  In order to avoid the possibility of going forward with the trial without testimony of an unavailable witness, counsel, where appropriate, shall preserve same before the trial date by written or video-taped deposition for possible use at trial.

**(E)**    <u>**Exhibits**</u>:

    **(i)**    <u>Exhibit Lists</u>:  Counsel shall electronically file with the Clerk's Office, with a copy to opposing counsel, an exhibit list on the form prescribed by the Court, a copy of which is attached to this Order. Counsel are to supply the exhibit number and exhibit description.  The remaining boxes shall be left blank for the Courtroom Deputy.

    **(ii)**    All documents and/or papers intended as exhibits or to be used during the course of trial, including but not limited to, documents, photographs, charts, diagrams, etc., shall be marked for identification in the manner prescribed below and must be assembled in **<u>BINDERS</u>** with each document properly marked at the lower right corner for

identification purposes as directed below.  Counsel shall provide a **separate** binder with a complete set of exhibits **for the Clerk and for the Court of the first day of trial**, and one binder to each opposing counsel.

The exhibits shall have been inspected by the opposing party and copied at their expense (unless waived), **NO LATER THAN ONE WEEK PRIOR TO THE FINAL PRETRIAL CONFERENCE DATE**. The exhibit binders for the Clerk and for the Court shall be presented to Judge Suddaby's Courtroom Deputy at the beginning of trial.

**\*NOTE: During the course of trial, the Courtroom Deputy shall take charge of exhibits which are <u>received into evidence</u>.  At the conclusion of the trial, the Courtroom Deputy will immediately return all of the exhibits to the proper parties. It is the responsibility of the parties to maintain the exhibits and to produce the exhibits for any appeal.  Videotaped deposition transcripts viewed at the trial shall be filed with the Clerk's Office and made part of the record and counsel is responsible for providing an additional copy of the transcript to the Courtroom Deputy.**

**(iii)** <u>Exhibit Markers</u>:  Counsel shall fill in the appropriate markers leaving the "Date entered" and "Deputy Clerk" lines blank.  All exhibits shall be assigned numbers by using a prefix of "P" for plaintiff, "D" for defendant, and "G" for Government.

Plaintiff's exhibits should be denoted as: P-1, P-2, P-3, etc. Defendant's exhibits should be denoted as: D-1, D-2, D-3, etc. Government's exhibits should be denoted as: G-1, G-2, G-3, etc. In cases involving multiple defendants, the exhibits shall be denoted with the initial of the last name of the defendant and its numerical identification number.

Stickers shall be affixed whenever possible to the lower right-hand corner of the exhibit.  If the exhibit marker is going to cover any information on the exhibit, then affix the marker to the reverse side of the exhibit.  Each exhibit shall also have an exhibit number in the upper right-hand corner of the exhibit. (P-1, P-2, etc. or D-1, D-2, etc.).

**(F)** **<u>Motions in Limine</u>**:  One week before the Final Pretrial Conference date, or on any other date set by the Court, counsel shall electronically file with the Clerk's Office, with a copy to opposing counsel, any motions *in limine*, citing the applicable rules of evidence and case law.  Counsel shall file an response to a Motion In Limine no later than **three days** before the

Final Pretrial Conference date. **MOTIONS IN LIMINE MAY NOT OTHERWISE BE FILED WITHOUT LEAVE OF THE COURT**.

**(G)    Depositions**: All depositions and video-taped depositions to be used at trial shall be brought to court on the day of trial.  Not less than four weeks prior to the trial date, each party shall indicate to the opposing party the portion of the video deposition to be offered.   To the extent possible, objections are to be resolved between the parties.  **One week before the Final Pretrial Conference**, counsel shall forward to the Judge's chambers any portions of a deposition transcript intended to be used in trial **that are in dispute** (including video-taped depositions) for ruling at the Final Pretrial Conference.  **The parties must provide an edited version of any DVD to be shown to the jury at trial deleting any portions ruled inadmissible by the Court.**  The Court does not have the capability to start and stop a video during trial to edit certain portions of the DVD.  All deposition transcripts, including videotaped depositions, that are not in dispute shall be brought to Court on the first day of trial.  Counsel shall provide the Court with an additional copy of the "redacted" transcript of all video deposition testimony which is put into evidence at trial and shall be made a part of the record for filing with the Clerk's Office.  **Counsel must confirm with the Court that the DVD format is compatible with the Courtroom equipment prior to the first day of trial.**

**(H)    Trial Briefs**:  One week before the Final Pretrial Conference date, or on any other date set by the Court, counsel shall electronically file with the Clerk's Office, with a copy to opposing counsel, a trial brief containing argument and citations on any and all disputed issues of law, citing the applicable rules of evidence and case law.  Trial Briefs should also include any evidentiary issues that are expected to arise.

**(I)    Requests to Charge**:  One week before the Final Pretrial Conference date, or on any other date set by the Court, counsel shall electronically file with the Clerk's Office a request to charge and a proposed Special Verdict Form, with a copy to opposing counsel, and email a copy of same in WordPerfect or Word format to Judge Suddaby's Courtroom Clerk at MFT. The request to charge need only include instructions that are specific to the law in this case regarding liability, damages, and any unusual issues.  The court has the usual boilerplate charge.

**(J)    Voir Dire**:  Counsel shall electronically file any proposed Voir Dire requests.  Each party shall submit a numbered list of questions which the court, in the exercise of its discretion, may use during jury selection, and counsel shall email a copy of any proposed Voir Dire questions in WordPerfect or Word format to Judge Suddaby's Courtroom Deputy at MFT.

**(K)    Court-Ordered Voir Dire**:  Counsel shall electronically file with the Clerk's Office the attached "Court-Ordered Voir Dire".

**(L)    Courtroom Technology**:  If the parties intend to utilize the courtroom equipment at the time of trial, counsel are directed to contact the Courtroom Deputy **prior** to the trial date to make arrangements for training and testing such equipment.   Please keep in mind that the Court does not provide a person to run the equipment during trial.  The courtroom is supplied with a DVD unit, visual evidence presenter, VGA connections for laptops (no internet), and interpreter/hearing impaired headsets.  All non-proprietary DVD's (*i.e.*, .avi, .mp3, .mp4, and .wmv) should be compatible with the Court's DVD player, however, **prior** to the trial date, counsel must confirm such compatibility for use at the time of trial.  If any portion of the DVD should be redacted, it is the responsibility of counsel to provide a redacted copy for use at trial.  Counsel may be required to utilize the visual presenter to publish exhibits to the jury.  The visual evidence presenter will allow counsel to display documents, photos, objects, x-rays, and electronic presentations on monitors placed throughout the courtroom and in the jury box with touch screen monitors at the podium and witness stand.  Laptop connections are available at the podium and at all counsel tables (no internet).  Please note that audio cables are not available and counsel should provide their own, if necessary.  If you are presenting evidence through a Macintosh laptop, a video convertor/adaptor is required and must be supplied by counsel.  In the event counsel's equipment is not compatible with the courtroom's equipment, the Court is not responsible for supplying additional electronic parts to remedy this.  **One week prior to the trial date** counsel may request that the court reporter provide a live realtime transcript or an end of day transcript.  **There is a charge for these services and financial arrangements should be made ahead of time with the court reporter.**  When requesting a live realtime transcript the following is required: 1) litigation support software, (*i.e.*, LiveNote, Bridge, Caseview); 2) hardware (*i.e.*, if laptop does not have a serial port, a USB to serial adaptor is required).  Additional courtroom technology information may be obtained on the court's webpage: www.nynd.uscourts.gov/courtroom-technology.

**(M)    Alternative Dispute Resolution**:

The assigned Magistrate Judge has exempted this case from the Court's Mandatory Mediation Program.

DATED:      July 8, 2025
            Albany, NY

_____
Paul J. Evangelista
U.S. Magistrate Judge

COURT ORDERED VOIR DIRE
TO BE USED BY THE JUDGE AT TRIAL

CASE TITLE: Ivan Antonyuk, et al. vs. Steven A. Nigrelli, et al.
CIVIL ACTION NO.: 22-CV-986
ASSIGNED JUDGE OR MAGISTRATE JUDGE: GLENN T. SUDDABY

## ATTACHMENT #(1)

  Each attorney is required to submit the following information on behalf of his/her client for use by the Court during Voir Dire and must be filed with the Court one week before the Final Pretrial Conference, or any other date set by the Court.

**NAMES AND ADDRESSES OF ALL PARTIES TO THE LAWSUIT:**

(use additional page if necessary)

**YOUR NAME, FIRM NAME, ADDRESS AND THE NAME OF ANY PARTNER OR ASSOCIATE WHO MAY BE AT COUNSEL TABLE DURING THE COURSE OF THE TRIAL.**

(use additional page if necessary)

**SET FORTH THE DATE OF THE OCCURRENCE, THE PLACE OF THE OCCURRENCE AND A BRIEF STATEMENT OF THE EVENTS CENTRAL TO THE LITIGATION.**

(use additional page if necessary)

**SET FORTH THE NAMES AND ADDRESSES OF ALL LAY WITNESSES TO BE CALLED.**

(use additional page if necessary)

**SET FORTH THE NAMES AND ADDRESSES OF ALL EXPERT WITNESSES TO BE CALLED GIVING A BRIEF DESCRIPTION OF THEIR AREAS OF EXPERTISE.**

(use additional page if necessary)

**SET FORTH A BRIEF DESCRIPTION OF EACH AND EVERY CAUSE OF ACTION IN THE COMPLAINT.**

(use additional page if necessary)

**SET FORTH A BRIEF DESCRIPTION OF EACH AND EVERY AFFIRMATIVE DEFENSE ASSERTED AS WELL AS A STATEMENT ADDRESSING ANY COUNTERCLAIMS RAISED IN THE ANSWER.**

(use additional page if necessary)

-------------------------------------------------------------------------------

**PLEASE TAKE NOTICE** that any delay in jury selection occasioned by the failure to provide this information will be explained to the jury as to the extent of the delay and the attorney causing same and if the delay causes a one (1) day or more postponement of this trial, appropriate monetary sanctions will be imposed by the Court.

Submitted by: _____

Date: _____

| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**NORTHERN DISTRICT OF NEW YORK**<br><br>CASE NO. **22-CV-986**<br><br>PLAINTIFF EXHIBIT NO. _____<br><br>DATE ENTERED _____<br>    **JOHN M. DOMURAD, CLERK**<br><br>BY: _____<br>            DEPUTY CLERK | **UNITED STATES DISTRICT COURT**<br>**NORTHERN DISTRICT OF NEW YORK**<br><br>CASE NO. **22-CV-986**<br><br>DEFENDANT EXHIBIT NO. _____<br><br>DATE ENTERED _____<br>    **JOHN M. DOMURAD, CLERK**<br><br>BY: _____<br>            DEPUTY CLERK |
| **UNITED STATES DISTRICT COURT**<br>**NORTHERN DISTRICT OF NEW YORK**<br><br>CASE NO. **22-CV-986**<br><br>PLAINTIFF EXHIBIT NO. _____<br><br>DATE ENTERED _____<br>    **JOHN M. DOMURAD, CLERK**<br><br>BY: _____<br>            DEPUTY CLERK | **UNITED STATES DISTRICT COURT**<br>**NORTHERN DISTRICT OF NEW YORK**<br><br>CASE NO. **22-CV-986**<br><br>DEFENDANT EXHIBIT NO. _____<br><br>DATE ENTERED _____<br>    **JOHN M. DOMURAD, CLERK**<br><br>BY: _____<br>            DEPUTY CLERK |
| **UNITED STATES DISTRICT COURT**<br>**NORTHERN DISTRICT OF NEW YORK**<br><br>CASE NO. **22-CV-986**<br><br>PLAINTIFF EXHIBIT NO. _____<br><br>DATE ENTERED _____<br>    **JOHN M. DOMURAD, CLERK**<br><br>BY: _____<br>            DEPUTY CLERK | **UNITED STATES DISTRICT COURT**<br>**NORTHERN DISTRICT OF NEW YORK**<br><br>CASE NO. **22-CV-986**<br><br>DEFENDANT EXHIBIT NO. _____<br><br>DATE ENTERED _____<br>    **JOHN M. DOMURAD, CLERK**<br><br>BY: _____<br>            DEPUTY CLERK |
| **UNITED STATES DISTRICT COURT**<br>**NORTHERN DISTRICT OF NEW YORK**<br><br>CASE NO. **22-CV-986**<br><br>PLAINTIFF EXHIBIT NO. _____<br><br>DATE ENTERED _____<br>    **JOHN M. DOMURAD, CLERK**<br><br>BY: _____<br>            DEPUTY CLERK | **UNITED STATES DISTRICT COURT**<br>**NORTHERN DISTRICT OF NEW YORK**<br><br>CASE NO. **22-CV-986**<br><br>DEFENDANT EXHIBIT NO. _____<br><br>DATE ENTERED _____<br>    **JOHN M. DOMURAD, CLERK**<br><br>BY: _____<br>            DEPUTY CLERK |

Page 1 of ____

**United States District Court**
**Northern District Of New York**

Case No: **22-CV-986**
Date: _____
Presiding Judge: **Glenn T. Suddaby**

□ Plaintiff              □ Defendant              □ Court

| Exhibit No. | Marked for Identification | Admitted Into Evidence | Remarks | Witness | Exhibit Description |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Exhibits Returned to Counsel (Date): _____

Signature: _____

Case No. **22-CV-986**

Page _____ of _____

| Exhibit No. | Marked for Identification | Admitted Into Evidence | Remarks | Witness | Exhibit Description |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Exhibits Returned to Counsel (Date): _____

Signature: _____

**PRETRIAL & SETTLEMENT CONFERENCE STATEMENT**
# ( NOT FOR PUBLIC VIEW )

**\*\* THIS DOCUMENT WILL BE <u>PROVIDED TO</u> THE CLERK AND NOT FILED IN ACCORDANCE WITH L.R. 5.7**

CASE NAME: **Ivan Antonyuk, et al. vs. Steven A. Nigrelli, et al.**

ACTION NO.: **22-CV-986**

ASSIGNED JUDGE: **GLENN T. SUDDABY**

ASSIGNED MAGISTRATE JUDGE: **PAUL J. EVANGELISTA**

Each Attorney is required to submit the following information on behalf of his or her client in short, concise form, in order to present a brief overview of the facts of the case. This information will be used by the Court during the scheduled final pretrial/settlement conference and therefore **must be provided to the Court five (5) days in advance of the conference date.**

**PARTY/PARTIES REPRESENTED;**

_____
_____
_____
_____

(use additional page if necessary)

**A BRIEF PERSONAL HISTORY REGARDING YOUR CLIENT(S);**

_____
_____
_____
_____

(use additional page if necessary)

**A BRIEF STATEMENT OF THE FACTS OF THE CASE;**

_____
_____
_____
_____

(use additional page if necessary)

**A BRIEF STATEMENT OF THE CLAIMS AND DEFENSES, i.e., STATUTORY OR OTHER GROUNDS UPON WHICH THE CLAIMS ARE FOUND; AND EVALUATION OF THE PARTIES' LIKELIHOOD OF PREVAILING ON THE CLAIMS AND DEFENSES; AND A DESCRIPTION OF THE MAJOR ISSUES IN DISPUTE; SET FORTH ANY DEMANDS OR OFFERS FOR SETTLEMENT**

_____

_____

_____

(use additional page if necessary)

**A SUMMARY OF THE PROCEEDINGS TO DATE;**

_____

_____

(use additional page if necessary)

**AN ESTIMATE OF THE COST AND TIME TO BE EXPENDED FOR FURTHER DISCOVERY, PRETRIAL AND TRIAL;**

_____

_____

(use additional page if necessary)

**A BRIEF STATEMENT OF THE FACTS AND ISSUES UPON WHICH THE PARTIES AGREE;**

_____

_____

_____

(use additional page if necessary)

**ANY DISCREET ISSUES WHICH, IF RESOLVED, WOULD AID IN THE DISPOSITION OF THE CASE;**

_____

_____

_____

(use additional page if necessary)

**THE RELIEF SOUGHT;**

_____

_____

_____

(use additional page if necessary)

**THE PARTIES' POSITION ON SETTLEMENT, INCLUDING PRESENT DEMANDS AND OFFERS, THE HISTORY OF PAST SETTLEMENT DISCUSSIONS, OFFERS AND DEMANDS;**

_____

_____

_____

(use additional page if necessary)

**PREFERRED TRIAL LOCATION, APPROXIMATE LENGTH OF TRIAL, AND WHETHER TRIAL IS JURY OR NON-JURY;**

_____

_____

_____

_____

(use additional page if necessary)

The Court requires that each party be represented at each pretrial conference by an attorney who has the authority to bind that party regarding all matters identified by the Court for discussion at the conference and all reasonably related matters including settlement authority.

Copies of the settlement statement shall NOT be served upon the other parties. This document will not be filed and will not be made available for public view.

Should the case be settled in advance of the pretrial/settlement conference date, counsel are required to notify the court immediately.  Failure to do so could subject counsel for all parties to sanctions.

Signature of Counsel:    _____

Dated:                  _____

AO 85 (Rev. 01-09) Notice, Consent and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
### for the

_____    District of    _____

_____
Plaintiff
v.                                                                           Civil Action No.

_____
Defendant

### NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a Magistrate Judge's availability.*  A United States Magistrate Judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment.  The judgment may then be appealed directly to the United States Court of Appeals like any other judgment of this court.  A Magistrate Judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a Magistrate Judge, or you may withhold your consent without adverse substantive consequences.  The name of any party withholding consent will not be revealed to any judgment who may otherwise be involved with your case.

*Consent to a Magistrate Judge's authority.*  The following parties consent to have a United State Magistrate Judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

### Reference Order

**IT IS ORDERED:** This case is referred to a United States Magistrate Judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P.73.

Date:  _____          _____
                                                                                     District Judge's Signature

                                                                            _____
                                                                                     Printed name and title

Note:    Return this form to the clerk of the court only if you are consenting to the exercise of jurisdiction by a United States Magistrate Judge.  Do not return this form to a Judge.