UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

IVAN ANTONYUK; COREY JOHNSON; ALFRED
TERRILLE; JOSEPH MANN; and LAWRENCE
SLOANE,

                              Plaintiffs,

                  -against-                            Case No. 22 Civ. 986 (GTS) (PJE)

STEVEN G. JAMES, in his Official Capacity as
Superintendent of the New York State Police; JUDGE
MATTHEW J. DORAN, in His Official Capacity as
Licensing-Official of Onondaga County; WILLIAM
FITZPATRICK, in His Official Capacity as the
Onondaga County District Attorney; TOBIAS J.
SHELLEY, in his Official Capacity as the Sheriff of
Onondaga County; JOSEPH CECILE, in his Official
Capacity as the Chief of Police of Syracuse; P. DAVID
SOARES, in his Official Capacity as the District
Attorney of Albany County; ANTHONY J.
DIMARTINO, JR., in his Official Capacity as the
District Attorney of Oswego County; and DON
HILTON, in his Official Capacity as the Sheriff of
Oswego County,

                              Defendants.

------------------------------------------------------------------X

## JUDGE DORAN'S MEMORANDUM OF LAW
## IN SUPPORT OF HIS FED. R. CIV. P. 12(c) MOTION
## FOR PARTIAL JUDGMENT ON THE PLEADINGS

                              LETITIA JAMES
                              Attorney General
                              State of New York
                              The Capitol
                              Albany, New York 12224-0341
                              Attorney for the State Defendants

James M. Thompson, Special Counsel, Bar Roll No. 703513
Timothy Mulvey, Assistant Attorney General, Bar Roll No. 510757
November 4, 2025

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF ALLEGED FACTS .................................................................................... 3

STANDARD OF REVIEW ...................................................................................................... 3

ARGUMENT ............................................................................................................................ 4

    I.   UNDER KELLOGG, THERE IS NO ARTICLE III STANDING AS AGAINST
        JUDGE DORAN .......................................................................................................... 4

    II.  SECTION 1983 BARS INJUNCTIVE RELIEF AGAINST A "JUDICIAL
        OFFICER" LIKE JUDGE DORAN ............................................................................ 7

    III. THE ELEVENTH AMENDMENT SEPARATELY BARS RELIEF ............................... 9

CONCLUSION ....................................................................................................................... 11

## TABLE OF AUTHORITIES

**Cases**

74 Pinehurst LLC v. New York, 59 F.4th 557 (2d Cir. 2023) ........................................................ 9

Aetna Life Ins. Co. v. Haworth, 300 U.S. 227 (1937) ................................................................. 5

Aron v. Becker, 48 F. Supp. 3d 347 (N.D.N.Y. 2014) ................................................................. 8

Bazinett v. Pregis LLC, No. 23 Civ. 790, 2024 WL 1116287 (N.D.N.Y. Mar. 14, 2024) ............ 4

Bello v. Rockland Cnty., 846 F. App'x 77 (2d Cir. 2021) ............................................................. 6

CONMED Corp. v. Fed. Ins. Co., 590 F. Supp. 3d 463 (N.D.N.Y. 2022) ................................... 3

Coon v. Town of Whitecreek, No. 16 Civ. 318, 2016 WL 11477500
    (N.D.N.Y. May 17, 2016) ........................................................................................................ 8

Cruz v. AAA Carting & Rubbish Removal, Inc., 116 F. Supp. 3d 232 (S.D.N.Y. 2015) .............. 4

Deadwiley v. N.Y. State Office of Child. & Fam. Servs., 97 F. Supp. 3d 110
    (E.D.N.Y. 2015) ....................................................................................................................... 4

Eric Adams 2025 v. N.Y. City Campaign Fin. Bd., ___ F. Supp. 3d ___, 2025 WL 1920885
    (E.D.N.Y. July 11, 2025) ......................................................................................................... 8

Ex parte Young, 209 U.S. 123 (1908) ................................................................................... 9, 10

Gerken v. Gordon, No. 24 Civ. 435, 2024 WL 5001402 (N.D.N.Y. Dec. 6, 2024) ...................... 5

Higbie v. James, ___ F. Supp. 3d ___, 2025 WL 2408510 (N.D.N.Y. Aug. 20, 2025) .............. 10

Hollingsworth v. Perry, 570 U.S. 693 (2013) ............................................................................. 5

In re Justices of the Sup. Ct. of P.R., 695 F.2d 17 (1st Cir. 1982) .............................................. 6

Integris Risk Retention Grp. v. Cap. Region Orthopaedics Assocs., PC, No. 23 Civ. 989,
    2024 WL 4347791 (N.D.N.Y. Sept. 30, 2024) ........................................................................ 8

J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107 (2d Cir. 2004) ............................................ 4

Kellogg v. Nichols, 703 F. Supp. 3d 367 (N.D.N.Y. 2023) .............................................. 1, 9, 10

Kellogg v. Nichols, 149 F.4th 155 (2d Cir. 2025) .............................................................. passim

Lee v. Finn, No. 22 Civ. 1152, 2023 WL 6796425 (N.D.N.Y. Oct. 13, 2023) ............................ 4

Libertarian Party of Erie County v. Cuomo, 970 F.3d 106 (2d Cir. 2020)............................ 1, 5, 9

Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992) .................................................... 5

MacPherson v. Town of Southampton, 664 F. Supp. 2d 203 (E.D.N.Y. 2009) ........................... 7

Makarova v. United States, 201 F.3d 110 (2d Cir. 2000) ................................................ 4

MedImmune, Inc. v. Genetech, Inc., 549 U.S. 118 (2007)............................................... 5

Morales v. Everett, No. 24 Civ. 5437, 2025 WL 1549030 (S.D.N.Y. May 30, 2025) .............. 5, 7

NYSRPA v. Bruen, 597 U.S. 1 (2022) .................................................................... 1, 5

Oliveira v. Schwartz, No. 23 Civ. 7427, 2025 WL 343609 (S.D.N.Y. Jan. 30, 2025)................... 5

Paulk v. Kerns, 596 F. Supp. 3d 491 (W.D.N.Y. 2022) .................................................. 8

Pulliam v. Allen, 446 U.S. 522 (1984) ................................................................... 5

Richey v. Sullivan, No. 23 Civ. 344, 2025 WL 1836492 (N.D.N.Y. July 3, 2025) ..................... 5

Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988).................................... 4

Sibley v. Watches, No. 24-855, 2025 WL 2448202 (2d Cir. Aug. 26, 2025) ...................... 2, 8, 9

Viverette v. Winograd, No. 25 Civ. 7168, 2025 WL 2577665 (S.D.N.Y. Sept. 5, 2025) ............. 9

White v. Renzi, No. 22 Civ. 370, 2022 WL 3646825 (N.D.N.Y. Aug. 24, 2022) ....................... 7

Williams v. Pelosi, No. 24 Civ. 620, 2024 WL 2941846 (N.D.N.Y. June 11, 2024).................... 5

**Statutes**

42 U.S.C. § 1983...................................................................................... 7, 9

N.Y. C.P.L.R. § 3001.................................................................................. 8

**Rules**

Fed. R. Civ. P. 12 ................................................................................ 4, 5, 11

iii

Defendant Onondaga County Court Judge Matthew J. Doran, sued in his official capacity, respectfully submits this memorandum of law in support of his motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

## PRELIMINARY STATEMENT

The Second Circuit's recent ruling in <u>Kellogg v. Nichols</u>, 149 F.4th 155 (2d Cir. 2025), is an intervening change in governing law that requires dismissal of all claims against Judge Doran. <u>Kellogg</u> establishes that the licensing activities at issue in this case are judicial actions over which there is no federal subject-matter jurisdiction.  In <u>Kellogg</u>, two plaintiffs sued a Columbia County Court judge, asserting that denying their firearms permit applications violated the Second and Fourteenth Amendments.  Judge Hurd granted a motion to dismiss, relying on the Second Circuit's previous decision in <u>Libertarian Party of Erie County v. Cuomo</u>, 970 F.3d 106 (2d Cir. 2020), <u>abrogated in part on other grounds</u>, <u>NYSRPA v. Bruen</u>, 597 U.S. 1 (2022), to conclude that licensing decisions by state judges are judicial in nature and protected by absolute immunity, that the plaintiffs lacked standing because a judge is not an adverse party, and that the text of Section 1983 barred injunctive relief against a judicial officer.  See <u>Kellogg v. Nichols</u>, 703 F. Supp. 3d 367 (N.D.N.Y. 2023).

The Second Circuit has now unanimously affirmed <u>Kellogg</u> in a published decision, holding that licensing actions "constitute[] 'judicial decisions' for which [a judge is] entitled to absolute judicial immunity from suit for damages in his individual capacity." As to claims for injunctive relief, the Circuit held that there is no standing (and therefore no subject-matter jurisdiction) over such claims because "there is no live case or controversy between New York state court judges serving as firearms licensing officers and litigants challenging the State's licensing scheme."  The Circuit noted that "Plaintiffs and Judge[s] are decidedly not parties

'having adverse legal interests,'" that New York judges serving as licensing officers "have no independent enforcement authority or role in criminal prosecutions to enforce the statute," and that they "have no role in determining Penal Law § 400.00(1)'s criteria for issuing licenses." Accordingly, there is no Article III jurisdiction over "claims [that] seek to bar the enforcement of a licensing scheme that [a judge] has no personal or institutional stake in defending." Id. at 162-63.[1]

The Kellogg decision requires dismissal of the claims against Judge Doran for three separate and sufficient reasons. First, the core holding in Kellogg establishes that there is no standing as against Judge Doran. Second, the Circuit's holding in Kellogg, along with its unpublished opinion in a companion case, Sibley v. Watches, No. 24-855, 2025 WL 2448202 (2d Cir. Aug. 26, 2025) (summary order), establishes that injunctive relief is unavailable due to Section 1983's prohibition on such relief in "any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity" unless a declaratory decree was violated or declaratory relief was unavailable. And lastly, Kellogg's holding that state judges "have no independent enforcement authority or role" regarding the licensing statute means that they also lack the special relation between a defendant and the enforcement of the challenged statute required to sue a State party under the Ex parte Young exception to Eleventh Amendment immunity.

---

[1] The holding in Kellogg does not prevent constitutional challenges to New York's licensing laws, as declaratory relief is available in state court (as discussed further in Section III below) and the Second Circuit noted the potential availability of a federal action against non-judicial licensing officers in other areas of the State. See 149 F.4th at 163.

## STATEMENT OF ALLEGED FACTS

The licensing-based claims against Judge Doran concern only one of the five[2] plaintiffs in this manner, as Plaintiffs Antonyuk, Johnson, Terrille, and Mann already have New York firearms licenses.  See Complaint, ECF No. 1 (the "Compl.") ¶¶ 2-5.  The remaining plaintiff, Lawrence Sloane, resides in Onondaga County and "desires to apply for and obtain an unrestricted New York carry license."  Id. ¶ 7.  Judge Doran "is a County Court judge of Onondaga County, New York." Id. ¶ 11.  In that capacity, he "is a 'licensing officer' for Onondaga County described in N.Y. Penal Law § 265.00(1) and, as such, is responsible for the receipt and investigation of carry license applications, along with the issuance or denial of carry licenses."  Id.  Judge Doran serves at the James C. Tormey III Criminal Courthouse on State Street in Syracuse.  Id.

No Plaintiff alleges that Judge Doran has ruled on his application, or that his application, if it were to be filed, would be assigned to Judge Doran.  See generally Complaint, ECF No. 1.  No Plaintiff alleges that Judge Doran plays any role in enforcing any section of the New York Penal Law that is at issue in this case.  Id.  No Plaintiff alleges that Judge Doran has taken any action that affects him in any way.  Id.  Judge Doran raised defenses of lack of subject-matter jurisdiction, lack of standing, judicial immunity, and Eleventh Amendment immunity in his Answer to the Complaint.  ECF No. 98 ¶¶ 269, 270, 272, 273.

## STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure provides that "after the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." CONMED Corp. v. Fed. Ins. Co., 590 F. Supp. 3d 463, 468 (N.D.N.Y. 2022) (citing Fed. R. Civ. P. 12(c)).  "Judgment on the pleadings, . . is appropriate where material facts are undisputed and a

---

[2] A sixth plaintiff, Leslie Leman, voluntarily dismissed his claims on August 2, 2025.  See ECF No. 155.

3

judgment on the merits is possible merely by considering the contents of the pleadings." Id. (citing Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988)).

"A motion to dismiss for lack of subject-matter jurisdiction under Rule 12(c) "is governed by the same standard that applies to a Rule 12(b)(1) motion." Lee v. Finn, No. 22 Civ. 1152, 2023 WL 6796425, at *2 (N.D.N.Y. Oct. 13, 2023) (citing Cruz v. AAA Carting & Rubbish Removal, Inc., 116 F. Supp. 3d 232, 239 (S.D.N.Y. 2015)).  A case is properly dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." Deadwiley v. N.Y. State Office of Child. & Fam. Servs., 97 F. Supp. 3d 110, 114 (E.D.N.Y. 2015) (citing Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)); Fed. R. Civ. P. 12(b)(1)).  "Once challenged, the burden of establishing jurisdiction rests with the party asserting that it exists. The party asserting subject-matter jurisdiction has the burden of proving, by a preponderance of the evidence, that the court has subject-matter jurisdiction."  Id.  In reviewing a motion to dismiss under Rule 12(b)(1), the Court "must accept as true all material factual allegations in the complaint, but [is] not to draw inferences from the complaint favorable to plaintiffs." Bazinett v. Pregis LLC, No. 23 Civ. 790, 2024 WL 1116287, at *2 (N.D.N.Y. Mar. 14, 2024) (citing J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004) (citation omitted)).

## ARGUMENT

### I.    UNDER KELLOGG, THERE IS NO ARTICLE III STANDING AS AGAINST JUDGE DORAN

The Second Circuit's Kellogg decision establishes that there is no standing to sue a state judge in federal court for his firearm licensing functions.  Accordingly, the claims against Judge Doran must be dismissed for lack of subject-matter jurisdiction.

4

Article III of the U.S. Constitution limits the judicial power of federal courts to "deciding actual 'Cases' or 'Controversies.'" Hollingsworth v. Perry, 570 U.S. 693, 704 (2013) (quoting U.S. Const. art. III, § 2). To constitute a justiciable controversy under Article III, there must be a "definite and concrete" dispute between parties with "adverse legal interests." MedImmune, Inc. v. Genetech, Inc., 549 U.S. 118, 127 (2007) (quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-41 (1937)). A litigant seeking to sue in federal court must demonstrate standing by showing: (1) a "concrete and particularized injury;" (2) "that is fairly traceable to the challenged conduct;" and (3) "is likely to be redressed by a favorable judicial decision." Hollingsworth, 570 U.S. at 704 (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992)). "The Court must [] dismiss a compliant, or portion thereof, when the Court lacks subject-matter jurisdiction." Williams v. Pelosi, No. 24 Civ. 620, 2024 WL 2941846, at *2 (N.D.N.Y. June 11, 2024) (citing Fed. R. Civ. P. 12(h)(3)), R&R adopted, 2024 WL 4116285 (N.D.N.Y. Sept. 9, 2024).

The Supreme Court has long held that "no case or controversy exists between a judge who adjudicates claims under a statute and a litigant who attacks the constitutionality of the statute." Whole Woman's Health v. Jackson, 595 U.S. 30, 40 (2021) (quoting Pulliam v. Allen, 446 U.S. 522, 538 n.18 (1984)). The Kellogg decision makes clear that this holding applies fully to New York State judges when they perform their licensing functions.[3] See 149 F.4th at 161-62 (concluding that "there is no live case or controversy between New York state court judges serving

---

[3] The Second Circuit had previously held that state judges are entitled to absolute judicial immunity for their firearms licensing decisions. See Libertarian Party of Erie Cnty. v. Cuomo, 970 F.3d 106, 124-25 (2d Cir. 2020), abrogated in part on other grounds, NYSRPA v. Bruen, 597 U.S. 1, 19 n.4 (2022). The Bruen decision did not in any way undermine Libertarian Party's holding regarding judicial immunity, and federal courts have continued to regularly cite this aspect of the case in the years that followed. See Oliveira v. Schwartz, No. 23 Civ. 7427, 2025 WL 343609, at *5 (S.D.N.Y. Jan. 30, 2025) (citing Libertarian Party for the proposition that "it is well established in this Circuit that New York State judges' rulings on firearm license applications are judicial decisions." (quotation omitted)); see, e.g., Richey v. Sullivan, No. 23 Civ. 344, 2025 WL 1836492, at *16 (N.D.N.Y. July 3, 2025); Morales v. Everett, No. 24 Civ. 5437, 2025 WL 1549030, at *2 (S.D.N.Y. May 30, 2025); Gerken v. Gordon, No. 24 Civ. 435, 2024 WL 5001402, at *4 (N.D.N.Y. Dec. 6, 2024). Kellogg establishes that the judicial immunity holding of Libertarian Party remains controlling precedent in the Second Circuit. 149 F.4th at 160 & n.2.

as firearms licensing officers and litigants challenging the State's licensing scheme."). This is because "Judges sit as arbiters without a personal or institutional stake on either side of the constitutional controversy." Id. at 161 (quoting In re Justices of the Sup. Ct. of P.R., 695 F.2d 17, 21 (1st Cir. 1982) (Breyer, J.)). Accordingly, "a litigant challenging the constitutionality of a state law under § 1983 and a state court judge tasked with applying that law in a judicial proceeding are typically not adverse parties." Id.

Just as Judge Nichols was not an adverse party to the plaintiffs in Kellogg, the Plaintiffs in this action and Judge Doran "are decidedly not parties 'having adverse legal interests' with respect to the Plaintiffs' claims for declaratory and injunctive relief." Id. at 162. The Complaint contains few allegations geared toward Judge Doran, and none at all that would establish him as an adverse party. It mentions Judge Doran in only a single paragraph, which merely asserts that he is an Onondaga County Court judge, states that he acts on license applications, and then specifies contact information for service of process. See Compl. ¶ 11. The Complaint contains no further factual allegations regarding Judge Doran or the Onondaga County Court. There is even less of a controversy between Plaintiffs and Judge Doran (and even less of an adverse-party relationship) than there was in Kellogg, where the defendant state judge had at the very least actually heard and denied the plaintiffs' applications. Cf. Kellogg, 149 F.4th at 158.

Judge Doran is only a defendant in this lawsuit because Plaintiffs viewed him as "the proper party with respect to Plaintiffs' challenge to the CCIA's requirement and definition of 'good moral character,'" and related licensing-based claims.[4] Compl. ¶ 11. Kellogg establishes that this is not

---

[4] The Complaint's assertion that Judge Doran is "the proper party" for Plaintiffs' licensing challenge, Compl. ¶ 11, is not accepted as true even on a motion for judgment on the pleadings. See Bello v. Rockland Cnty., 846 F. App'x 77, 78 (2d Cir. 2021) (summary order) (noting on Rule 12(c) motion that "we 'are not bound to accept as true a legal conclusion couched as a factual allegation, nor are we required to accept as true allegations that are wholly conclusory.'" (quotations omitted)). Judge Doran's Answer denies the relevant assertion in Plaintiffs' Complaint. See ECF No. 98 ¶ 11.

the case, and that a state judge cannot be made a defendant when a group of plaintiffs "seek to bar the enforcement of a licensing scheme that [the judge] has no personal or institutional stake in defending."  149 F.4th at 163; see also Morales v. Everett, No. 24 Civ. 5437, 2025 WL 1549030, at *3 (S.D.N.Y. May 30, 2025) ("Justice Everett was acting in a judicial capacity, and he is not the proper defendant for a suit seeking to hold a state statute unconstitutional because there is no case or controversy between a judge who adjudicates under a statute and a litigant who attacks it."). Under Kellogg's binding precedent, subject-matter jurisdiction is lacking and Judge Doran must be dismissed.

## II.   SECTION 1983 BARS INJUNCTIVE RELIEF AGAINST A "JUDICIAL OFFICER" LIKE JUDGE DORAN

Secondly, any equitable relief is barred by the plain text of Section 1983.  "The Federal Courts improvement Act of 1996 expressly amended the text of 42 U.S.C. § 1983 to provide that 'in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  White v. Renzi, No. 22 Civ. 370, 2022 WL 3646825, at *8 (N.D.N.Y. Aug. 24, 2022).  "Consequently 'the doctrine of judicial immunity now extends to cover suits against judges where the plaintiff seeks not only monetary relief, but injunctive relief as well, unless preceded by a declaration, or by a showing that such declaratory relief is unavailable.'"  Id. (quoting MacPherson v. Town of Southampton, 664 F. Supp. 2d 203, 211 (E.D.N.Y. 2009)). Kellogg firmly establishes that Judge Doran acts in his judicial capacity when conducting his licensing functions.  See 149 F.4th at 160 ("both [license] denials constituted "judicial decisions" for which Judge Nichols was entitled to absolute judicial immunity from suit").

No declaratory decree has been violated by Judge Doran, and declaratory relief is manifestly available to the Plaintiffs.  New York state law has its own equivalent to the federal

Declaratory Judgment Act, under which "pursuant to CPLR 3001, New York state courts 'may render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of the parties.'"[5] Eric Adams 2025 v. N.Y. City Campaign Fin. Bd., ___ F. Supp. 3d ___, 2025 WL 1920885, at *10 (E.D.N.Y. July 11, 2025); see Integris Risk Retention Grp. v. Cap. Region Orthopaedics Assocs., PC, No. 23 Civ. 989, 2024 WL 4347791, at *12 (N.D.N.Y. Sept. 30, 2024) (recognizing CPLR 3001 as "at least an equivalent remedy available in New York courts" to a federal declaratory judgment action); Coon v. Town of Whitecreek, No. 16 Civ. 318, 2016 WL 11477500, at *5 (N.D.N.Y. May 17, 2016) ("there are adequate state court remedies available to attack the constitutionality and validity" of a state-law action, including "a declaratory judgment action under New York C.P.L.R. § 3001"), R&R adopted, 2016 WL 5852475 (N.D.N.Y. Oct. 6, 2016).

Although the Second Circuit in Kellogg did not need to reach the issue of Section 1983's bar on injunctive relief against a judicial officer, see 149 F.4th at 163 n.4, it did rule on that basis in Kellogg's unpublished companion case, Sibley v. Watches, decided eight days later. See No. 24-855, 2025 WL 2448202 (2d Cir. Aug. 26, 2025) (summary order). Sibley similarly involved a claim by a pistol license applicant against a Steuben County Court judge,[6] asserting inter alia that the judge's licensing decision violated the Second Amendment. See id. at *1. The Second Circuit ruled that the claims were "barred by the doctrine of judicial immunity," id., but also unanimously

___

[5] A CPLR 3001 declaratory judgment action would be the equivalent to this action, where Plaintiffs have raised a challenge to a licensing law that has not been applied to them. In cases challenging an already-rendered licensing decision, on the other hand, "[a]n aggrieved pistol permit applicant has well-established appellate recourse under [CPLR] Article 78." Paulk v. Kerns, 596 F. Supp. 3d 491, 501 (W.D.N.Y. 2022) (quoting Aron v. Becker, 48 F. Supp. 3d 347, 370-71 (N.D.N.Y. 2014)). As federal courts have regularly held, "Article 78 proceedings provide[] procedural due process to appeal the denial of [a] gun license permit." Sibley v. Watches, No. 24-855, 2025 WL 2448202, at *2 (2d Cir. Aug. 26, 2025) (summary order).

[6] The plaintiff in Sibley had also sued several other New York appellate judges who had denied his various appeals. See 2025 WL 2448202, at *1.

held that any claims for injunctive relief were barred because "such relief is available against judicial officers only when 'a declaratory decree was violated or declaratory relief was unavailable.'" Id. at *2 (quoting 42 U.S.C. § 1983). In Sibley, as here, the plaintiff could not "identify a declaratory decree that the [judge] violated, nor did he establish that declaratory relief was unavailable." Id.

The claims against Judge Doran are based on potential future acts done in his judicial capacity, but Congress excepted such claims from being brought in federal court. "Consequently, plaintiffs' request for injunctive relief is barred by § 1983." Kellogg v. Nichols, 703 F. Supp. 3d 367, 374 (N.D.N.Y. 2023), aff'd, 149 F.4th 155 (2d Cir. 2025).

## III.    THE ELEVENTH AMENDMENT SEPARATELY BARS RELIEF

Lastly, the reasoning of Kellogg establishes that Judge Doran is not a proper defendant for Eleventh Amendment purposes. Plaintiffs have sued Judge Doran in his official capacity, which implicates the State's "sovereign immunity under the Eleventh Amendment." Libertarian Party, 970 F.3d at 122; see Viverette v. Winograd, No. 25 Civ. 7168, 2025 WL 2577665, at *4 (S.D.N.Y. Sept. 5, 2025) ("This doctrine normally bars claims for relief against . . . state court judges and state court clerks, in their respective official capacities."). Unless the State consents to be sued (which it has not done), the Eleventh Amendment bars all official-capacity claims except those that fall within the Ex parte Young exception for "claims for prospective relief against state officials in their official capacities." 74 Pinehurst LLC v. New York, 59 F.4th 557, 570 (2d Cir. 2023). But even in cases seeking prospective relief, "[i]n making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer *must have some connection with the enforcement* of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party." Ex parte Young, 209 U.S. 123, 157 (1908) (emphasis added). In practice, therefore, "a proper suit

requires a 'special relation' between the defendant and the enforcement of the challenged statute." Higbie v. James, ___ F. Supp. 3d ___, 2025 WL 2408510, at *8 (N.D.N.Y. Aug. 20, 2025) (quoting Young, 209 U.S. at 158-59).

Under Kellogg, this "special relation" with the enforcement of the licensing laws is lacking with respect to state judges, who adjudicate proceedings under the licensing laws rather than enforce them. As the Second Circuit noted, "New York judges serving as licensing officers do not have the authority to initiate enforcement actions. While they adjudicate the merits of the applications submitted to them, they have no independent enforcement authority or role in criminal prosecutions to enforce the statute." Kellogg, 149 F.4th at 162. Although the Second Circuit did not reach the Eleventh Amendment issue in Kellogg, cf id. at 160-61, Judge Hurd had considered the issue in the District Court and dismissed claims against the defendant state judge on that basis as well, pointing out that there was no allegation that a judge "initiates actions or engages in any independent enforcement activity pursuant to New York's firearm licensing scheme." Kellogg v. Nichols, 703 F. Supp. 3d at 373, 375 . That outcome is consistent with dicta from the Supreme Court, with Justice Gorsuch noting for the majority that the Ex Parte Young exception "does not normally permit federal courts to issue injunctions against state-court judges or clerks" because "those individuals do not enforce state laws as executive officials might[.]" Whole Woman's Health 595 U.S. at 39. "As Ex Parte Young put it, 'an injunction against a state court' or its 'machinery' 'would be a violation of the whole scheme of our Government.'" Id. (quoting Young, 209 U.S. at 163). Whether as a function of standing, the textual limitations of Section 1983, or Eleventh Amendment immunity, Kellogg establishes that the case against Judge Doran cannot go forward.

## **CONCLUSION**

For the foregoing reasons, Judge Doran asks that the Court grant partial judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), dismiss all claims against him, and issue such other and further relief as the Court deems just and proper.

Dated: Syracuse, New York
      November 4, 2025

                         LETITIA JAMES
                         Attorney General
                         State of New York
                         <u>Attorney for Judge Doran</u>

                         By:
                         James M. Thompson
                         Special Counsel
                         NDNY Bar Roll No. 703513
                         28 Liberty Street
                         New York, NY 10005
                         (212) 416-6556
                         james.thompson@ag.ny.gov

                         Timothy Mulvey
                         Assistant Attorney General
                         NDNY Bar Roll No. 510757
                         300 South State Street, Suite 300
                         Syracuse, NY 13202
                         (315) 448-4893
                         timothy.mulvey@ag.ny.gov