AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| IVAN ANTONYUK, et al. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 1:22-cv-00986 |
| STEVEN G. JAMES, in his Official Capacity as Superintendent of the New York State Police; et al. ) | |
| *Defendant* ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: County of Onondaga, New York
Attn: Onondaga County Law Department

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit "A" attached hereto and fully incorporated herein for an itemized request for documents, electronically stored information, and objects.

| Place: City of Syracuse, Office of the Corporation Counsel<br>233 E. Washington St., Suite 300<br>Syracuse, New York 13206 | Date and Time:<br>12/10/2025 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____        _____
*Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Joseph Cecile, in his Official Capacity as the Chief of Police of Syracuse , who issues or requests this subpoena, are:
Todd M. Long, Esq.; 233 E. Washington St., Ste. 300, Syracuse, NY 13202; tlong@syr.gov; 315-448-8400

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:22-cv-00986

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit "A"**

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below certified copies of the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

1. All documents and categories of documents, electronically stored information, or objects related to County of Onondaga's ("***County***") current relationship to Rosamond Gifford Zoo at Burnet Park ("***Zoo***")[1] including, but not limited to, all contracts, agreements, leases, memoranda of understanding, and any other documents defining or describing the County's involvement in and/or relationship with the Zoo from January 1, 2021[2], through the Present.[3]

2. All communications, documents, electronically stored information, or objects between the County and the Zoo[4] regarding the current funding, maintenance, management, staffing, and operation of the Zoo from January 1, 2021, through the Present.

3. All documents, electronically stored information, or objects concerning the County's oversight of and/or jurisdiction of the Zoo including, but not limited to, any recent inspections, audits, investigations, or other monitoring of activities at Zoo from January 1, 2021, through the Present.

4. All documents, electronically stored information, or objects reflecting the budgetary appropriations and expenditures of funds from the County to the Zoo reflecting funding, staffing, maintenance, management, and operation of the Zoo from January 1, 2021, through the Present.

5. All documents, electronically stored information, or objects reflecting, affirming, or memorializing the legal status of the Zoo and its legal relationship with the County, from January 1, 2021, through the Present—i.e., documentation that would lend itself to establishing whether or not the Zoo is a legal affiliate of and with the County, and, in particular, the County's Department of Parks and Recreation.

---

[1] The Zoo (with the address of 1 Conservation Pl, Syracuse, NY 13204, or 201 Coleridge Ave., Syracuse, NY 13204) shall be understood as the 22.25-acre property located at Tax Map ID # 098.2-01-02.1.

[2] Any reference to the date range is in order to limited the scope of each request. However, insofar as a document that predates the date range reflects a factual matter that would persist within the date range, then the request shall include that document that predates the same range.

[3] The term "Present" shall be defined as the date of service of the subpoena.

[4] Whenever the County and the Zoo are mentioned in tandem, insofar as the Zoo is under the possession, custody, or control of the County (by and through the Department of Parks and Recreation or not), the request shall be interpreted to mean *all* relevant divisions of the County including, but not limited to, the Zoo.

1

6. All documents, electronically stored information, or objects identifying any and all County or other government offices, departments, or personnel physically located within the boundaries of the Zoo identified in detail at footnote 1, above, from January 1, 2021, through the Present.

7. All documents and communications between the County and Cornell University ("*Cornell*") about the Zoo concerning, but not limited to, any joint research, on-site surgical programs, residencies, conservation initiatives, internships, cooperative education programs, and any other programs available to Cornell Veterinary students at Zoo that have been maintained since Cornell and Zoo's formal partnership in 1997, from January 1, 2021, through the Present.

8. All communications, documents, including leases or occupancy agreements, relating to the County and Cornell office space or operations located within Zoo property at the same property location as identified in detail at footnote 1 above.

9. All documents, communications, electronically stored information, or objects outlining the curricula, syllabi, mission statements, articles, and other materials promoting the above programs available to Cornell Veterinary and/or other graduate and undergraduate students as part of the Cornell–Zoo partnership, from January 1, 2021, through the Present.

10. All documents describing the Zoo's educational programs from January 1, 2021, through the Present.

11. All property maps, site plans, organizational charts, and any other materials identifying tenants, offices, or facilities affiliated with the County at the Zoo that are not otherwise covered by the foregoing requests.

12. All communications and/or documents—including agreements, contracts or memoranda of understanding—between the Zoo and any New York state school district related to educational activities (e.g., field trips) from January 1, 2021, through the Present.