

**Office of the New York State**                          **Letitia James**
**Attorney General**                                             **Attorney General**

March 16, 2026

**By ECF**

The Honorable Glenn T. Suddaby
United States District Court for the Northern District of New York
James M. Hanley Federal Building and U.S. Courthouse
100 South Clinton Street
Syracuse, NY 13261

Re: <u>Antonyuk, et al. v. James, et al.</u>, No. 22 Civ. 986 (GTS) (PJE)

Dear Judge Suddaby,

      This office represents defendants Steven G. James and Matthew J. Doran in their official capacities as Superintendent of the New York State Police and Judge of the Onondaga County Court, respectively (collectively, the "State Defendants"). I write on behalf of the State Defendants and the Plaintiffs to request that the Court so-order the attached partial settlement agreement. The proposed settlement will resolve a significant portion of the case, reduce the number of parties and issues remaining, and streamline the case for resolution before Your Honor later this year.

      Briefly summarized, under the terms of the partial settlement Plaintiff Lawrence Sloane will discontinue his challenge to New York Penal Law § 400.00 and no further challenge to that provision will be raised in this matter, while Judge Doran will withdraw his motion for judgment on the pleadings, ECF No. 159. The State Defendants will consent to entry of an injunction against the enforcement of N.Y. Penal Law § 400.00(1)(o)(iv), which requires applicants for a concealed carry license to provide certain information relating to social media, and the Superintendent will ensure that the PPB-3 pistol license application form does not include language requiring such social media information. Plaintiff Sloane and Judge Doran will be dismissed as parties, and all parties will bear their own costs and fees in connection with the challenge to N.Y. Penal Law § 400.00.

      The constitutional challenge lodged by the remaining plaintiffs, Ivan Antonyuk, Corey Johnson, and Alfred Terrrille, against the Superintendent in connection with New York's private property and sensitive places laws, N.Y. Penal Law §§ 265.01-d and 265.01-e, will continue. The State Defendants and Plaintiffs are also submitting a separate letter to Magistrate Judge Evangelista along with this one, requesting a 30-day extension of discovery deadlines to allow the State Defendants to submit expert reports reflecting the new contours of the case and to conduct depositions of the remaining Plaintiffs.

2

      Copies of the settlement agreement and proposed order are attached as exhibits to this letter. We thank the Court for its time and consideration of these matters.

                             Respectfully submitted,

                             James M. Thompson
                             Special Counsel
                             NDNY Bar Roll No. 703513

Cc: All counsel of record (via ECF)