UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

IVAN ANTONYUK, COREY JOHNSON, ALFRED TERRILLE, and LAWRENCE SLOANE,

                Plaintiffs,

    -against-                                Case No. 22 Civ. 986 (GTS) (PJE)

STEVEN G. JAMES, in his official capacity as     **[PROPOSED] INJUNCTION**
Superintendent of the New York State Police, Judge
MATTHEW J. DORAN, in his official capacity as
Licensing-official of Onondaga County, WILLIAM
FITZPATRICK, in his official capacity as Onondaga
County District Attorney, TOBIAS J. SHELLEY, in his
official capacity as Sheriff of Onondaga County,
JOSEPH CECILE, in his official capacity as Chief of
Police of Syracuse, and P. DAVID SOARES, in his official
capacity as District Attorney of Albany County,

                Defendants.
-------------------------------------------------------------------X

      This Court, having received, read, and considered the papers filed in this case, including the stipulation between Plaintiff Lawrence Sloane and Defendants Steven G. James, in his official capacity as Superintendent of the New York State Police, and Matthew J. Doran, in his official capacity as Judge of the Onondaga County Court and Licensing Officer for Onondaga County (the "State Defendants"),

      For good cause shown:

      It is hereby ORDERED that the State Defendants shall be permanently enjoined from enforcing New York Penal Law § 400.00(1)(o)(iv), requiring the production of social media information in connection with an application for a concealed carry permit against Plaintiff Sloane. The Superintendent shall ensure that the PPB-3 license application form does not include language

2

requiring social media information. This injunction shall terminate in the event that the New York State Legislature repeals New York Penal Law § 400.00(1)(o)(iv).

It is further ORDERED that Plaintiffs' challenge to all aspects of N.Y. Penal Law § 400.00 is dismissed without prejudice. No amendment for the purpose of re-raising such a challenge will be permitted.

It is further ORDERED that Plaintiff Sloane and Judge Doran are dismissed as parties.

It is further ORDERED that each party shall bear his or her own costs and fees with regard to Plaintiff Sloane's challenge to N.Y. Penal Law § 400.00; and

It is further ORDERED that this Court shall retain jurisdiction over this action for purposes of implementing and enforcing the permanent injunction.

It is so ORDERED.

Dated:

_____
 The Honorable Glenn T. Suddaby
  United States District Judge