UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

IVAN ANTONYUK, COREY JOHNSON, ALFRED
TERRILLE, and LAWRENCE SLOANE,

                              Plaintiffs,

                -against-                                      Case No. 22 Civ. 986 (GTS) (PJE)

STEVEN G. JAMES, in his official capacity as          **STIPULATION OF PARTIAL**
Superintendent of the New York State Police, Judge    **SETTLEMENT**
MATTHEW J. DORAN, in his official capacity as
Licensing-official of Onondaga County, WILLIAM
FITZPATRICK, in his official capacity as Onondaga
County District Attorney, TOBIAS J. SHELLEY, in his
official capacity as Sheriff of Onondaga County,
JOSEPH CECILE, in his official capacity as Chief of
Police of Syracuse, and P. DAVID SOARES, in his official
capacity as District Attorney of Albany County,

                              Defendants.
-----------------------------------------------------------------------X

        WHEREAS Plaintiffs Ivan Antonyuk, Corey Johnson, Alfred Terrille, and Lawrence

Sloane (the "Plaintiffs") have initiated this action challenging the constitutionality of certain New

York State Statutes, including N.Y. Penal Law § 400.00, *see generally* Complaint, ECF No. 1;

        WHEREAS Defendant Matthew J. Doran, sued in his official capacity as Judge of the

Onondaga County Court and Licensing Officer for Onondaga County ("Judge Doran") has filed a

motion for judgment on the pleadings seeking to have Plaintiff Sloane's challenge to N.Y. Penal

Law § 400.00 dismissed as a matter of law, *see* ECF No. 159; and

        WHEREAS Plaintiff Sloane, Judge Doran, and Defendant Stephen G. James, in his official

capacity as Superintendent of the New York State Police (the "Superintendent," with Judge Doran

1

the "State Defendants," and with Judge Doran and the Plaintiffs the "Settling Parties") desire to resolve these issues amicably and streamline the matters remaining before the Court,

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff Sloane and the State Defendants that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, the above-entitled action be and the same hereby is partially settled on the particular circumstances of this case, on the following terms and conditions, which it is agreed are of and shall have no legal precedential value in any other cases either between the parties to this case or any other parties:

1.      Plaintiff Sloane discontinues his challenge to N.Y. Penal Law § 400.00 pursuant to Fed. R. Civ. P. 41(a)(2), without prejudice and without damages, costs, interest, or attorneys' fees. Plaintiff Sloane discharges and releases the State Defendants and the State of New York, including its agencies, subdivisions, employees, private contractors, or assignees, of any and all claims, demands, or causes of actions, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to his challenge to N.Y. Penal Law § 400.00, and further agrees to discontinue and/or not to commence or to pursue in any court, arbitration, or administrative proceeding any litigation or claims against the State Defendants and/or others released hereby pertaining to the underlying facts, circumstances, or incidents that gave rise to the aforementioned challenge to N.Y. Penal Law § 400.00.

2.      The remaining Plaintiffs' (Antonyuk, Johnson, and Terrille) challenges to the other statutory provisions at issue in this case, N.Y. Penal Law § 265.01-d and certain of the sensitive locations enumerated in N.Y. Penal Law § 265.01-e (specifically locations providing behavioral health or addiction services, N.Y. Penal Law § 265.01-e(2)(b); public playgrounds, *id.* § (2)(d);

2

public parks, *id.*; zoos, *id.*; buses, *id.* § (2)(n); airports, *id.*; places licensed for on-premises alcohol consumption, *id.* § (2)(o); and theaters *id.* § (2)(p)) shall continue. The remaining Plaintiffs represent that 1) none of them is challenging N.Y. Penal Law § 400.00 in this lawsuit, 2) they will not raise such a challenge in this proceeding, and 3) that they will not seek to add or permit the addition of additional plaintiffs to raise such a challenge in this proceeding. No aspect of this partial settlement shall constitute an agreement by any party as to the validity or invalidity of the remaining portions of the remaining Plaintiffs' constitutional challenge.

3.      Judge Doran withdraws his Motion for Judgment on the Pleadings, ECF No. 159.

4.      The State Defendants consent to the entry of an injunction against their enforcement of N.Y. Penal Law § 400.00(1)(o)(iv), which requires applicants for a concealed carry license to provide "a list of former and current social media accounts of the applicant from the past three years to confirm the information regarding the applicants character and conduct as required in" N.Y. Penal Law § 400.00(1)(o)(ii), against any Plaintiff. The Superintendent shall ensure that the PPB-3 license application form does not include language requiring social media information. The injunction shall terminate in the event that the New York State Legislature repeals New York Penal Law § 400.00(1)(o)(iv). Such injunction shall take the form provided in **Exhibit A.**

5.      Because Plaintiff Lawrence Sloane's claims pertained only to the challenge to N.Y. Penal Law § 400.00, he is dismissed as a Plaintiff.

6.      Because the claims against Judge Doran pertained only to the challenge to N.Y. Penal Law § 400.00, he is dismissed as a Defendant.

7.      The Settling Parties agree that no provision of this settlement shall be interpreted to be an acknowledgment of the validity or invalidity of any of the allegations or claims that have

3

been made in the action. No Party shall be deemed a "prevailing party" regarding Plaintiffs' challenge to N.Y. Penal Law § 400.00, including but not limited to any statutory or contractual claim based upon "prevailing party" status with respect to this action.

8. This partial settlement does not constitute a determination of, or admission by, any party to any underlying allegations, facts, or merits of their respective positions. The partial settlement of this action is limited to the circumstances of Plaintiff Sloane's challenge to N.Y. Penal Law § 400.00 alone and shall not be given effect beyond the specific provisions stipulated to. This partial settlement does not form and shall not be claimed as any precedent for, or an agreement by the parties to, any generally applicable policy or procedure in the future. Nothing in this partial settlement represents a concession with respect to any question of statutory or regulatory interpretation that might have been litigated had the action not been partially discontinued in connection with this settlement. Plaintiff Sloane acknowledges that the State of New York maintains that its legal position was substantially justified during all relevant judicial proceedings, including any appellate proceedings.

9. Each Settling Party executes and delivers this partial settlement voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that she, he, or it understands its terms, contents, and effect. Each of the Settling Parties hereto acknowledges that she, he, or it is aware and is advised of her, his, or its right to seek the advice of an attorney, and that she, he, or it has been represented by counsel of her, his, or its own choosing before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any Settling Party hereto or any one acting on behalf of such Settling Party. Each Settling Party acknowledges and agrees that she, he, or it has

4

participated in the preparation of this partial settlement, has reviewed its terms, and agrees that there shall be no presumption that any of its provisions should be more strictly construed against any Settling Party. Each person who executes this partial settlement represents that she, he, or it is duly authorized to do so on behalf of the respective Settling Parties hereto and that each such Settling Party has full knowledge of the terms of, and has consented to, this Settlement.

10. With respect to the matters contained herein, this partial settlement constitutes the sole and complete understanding and agreement of the Settling Parties and supersedes all prior or contemporaneous agreements or understandings, both written and oral, between them with respect to the subjects contemplated herein. No representations regarding the subject matter of Plaintiff Sloane's challenge to N.Y. Penal Law § 400.00 or any related proceeding, or the subjects contemplated in this partial settlement, oral or written, express or implied, other than those specifically set forth in this partial settlement, shall be deemed to exist or to bind the Settling Parties, or to vary the terms and conditions contained herein.

11. The terms and conditions of this partial settlement shall inure to the benefit of, and be binding upon, the successors and assigns of each Settling Party hereto.

12. This partial settlement may not be modified, amended, or supplemented without written agreement signed by or on behalf of each Settling Party.

13. The terms of this partial settlement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York.

14. This partial settlement shall have no precedential value or effect whatsoever and shall not be cited, used, or admissible in this or any other proceeding or action as evidence or for

5

any other purpose, except in an action or proceeding to enforce the terms of this partial settlement. In addition, notwithstanding the provisions of any paragraph herein, this partial settlement agreement shall not bind or collaterally estop Judge Doran, the New York State Unified Court System, the Office of Court Administration, the Superintendent, the New York State Police, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities, in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses thereto.

15.     Nothing contained in this partial settlement shall be deemed to constitute a policy, practice, or custom of Judge Doran, the New York State Unified Court System, the Office of Court Administration, the Superintendent, the New York State Police, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities.

16.     This partial settlement shall take effect once it has been executed by counsel for both Plaintiff Sloane and the State Defendants, and been "so-ordered" by the Court.

17.     This partial settlement may be executed in any number of counterparts, all of which taken together shall constitute one settlement, and may be executed by facsimile or electronically transmitted signature.  Facsimile and electronically transmitted signatures will be considered originals for the purposes of this partial settlement.

Dated:

March 9, 2026

Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS 38654
(601) 852-3440
stephen@sdslaw.us
NDNY Bar Roll# 520383

Robert J. Olson (VA # 82488)
William J. Olson, PC
370 Maple Ave. West, Suite 4
Vienna, VA 22180-5615
703-356-5070 (T)
703-356-5085 (F)
wjo@mindspring.com
NDNY Bar Roll# 703779
Counsel for Plaintiffs

Dated:

03/09/2026

Lawrence Sloane
Plaintiff

7

Document ID: 7c0db8af-6565-4711-ab63-23e3d22cbb55

Dated:        Syracuse, New York        LETITIA JAMES
                March 12 , 2026        Attorney General of the State of New York
                                        *Attorney for the State Defendants*
                                        BY:

James M. Thompson
Special Counsel
NDNY Bar Roll No. 703513
28 Liberty Street
New York, NY 10005
james.thompson@ag.ny.gov

Timothy Mulvey
Assistant Attorney General
NDNY Bar Roll No. 510757
300 South State Street, Suite 300
Syracuse, New York 13202
timothy.mulvey@ag.ny.gov

Dated:        Albany, New York
                March 12, 2026

Michael W. Deyo
General Counsel
New York State Police

Dated:        Syracuse, New York
                March ___, 2026

                                          _____
                                          The Honorable Matthew J. Doran
                                          Onondaga County Court Judge

SO ORDERED:


_____
  The Honorable Glenn T. Suddaby
  United States District Judge

8

Dated:      Syracuse, New York
               March ___, 2026

LETITIA JAMES
Attorney General of the State of New York
*Attorney for the State Defendants*
BY:

_____

James M. Thompson
Special Counsel
NDNY Bar Roll No. 703513
28 Liberty Street
New York, NY 10005
james.thompson@ag.ny.gov

Timothy Mulvey
Assistant Attorney General
NDNY Bar Roll No. 510757
300 South State Street, Suite 300
Syracuse, New York 13202
timothy.mulvey@ag.ny.gov

Dated:      Albany, New York
               March ___, 2026

_____

Michael W. Deyo
General Counsel
New York State Police

Dated:      Syracuse, New York
               March _11_, 2026

_____

The Honorable Matthew J. Doran
Onondaga County Court Judge

SO ORDERED:

_____

Glenn T. Suddaby
U.S. District Judge

8