UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

IVAN ANTONYUK, et al.,

*Plaintiffs*,

No. 22 Civ. 986
(GTS)(PJE)

-against-

STEVEN G. JAMES, in his Official Capacity as
Superintendent of the New York State Police; et al.,

*Defendants*.

## **COREY JOHNSON'S RESPONSES TO THE STATE DEFENDANTS' FIRST SET OF INTERROGATORIES**

## INTRODUCTORY STATEMENT

Investigation, discovery and preparation for trial have not been completed, and the following responses are given without prejudice to the right to produce evidence at trial or on a motion for summary judgment of any subsequently discovered facts. These responses, therefore, do not purport to state herein anything more than the information presently known.

In responding to these Interrogatories, you have been furnished with such information as is presently available. This may include hearsay and other forms of evidence which are neither reliable nor admissible in evidence. Each answer is subject to appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, propriety, privilege and admissibility) which would require the exclusion of any statement contained herein if the request were asked of, or any statement contained herein were made by, a witness present and testifying in court. All such objections and grounds are preserved and may be interposed at the time of trial.

Except for explicit facts admitted herein, no admissions of any nature whatsoever are implied or should be inferred. The fact that any request herein has been answered, should not be taken as an admission or acceptance of the existence of any facts set forth or assumed by such a request, or that such answer constitutes admissible or reliable evidence. This preliminary statement is incorporated into each of the responses set forth below.

## **INTERROGATORIES**

1. Identify all individuals with whom You discussed or communicated relating to the allegations in the Complaint from January 1, 2022 to the present.

**RESPONSE**: Plaintiff objects to this request to the extent it seeks information protected by the

1

attorney/client and/or work-product privileges. Without waiving the foregoing objections, besides my attorneys, I have spoken with my wife and son about joining the case. I also spoke with my boss and the president of my gun range because I am a member of the board at my local gun range. Beyond those individuals, I do not recall discussing with anyone else.

2.        Identify each gun, firearm, or rifle which You own or possess.

**RESPONSE**:

Plaintiff has challenged the constitutionality of New York's Concealed Carry Improvement Act, which presents fundamentally legal questions governed by the test set forth in *Bruen*. So long as the "the Second Amendment's plain text covers" Plaintiff's conduct, which it plainly does here, "the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 24 (2022). Plaintiff objects that this request is not tailored to the resolution of any factual or legal question presented by Plaintiff's complaint under the *Bruen* test.

Particular facts related to individual plaintiffs are relevant only to their standing to bring this lawsuit. Each plaintiff has standing so long as they have "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by statute, and there exists a credible threat of prosecution thereunder." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014). Plaintiff has met that burden here: Plaintiff is adversely impacted by New York's Concealed Carry Improvement Act, which infringes Plaintiff's ability to engage in conduct protected by the Second Amendment's plain text. The burden imposed by this request, therefore, is disproportionate to the nature of the case and the issues in dispute: Plaintiffs have challenged the constitutionality of New York's Concealed Carry Improvement

Act, which is fundamentally a legal question. In short, this request is "not proportional to the needs of the case" in light of the limited importance of this discovery to "resolv[e] the issues" presented. Fed. R. Civ. P. 26(b)(1).

Plaintiff further objects to listing his personal firearms, including long guns which are not at issue in this case and are thus irrelevant. Moreover, this sort of demand by government officials, being entirely untethered to the discovery of any information relevant to this case, might itself violate the Second Amendment.

Without waiving the foregoing objections, Plaintiff states that he possesses at least one handgun that he would be able to and would carry in the places he challenged in this lawsuit. A copy of Plaintiff's New York permit has been produced. As reflected on Plaintiff's permit, Plaintiff owns and is authorized to carry those firearms on his permit, including a Berretta M9, a Glock G45, a Walter PDP Match, a Ruger SR22, a Beretta APX, a Smith & Wesson M&P 45, a Walther PDP and a Glock G29.

3.      Identify with specificity each sensitive location, within the meaning of N.Y. Penal Law § 265.01-e, that you visit or intend to visit. For each such location:

   a. State the subsection of the statute that you believe covers that location and the factual basis for that belief.

   b. State whether the managers of the location allowed or prohibited firearms at the location prior to the enactment of the CCIA, and your basis for that belief.

**RESPONSE**: Plaintiff objects to this request to the extent it demands a legal conclusion as Plaintiff is not a lawyer. The burden is on the State to prove that its laws, banning carry almost everywhere in the State of New York, match the historical tradition of firearm regulation.

Without waiving the foregoing objections, Plaintiff states that the following list, while accurate, may not be inclusive of every one of the places Plaintiff visits or intends to visit. Plaintiff reserves the

3

right to add additional places to this list: The Rosamond Gifford Zoo, all parks, restaurants that serve alcohol, movie theaters, baseball games, state fair, pro gun rallies, gas stations, grocery stores, home improvement stores, big box stores, and rest stops. Plaintiff also eats at a number of restaurants, including Panchito's Taqueria in Syracuse, NY; Better Burger in Liverpool, NY; and Buffalo Wild Wings, in Syracuse, NY.

Plaintiff does not remember seeing a "no gun" sign at any of those places.

Plaintiff believes that these places that Plaintiff visits and intends to continue to visit are considered either private property open to the public, parks, zoos, theaters, or restaurants that serve alcohol and believes that each is covered by the Concealed Carry Improvement Act "sensitive location" per 265.01-e and/or "restricted location" per 265.01-d.

Plaintiff has no knowledge that any "manager" of any particular place he visited, visits, or intends to visit, prior to the enactment of the Concealed Carry Improvement Act, banned the carry of lawfully owned firearms.

4.    Identify and describe any occasion in which You have used your firearms defensively or in response to a real or perceived threat.

**RESPONSE**: Plaintiff objects to this request as the term "used" is broad, vague, ambiguous, and is not defined. Even something as innocuous as hearing a noise at night and grabbing a firearm to go check that the doors are locked – something every gun owner including Plaintiff has done – would seem to count. Without waiving that objection, Plaintiff states that he has never had to draw or discharge his firearm in self-defense, nor has he ever been in a self-defense situation.

5.    Identify and describe any occasion in which You have interacted with Judge Doran or any member or employee of the Division of State Police.

4

**RESPONSE**:  Plaintiff does not believe he has ever interacted with Judge Doran, even though Judge Doran's signature is on his carry permit.  As to the Division of State Police, it is possible he has interacted with some member of the State Police at some point, but does not remember any names.  Additionally, he has been involved in competitive shooting events with individuals believed to be State Police members, but does not remember any names.

**Dated: November 10, 2025**

Respectfully submitted,

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS  38654
(601) 852-3440
stephen@sdslaw.us
NDNY Bar Roll# 520383

Robert J. Olson
William J. Olson, PC
370 Maple Ave. West, Suite 4
Vienna, VA 22180-5615
703-356-5070 (T)
703-356-5085 (F)
rob@wjopc.com
NDNY Bar Roll# 703779
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, Stephen D. Stamboulieh, counsel for Plaintiff, hereby certify that on this day, I have caused to be emailed the foregoing document to all counsel of record.


Dated:  November 10, 2025

/s/ *Stephen D. Stamboulieh*
Stephen D. Stamboulieh

## VERIFICATION

The undersigned, being duly sworn, hereby deposes and says, that I am a Plaintiff in the instant action, I have read the responses to these Interrogatories, and that I know the contents thereof upon information and belief; and that the same are true to the best of my knowledge.

Dated: 11/10/2025

COREY JOHNSON