# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

IVAN ANTONYUK, COREY JOHNSON, ALFRED TERRILLE,

                    Plaintiffs,

v.

STEVEN G. JAMES, in his official capacity as Superintendent of the New York State Police, WILLIAM FITZPATRICK, in his official capacity as Onondaga County District Attorney, TOBIAS J. SHELLEY, in his official capacity as Sheriff of Onondaga County, MARK RUSIN, in his official capacity as Chief of Police of Syracuse, and LEE C. KINDLON, in his official capacity as District Attorney of Albany County,

                    Defendants.

Civil Action No.: 1:22-cv-986 (GTS/PJE)

**MARK RUSIN**, pursuant to Section 1746 of Title 28 of the United States Code, under the penalty of perjury, to the best of my knowledge, declares:

1. I am the Chief of Police of the City of Syracuse Police Department, a position I was sworn into on January 14, 2026, by City of Syracuse Mayor Sharon F. Owens.

2. As the Chief of Police, I succeed Joseph Cecile, who was previously a party to this action in his official capacity as the Chief of Police of the Syracuse Police Department ("*SPD*") prior to his retirement.

3. As a Defendant in my official capacity as the Chief of Police for the City of Syracuse in the above-captioned federal civil action ("*Action*"), I am sufficiently familiar with the facts and circumstances of this Action to make this Declaration to the best of my knowledge and upon information and belief.

4. I have been a sworn police officer with SPD for approximately 20 years, or since

2006.

5.      Prior to my appointment as the Chief of Police, in August of 2022 I was appointed as the Deputy Chief of Police of SPD overseeing the Uniform Bureau, which is responsible for providing direct police services to the public, including street patrol, traffic control and enforcement, responding to calls for service, emergencies, and community-oriented policing operations.

6.      From April of 2018 to August of 2022, I was a Detective Sergeant in the Office of the Chief of Police, Office of Legal Affairs, where among my many duties I acted as a Police Practices Investigator responsible for advising and assisting the Chief of Police and his command in developing and reviewing new and existing policies, practices, and training. I also acted as a liaison to various local, state and federal boards, offices, and agencies, regarding departmental matters.  In that position I also provided consultation to SPD and provided literature review reports, policy review, and training on a variety of issues.

7.      From February of 2009 through April of 2018, I was assigned to SPD's Criminal Investigations Division.   There, I was assigned as primary detective to investigate felonies, conducted interviews with witnesses, victims, and suspects, and participated in multi-jurisdictional investigations at state and federal level.

8.      Prior to becoming a detective, I served as a Patrol Officer in the Uniform Bureau from 2007 to 2009.

9.      In addition to my duties throughout my career at Syracuse Police Department, I have also been a Police Academy and In-service Instructor since 2011.

10.      As to my educational background, I have a Bachelor of Arts degree from the State University of New York at Geneseo and a Master of Science in Criminology Law and Society from

the University of California at Irvine.

11.    I am, therefore, abundantly familiar with the Syracuse Police Department's policies, procedures and practices during all relevant times of this Action, specifically as they relate to its role related to firearm licensure and extra-jurisdictional police investigations.

12.    Plaintiffs generally allege in their Complaint that all defendants in this Action violate Plaintiffs' respective First and Fifth Amendment Rights to the U.S Constitution in the application process for a New York State Concealed Carry License.

13.    However, the Syracuse Police Department does not accept, review or decide applications for a New York State Concealed Carry License. The Syracuse Police Department also plays no role in processing a New York State Concealed Carry License application, or any other New York State firearm license or applications, including any interviews that may be conducted as part of any New York State Concealed Carry License application, or any other New York State firearm license application.

14.    Plaintiff Johnson further alleges that he does, and intends to, visit various locations and establishments with his licensed concealed firearm that are demonstrably outside of the geographical boundaries of the City of Syracuse.

15.    However, SPD does not independently involve itself in investigations of any crimes—such as a violation of the Concealed Carry Improvement Act—that occur outside of the City of Syracuse's geographical boundaries.

Pursuant to Section 1746 of Title 28 of the United States Code, I declare under penalty of perjury that the foregoing is true and correct.

**[SIGNATURE PAGE TO FOLLOW]**

3

Dated: July 30, 2026
Syracuse, New York

_____

Mark Rusin
Chief of Police, Syracuse Police Department