# OKLAHOMA STATUTES
# 1931

Compiled and Annotated by
FRANK O. EAGIN AND C. W. VAN EATON
of the Oklahoma State Bar

Approved by
OKLAHOMA CODE COMMISSION
WILLIAM H. MURRAY, Governor, Chairman

| | |
|---|---|
| W. G. STIGLER | DON W. WALKER |
| CHARLES A. MOON | EDGAR A. DE MEULES |
| CARLTON WEAVER | ALGER MELTON |

# VOLUME I

# CODES AND GOVERNMENT

HARLOW PUBLISHING COMPANY
Oklahoma City
1932

Copyright 1931 by
Harlow Publishing Co.

Second Printing

# STATE OF OKLAHOMA
## DEPARTMENT OF STATE
### R. A. SNEED, Secretary of State

**TO ALL TO WHOM THESE PRESENTS SHALL COME, GREETING:**

I, R. A. Sneed, Secretary of State, of the State of Oklahoma, do hereby certify that the following and hereto attached is a true copy of minutes of the meeting of the Oklahoma Code Commission authorized by Senate Joint Resolution No. 27, of the 13th Legislature, published as Chapter 23, of the Session Laws of 1931, meeting being called by Governor Wm. H. Murray.

Filed September 22nd, 1931, the original of which is now on file and a matter of record in this office.

IN TESTIMONY WHEREOF, I hereto set my hand and cause to be affixed the Great Seal of the State.

Done at the City of Oklahoma City, this twenty-sixth day of September A. D. 1931.

(Seal)

R. A. SNEED,
Secretary of State.

UNA LEE ROBERTS,
Asst. Secretary of State.

### EXHIBIT "A"

We, the Code Commission authorized and established by Section 2 of Senate Joint Resolution No. 27 of the Thirteenth Legislature, published as Chapter 23 of the Session Laws of 1931, hereby certify that the manuscript of the Oklahoma Statutes, 1931, as submitted by the Harlow Publishing Company, the publisher authorized by the aforesaid act, has been examined by us and that we find said compilation to be complete, correctly organized as provided in the proposal of the Harlow Publishing Company to the Thirteenth Legislature which constitutes the preamble to said Joint Resolution.

IN WITNESS WHEREOF, we hereby approve said compilation and authorize the Chairman of this Commission to certify said approval to the publisher as provided for in said act.

Done at Oklahoma City this 19th of September, 1931.

THE OKLAHOMA CODE COMMISSION,

WM. H. MURRAY,
Governor of Oklahoma, Chairman,

W. G. STIGLER,
President Pro Tempore of the Senate.
Vice Chairman.

DON W. WALKER,
Chairman of The Committee on Code Revision of the House of Representatives.

CARLTON WEAVER, Sec.
Speaker of the House of Representatives.

EDGAR A. de MEULES,

ALGER MELTON,

CHARLES A. MOON,
Chairman of The Committee on Code Revision of the Senate.

[Chap. 15, Art. 90.]   VAGRANCY—WEAPONS   2582-2583

Third: Any person who strolls about to tell fortunes or to exhibit tricks not licensed by law.

Fourth: Any common prostitute, any manager or controller of a house of prostitution or ill-fame or any one employed therein as barkeeper, caller of figures for dances, or habitual frequenter thereof.

Fifth: Any professional gambler or gambler commonly known as a tin-horn gambler, card player or card sharp.

Sixth: Any person who goes about to beg alms, who is not afflicted or disabled by a physical malady or misfortune.

Seventh: Any habitual drunkard.

Eighth: Any person who abandons or neglects or refuses to support his family.

History. C. O. S. 1921, Sec. 1956; S. L. 1919, Ch. 61, Sec. 1. Approved March 29, 1919. Amends R. L. 1910, Sec. 2515; S. L. 1903. Ch. 12, Art. 4, Sec. 1.

Under secs. 2883-4-8, information for vagrancy setting out several paragraphs consecutively numbered describing different classes of vagrants, without using word "and" or word "or" to connect several descriptive paragraphs, was defective. Webb v. State, 241 P. 830; Campbell v. State, 237 P. 133.

Court will affirm conviction where no fundamental error appears on face of record where accused fails to file brief. Hantman v. State, 236 P. 443.

Information hereunder held insufficient. Armstead v. State, 11 Okla. Cr. 649.

Evidence held insufficient to sustain conviction under subd. 1. Lucas v. State, 238 P. 502.

When defendant has lived in community for 20 years, proof should be that he comes squarely within terms of statute defining a vagrant. Jenkins v. State, 18 Okla. Cr. 464, 196 P. 553.

Evidence admitted to prove only those charges specifically set out in information. Boggess v. State, 15 Okla. Cr. 223, 175 P. 946.

## 2582. Punishment of Vagrants.

Any person arrested and convicted of vagrancy within the meaning of this article, shall be punished by a fine of not less than ten dollars, nor more than one hundred dollars, or by imprisonment in the county jail for a period of not exceeding thirty days, or by both such fine and imprisonment.

History. C. O. S. 1921, Sec. 1957; R. L. 1910, Sec. 2516 (See Revisers' Note); S. L. 1903. Ch. 12, Art. 4. Sec. 2. Effective February 28, 1903.

## ARTICLE 90.

## WEAPONS—SELLING, WEARING, MANUFACTURING AND DISCHARGING.

Sec.
2583. Carrying Concealed Weapons.
2584. Carrying Weapons.
2585. Selling Weapons to Minors.
2586. Public Officials—When Privileged.
2587. Arms—When Lawful to Carry.
2588. Degree of Punishment.
2589. Public Buildings and Gatherings.

Sec.
2590. Intent of Persons Carrying Weapons.
2591. Pointing Weapons at Another.
2592. Punishment.
2593. Manufacturing Slung-Shot.
2594. Carrying or Using Slung-Shot.
2595. Discharging Firearms in Public Place.

## 2583. Carrying Concealed Weapons.

It shall be unlawful for any person in the State of Oklahoma to carry concealed on or about his person, saddle or saddle bags, any pistol, revolver, bowie-knife, dirk, dagger, slung-shot, sword-cane, spear, metal knuckles or any other kind of knife or instrument manufactured or sold for the purpose of defense except as in this article provided.

History. C. O. S. 1921, Sec. 1991; R. L. 1910, Sec. 2545; S. 1903, Sec. 2502; S. 1893, Sec. 2404; S. 1890, Sec. 2432.

This section held not contrary to Art. 2, Sec. 26. Const. Mathews v. State, 244 P. 56.

Constitutional. Beard v. State, 7 Okla. 154, 122 P. 941.

Not repugnant to Sec. 2584. Nor in violation of Art. 2, Sec. 26, of Okla. Bill of Rights. Ex parte Thomas, 1 Okla. Cr. 210, 97 P. 260.

### 2584. Carrying Weapons.

It shall be unlawful for any person in the State of Oklahoma, to carry upon or about his person any pistol, revolver, bowie-knife, dirk-knife, loaded cane, billy, metal knuckles, or any other offensive or defensive weapon, except as in this article provided.

History. C. O. S. 1921, Sec. 1992; R. L. 1910, Sec. 2546; S. 1903, Sec. 2503; S. 1893, Sec. 2405; S. 1890, Sec. 2433.

Conviction for carrying revolver within curtilage of defendant's own premises sustained. Pierce v. State, 275 P. 393.

In prosecution for carrying weapon, it is no defense that revolver was carried as protection from attack and robbery. Pierce v. State, 275 P. 393.

Defense that revolver which defendant was carrying on his person was carried to protect himself from attack and robbery was no defense. Pierce v. State, 275 P. 393.

Defendant may be convicted of carrying on or about his person a revolver, and the fact that same is carried upon his person within the curtilage of his own premises is immaterial. Pierce v. State, 275 P. 393.

Constitutional. Beard v. State, 7 Okla. Cr. 154, 122 P. 941.

Not repugnant to Sec. 2583. Nor in violation of Art. 2, Sec. 26, of Okla. Bill of Rights. Ex parte Thomas, 1 Okla. Cr. 210, 97 P. 260.

### 2585. Selling Weapons to Minors.

It shall be unlawful for any person within this State, to sell or give to any minor any of the arms or weapons designated in the two preceding sections.

History. C. O. S. 1921, Sec. 1993; R. L. 1910, Sec. 2547; S. 1903, Sec. 2504; S. 1893, Sec. 2406; S. 1890, Sec. 2434.

### 2586. Public Officials—When Privileged.

Public officers while in the discharge of their duties or while going from their homes to their place of duty, or returning therefrom, shall be permitted to carry arms, but at no other time and under no other circumstances: Provided, however, that if any public officer be found carrying such arms while under the influence of intoxicating drinks, he shall be deemed guilty of a violation of this article as though he were a private person.

History. C. O. S. 1921, Sec. 1994; R. L. 1910, Sec. 2548; S. 1903, Sec. 2505; S. 1893, Sec. 2407; S. 1890, Sec. 2435.

Evidence of occurrence prior to shooting held admissible to show defendant carrying pistol while under influence of intoxicating liquor. Wilmoth v. State, 203 P. 1055.

### 2587. Arms, When Lawful to Carry.

Persons shall be permitted to carry shot-guns or rifles for the purpose of hunting, having them repaired, or for killing animals, or for the purpose of using the same in public muster or military drills, or while traveling or removing from one place to another, and not otherwise.

History. C. O. S. 1921, Sec. 1995; R. L. 1910, Sec. 2549; S. 1903, Sec. 2506; S. 1893, Sec. 2408; S. 1890, Sec. 2436.

### 2588. Degree of Punishment.

Any person violating the provisions of any one of the foregoing sections, [sic] on the first conviction be adjudged guilty of a misdemeanor and be punished by a fine of not less than twenty-five dollars nor more than fifty dollars, or by imprisonment in the county jail not to exceed thirty days or both at the discretion of the court. On the second and every subsequent conviction, the party offending shall on conviction be fined not less than fifty dollars nor more than two hundred and fifty dollars or be imprisoned in the county jail not less than thirty days nor more than three months or both, at the discretion of the court.

History. C. O. S. 1921, Sec. 1996; R. L. 1910, Sec. 2550; S. 1903, Sec. 2507; S. 1893, Sec. 2409; S. 1890, Sec. 2437.

### 2589. Public Buildings and Gatherings.

It shall be unlawful for any person, except a peace officer, to carry into any church or religious assembly, any school room or other place where persons are assembled for public worship, for amusement, or for educational or scientific purposes, or into any circus, show or public exhibition of any kind,

or into any ball room, or to any social party or social gathering, or to any election, or to any political convention, or to any other public assembly, any of the weapons designated in the first and second sections of this article.

History. C. O. S. 1921, Sec. 1997; R. L. 1910, Sec. 2551 (See Revisers' Note); S. 1903, Sec. 2508; S. 1893, Sec. 2410; S. 1890, Sec. 2438.

Evidence held sufficient to sustain conviction for carrying pistol into a public gathering. Spears v. State, 281 P. 167.

### 2590. Intent of Persons Carrying Weapons.

It shall be unlawful for any person in this State to carry or wear any deadly weapons or dangerous instrument whatsoever, openly or secretly, with the intent or for the avowed purpose of injuring his fellow man.

History. C. O. S. 1921, Sec. 1998; R. L. 1910, Sec. 2552; S. 1903, Sec. 2509; S. 1893, Sec. 2411; S. 1890, Sec. 2439.

### 2591. Pointing Weapons at Another.

It shall be unlawful for any person to point any pistol or any other deadly weapon whether loaded or not, at any other person or persons either in anger or otherwise.

History. C. O. S. 1921, Sec. 1999; R. L. 1910, Sec. 2553; S. 1903, Sec. 2510; S. 1893, Sec. 2412; S. 1890, Sec. 2440.

Proof must show intentional pointing. Buchanan v. State, 219 P. 420.

Cited. Mann v. State, 217 P. 231.

Cited. Howell v. State, 249 P. 1112.

See Sec. 2886, note. Lawrence v. State.

Cited. in trespass case. Dickinson v. State.

3 Okla. Cr. 151, 104 P. 923.

Applied. Saxon v. State, 19 Okla. Cr. 58, 198 P. 107.

Winchester rifle will be construed to mean deadly weapon without specific words. Billings v. State, 14 Okla. Cr. 12, 166 P. 904.

### 2592. Punishment.

Any person violating the provisions of the three preceding sections shall, on conviction, be punished by a fine of not less than fifty dollars, nor more than five hundred and shall be imprisoned in the county jail for not less than three nor more than twelve months.

History. C. O. S. 1921, Sec. 2000; R. L. 1910, Sec. 2554; S. 1903, Sec. 2511; S. 1893, Sec. 2413; S. 1890, Sec. 2441.

Applied. Billings v. State, 14 Okla. Cr. 12, 166 P. 904.

### 2593. Manufacturing Slung-Shot.

Any person who manufactures or causes to be manufactured, or sells or offers or keeps for sale or disposes of any instrument or weapon of the kind usually known as slung-shot, or of any similar kind, is guilty of a misdemeanor.

History. C. O. S. 1921, Sec. 2001; R. L. 1910, Sec. 2555; S. 1903, Sec. 2357; S. 1893, Sec. 2266; S. 1890, Sec. 2293; Dak. 6656.

### 2594. Carrying or Using Slung-Shot.

Every person who carries upon his person, whether concealed or not, or uses or attempts to use against another, any instrument or weapon of the kind usually known as slung-shot, or of any similar kind, is guilty of a felony.

History. C. O. S. 1921, Sec. 2002; R. L. 1910, Sec. 2556; S. 1903, Sec. 2358; S. 1893, Sec. 2267; S. 1890, Sec. 2294; Dak. 6657.

### 2595. Discharging Firearms in Public Place.

Every person who wilfully discharges any species of firearm, airgun or other weapon, or throws any other missile in any public place, or in any place where there is any person to be endangered thereby, although no injury to any person shall ensue, is guilty of a misdemeanor.

History. C. O. S. 1921, Sec. 2025; R. L. 1910, Sec. 2577; S. 1903, Sec. 2393; S. 1893, Sec. 2302; S. 1890, Sec. 2329; Dak. 6696.

[Note—Originally part of Art. 45, Ch. 23, R. L. 1910, and Sec. 2421, herein, applicable.]

Applied. Lady v. State, 18 Okla. Cr. 59, 192 P. 699.