**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

IVAN ANTONYUK, COREY JOHNSON, ALFRED TERRILLE,

Plaintiffs,

v.

STEVEN G. JAMES, in his official capacity as Superintendent of the New York State Police, WILLIAM FITZPATRICK, in his official capacity as Onondaga County District Attorney, TOBIAS J. SHELLEY, in his official capacity as Sheriff of Onondaga County, MARK RUSIN, in his official capacity as Chief of Police of Syracuse, and LEE C. KINDLON, in his official capacity as District Attorney of Albany County,

Defendants.

Civil Action No.: 1:22-cv-986 (GTS/PJE)

**DEFENDANT CHIEF RUSIN'S STATEMENT OF MATERIAL FACTS IN REPLY**

Defendant City of Syracuse Police Department Chief of Police Mark Rusin ("***Chief Rusin***"), pursuant to Local Rule 56.1(c), hereby provides the following in Reply to Plaintiffs' Response to Defendant Chief Rusin's Statement of Material Facts ("***Plaintiffs' Response***"). Dkt. No. 195-1.

The Local Rules require that Plaintiffs respond to Chief Rusin's Statement of Material Facts ("***SOF***") "by admitting and/or denying each of the movant's assertions in a short and concise statement, in matching numbered paragraphs." L.R. 56.1(b). The Local Rules do not provide for any other response. Meaning, Plaintiffs can "admit" the paragraph, "deny" the paragraph, or partially "admit and deny" the paragraph. "Each denial shall set forth a specific citation to the record where the factual issue arises." *Id.*

Many of Plaintiffs' responsive paragraphs purport to "admit" the fact but introduce additional commentary.[1] The proper procedure to introduce additional facts is through "a short and concise Statement of Additional Material Facts in Dispute." L.R. 56.1(b). Defendants therefore respectfully submit that this Court should not consider Plaintiff's additional commentary. *See Crawley v. City of Syracuse*, 496 F. Supp. 3d 718, 725 (N.D.N.Y. 2020) ("If the material fact proffered by the movant is (1) accurate and (2) supported by the citation on which it is based, the non-movant should just admit the statement and move on.").

Furthermore, as stated above, Plaintiffs' only options are to "admit" the fact, "deny" the fact or "admit and deny" *portions* of the proffered fact. Yet it is clear from Plaintiff's Response that they are improperly attempting to create a fourth option. Specifically, Plaintiffs admit only portions of many of Chief Rusin's paragraphs yet fail to "deny" any aspect of those paragraphs or cite to contradictory record evidence.[2] However, this Court "may deem admitted any properly supported facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert." L.R. 56.1(b). Accordingly, this Court should find the entirety of Chief Rusin's paragraph admitted unless Plaintiffs have specifically "denied" some aspect of the paragraph *and* properly supported that denial with "a specific citation to the record where the factual issue arises." *Id.* For this reason, only Plaintiffs' stated "denials" will be addressed.

**SOF ¶3**

The Syracuse Police Department ("***SPD***"), of which Chief Rusin is the Chief of Police, does not independently involve itself in investigations of any crimes that occur outside of the City's geographical boundaries. Declaration of Chief Rusin, dated July 30, 2026 ("***Rusin Decl.***"), ¶15.

---

[1] Chief Rusin refers this Court to Plaintiff's responses to Paragraphs 1, 2, 6, 13 and 14.
[2] Chief Rusin refers this Court to Plaintiff's responses to Paragraphs 1, 2, 6, and 10.



#74913v2

***Plaintiffs' Response***

Denied. *See* https://www.syr.gov/files/sharedassets/public/v/2/departments/police/documents/policies/2021/2021-q1/2021-outside-agency-assistanceprocedure.pdf ("The Department will provide mutual aid assistance and support when requested by agencies having concurrent jurisdiction or to other criminal justice agencies requiring the services of the Department.").

***Defendants' Reply***

The Local Rules require that "[e]ach denial shall set forth a specific citation to the record where the factual issue arises." L.R. 56.1(b). Plaintiffs' cited website, which is not part of the record, fails to satisfy this requirement. Accordingly, SOF ¶3 should be admitted in its entirety.

Furthermore, Chief Rusin did not claim that SPD *never* assists police agencies outside the City. Instead, Chief Rusin asserted that SPD "does not *independently* involve itself in investigations that occur outside of the City's geographical boundaries." SOF ¶3 (emphasis supplied). Plaintiffs' denial does not contradict this fact. Indeed, Plaintiffs' denial *reinforces* this fact. The opening sentence of the paragraph to which Plaintiffs refer again reinforces this fact. *See* Exh. 1, p. 4 ("The Syracuse Police Department has the primary responsibility to provide police services in the City of Syracuse."). Accordingly, SOF ¶3 should be deemed admitted in its entirety.

Moreover, Plaintiffs seek to create an issue of fact as to Chief Rusin's demonstrably true sworn statement by citing the "Outside Agency Assistance" Procedure, including a statement from that *dated* procedure that was both never disclosed in this action, nor properly introduced as evidence in an admissible form (existing outside of this record as a website URL). Despite this, counsel for Chief Rusin has introduced into the record this procedural document obtained from SPD's website. *See* Exh. 1. However, the Outside Agency Assistance *procedural* section that

Plaintiff cites is from March 29, 2022. *See, generally, id*. Counsel for Chief Rusin, however, did disclose in the course of paper discovery in this action *both* the relevant SPD procedure section from the *supplemental* manual (*see* Exh. 2) and, more importantly, the *policy* section regarding Outside Agency Assistance (*see* Exh. 3), which are more recent (September 26, 2025, and November 19, 2025, respectively). This raises two issues assuming, *arguendo*, that Plaintiffs' citation belies Chief Rusin's position (which it decidedly does not).

First, Plaintiffs try to create an issue of fact with a partial—indeed supplemental—issue in SPD's manual, relying only on the *procedural* aspects of Outside Agency Assistance. Second, when the Policy section regarding Outside Agency Assistance is read with the supplemental section governing *procedure*, actions taken by SPD to assist outside agencies is less mandatory and merely permissive. Indeed, the policy regarding Outside Agency Assistance reads, in part, that an on-duty officer may not initiate assistance without their (1) first being a mutual aid request from outside of the jurisdiction, and then (2) must notify both their Watch Commander *and* Onondaga County 911 Center "as soon as practicable." Exh. 3, Sec. 323.4.1 INITIATED ACTIVITY.[3] In sum, the relevant Policy reinforces that the only practicable way activity is initiated for an on-duty officer to act outside of SPD's jurisdiction is through a mutual aid request from outside of the jurisdiction.

Accordingly, there is no question as to the veracity and indisputability of Chief Rusin's statement that SPD "does not independently involve itself in investigations of any crimes that

---

[3] The limited exception to this rule is under pre-arranged situations where there are "special enforcement details or multi-agency units that regularly work in multiple jurisdictions," which has not been alleged to have happened or to happen here as to the underlying action and the CCIA, or in Retired Chief Cecile's previous statements that were of issue in this action.

occur outside of the City's geographical boundaries." As such, SOF ¶3 should be admitted in its entirety.

**SOF ¶7**

The Zoo contains County governmental buildings and offices of County government personnel. Exh. 19, SYR000001; *id*. at SYR000009; *id*. at SYR000013.

***Plaintiffs' Response***

Plaintiffs cannot admit or deny this Statement with the information provided by Defendant Rusin. For example, SYR0000013 lists a "Gift Shop Office" and a "Membership Office" and lists them as "Friends of the Zoo Staff," but does not explain what "Friends of the Zoo Staff" is. If those are "County governmental buildings and offices of County government personnel," Plaintiffs do not have enough information to admit that. There is also a listing for "Administrative Offices," but it does not list these as "County governmental buildings," but rather lists the "Zoo Director," "Park Superintendent(s)," and other like descriptors.

***Defendants' Reply***

Plaintiffs admit that the Zoo is owned and operated by the County. *See* Plaintiff's Response to SOF ¶5. Plaintiff also does not contest that the "Administrative Offices" include the Zoo Director, Park Superintendent(s), Recreation Supervisor and Park Maintenance Crew Leader. *See* Plaintiff's Response to SOF ¶7; *see also* Dkt. No. 186-20, SYR000013. Yet Plaintiff argues that the Zoo's "Administrative Offices" could consist of something other than "County governmental buildings." Plaintiff has not cited any record evidence that the Zoo's "Administrative Offices" are something other than "County governmental buildings." Nor could Plaintiff, as job descriptions for many of those positions were included with Exhibit 19 to the Declaration of Todd M. Long. Dkt. No. 186-20. It is not in dispute that the County owns the Zoo (*see* Dkt. No. 186-18,

SYR000053, *see also* Dkt. No. 186-19, SYR000489), the real property where it resides (*see, generally* Dkt. Nos 186-18 and 47-1), and the main building thereon which houses administrative offices of established County employees (*see* Dkt. No. 47-1, pp. 2-3; *see also* Dkt. No. 186-19, SYR00048-490; Dkt. No. 186-20, SYR000013).

For example, the Park Superintendent I is "responsibl[e] for overseeing the daily operation, maintenance, and long range development of a county park or municipal park system. Under the general supervision of the administrative staff of the Onondaga County Department of Parks and Recreation, [the Park Superintendent I] oversees and directs all public programming and maintenance at an assigned park." Dkt. No. 186-20, SYR000016. The Park Maintenance Crew Leader is "responsibil[e] for supervising the maintenance and repair of park buildings, grounds and facilities in a Parks and Recreation Department. Under the general supervision of an administrative superior, [the Park Maintenance Crew Leader] is responsible for the overall supervision of the maintenance, repair and renovation of parklands, sport and recreation facilities, equipment and buildings." *Id.* at SYR000014.

Moreover, the "Zoo Director," who has his administrative office at the Zoo, is technically titled the "Director of Natural Resources Facilities and Services," who is located in the "Main Building" at the Zoo. *Id*. at SYR000025. The Director of Natural Resources Facilities and Services, as established by those same documents is an Onondaga County governmental position, *see id*. at SYR000032-35, and undeniably has their office at the Zoo, which, again, is owned by the County.

Accordingly, there is no question that the Zoo's "Administrative Offices" are intended for employees of Onondaga County and are therefore "County governmental buildings." As such, SOF ¶7 should be admitted in its entirety.

Dated: September 3, 2026

Susan R. Katzoff, Esq.
Corporation Counsel, City of Syracuse

*/s/ Todd M. Long*
Todd M. Long, Esq.
Danielle R. Smith, Esq.

*Counsel for the Chief Rusin*